**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(213) 443-3285**

WRITER'S EMAIL ADDRESS
**stephenbroome@quinnemanuel.com**

April 9, 2019

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:  Request for Status Conference:  Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. et al., No. 1:19-cv-02519 (related to No. 1:19-cv-02523)

Dear Judge Nathan:

We write on behalf of Red Tree Investments, LLC ("Red Tree"), the plaintiff in the above-captioned action.  By this letter, Red Tree respectfully requests that the Court schedule a status conference as soon as practicable to discuss the posture of this case.

Red Tree initiated the action in New York State Court on February 15, 2019, by filing a Motion for Summary Judgment in Lieu of Complaint pursuant to CPLR 3213 (the "Motion").[1]  Defendants did not oppose the Motion within the deadline for doing so.  Instead, on March 21, 2019, 10 days after their deadline for opposing the Motion had passed and on the return date, Defendants removed the case to this Court. (Dkt. No. 1 and 3).

The law is clear that "[u]pon removal to federal court, a New York C.P.L.R. section 3213 motion for summary judgment in lieu of complaint is converted to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure."[2]  As explained in greater detail below, Defendants' response to the Motion was due either on March 28, 2019[3] or on April 4, 2019.[4]  On March 27, 2019, however, Defendants filed a motion seeking a stay of all proceedings (the "Stay

---

[1]  Personal service was completed on February 19, 2019.
[2]  *Beaufort Capital Partners LLC v. Oxysure Sys., Inc.*, 2017 WL 913791, at *2 (S.D.N.Y. Mar. 7, 2017).
[3]  *See* Fed. R. Civ. P. 81 (requiring defendant who did not answer before removal to "answer or present other defenses or objections… within … 7 days after the notice of removal is filed").
[4]  *See* Rule 6.1(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules") (requiring a response "within fourteen days after service of the moving papers").

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

Motion") (Dkt. No. 9), which Red Tree opposed on March 29, 2019 (the "Opposition") (Dkt. No. 13). On April 5, 2019, Defendants filed a reply (the "Reply") to the Opposition. (Dkt. No. 19).

Although the Court has not granted the Stay Motion, Defendants appear to be acting on the assumption that either (a) a stay is in place simply because they requested it, as they did not respond to the Motion on the March 28, 2019 response date or at any point thereafter, or (b) Defendants simply do not have an obligation to respond to the Motion because neither the 7-day deadline imposed by Rule 81 of the Federal Rules of Civil Procedure, nor any other deadline for that matter, applies to this removed action.

Specifically, in their Reply, Defendants argue that they have not missed their deadline to respond to the Motion because Rule 81 of the Federal Rules of Civil Procedure purportedly does not apply to actions under CPLR 3213 removed to federal court. Indeed, Defendants' argument is that—after missing their deadline to respond in state court and removing the case 30 days after they were originally served—*they currently do not have an obligation to respond to the Motion at all*.

In support of this position, Defendants rely on a single case, *Kansallis-Osake-Pankki v. Kouri*, 150 F.R.D. 69 (S.D.N.Y. 1993), in which the court appears to suggest that for the plaintiff's CPLR 3213 motion to be "returnable," plaintiff had to serve a "notice of motion" in federal court.[5] But Red Tree has not found any other case following *Kansallis*, and the court's conclusion is not grounded in any binding precedent. Indeed, the *Kansallis* court's interpretation appears to be in direct conflict with the plain language of Rule 81, which states that "[t]hese rules apply to a civil action after it is removed from a state court, [and that] [a]fter removal, *repleading is unnecessary, unless the court orders it.*"[6] Defendants do not point to any procedural rule that supersedes Rule 81 or requires noticing or re-filing the Motion once the action is removed, nor have they moved for this Court to order Red Tree to refile its Motion.

Moreover, even if this Court does not apply the 7-day deadline proscribed by the plain language of Rule 81, the Second Circuit, as well as courts in this district, have held that "the district court takes the removed action in the posture in which it existed when it is removed from a state's court jurisdiction and must give effect to all actions and procedures accomplished in a state court prior to removal." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 108 (2d Cir. 2006) ("*Gottdiener*").[7] And, as even the *Kansallis* court itself points out, "time periods for responses to summary judgment motions, whether removed or not… *appear in Rule 56, Fed.R.Civ.P., as well as in Local rules of this district and the rules of the particular judges*."[8] Here, even if Rule 81 is inapplicable, Defendants were obligated to respond to the Motion under Rule 6.1(b) of the Local Rules "within fourteen days after service of the moving papers." *See* Local Rule 6.1(b). That deadline—April 4, 2019—also has passed.

---

[5] Reply, at note 2.

[6] *See* Fed. R. Civ. P. 81 (requiring defendant who did not answer before removal to "answer or present other defenses or objections… within … 7 days after the notice of removal is filed") (emphasis added).

[7] *See also Sun Forest Corp. v. Shvili*, 152 F. Supp. 2d 367, 387 (S.D.N.Y. 2001) (same); *Valley Nat. Bank v. Oxygen Unlimited, LLC*, 2010 WL 5422508, at *2 (S.D.N.Y. Dec. 23, 2010) (same).

[8] *Kansallis*, 150 F.R.D. at 72 (emphasis added).

Finally, Defendants' assertion that they do not have to respond to the Motion unless it is noticed and re-filed is plainly contrary to the guidance provided by the Court of Appeals for the Second Circuit, under analogous circumstances, in *Gottdiener*. Faced with a removed petition for recognition and enforcement of an arbitral award filed in New York state court, the Second Circuit in *Gottdiener* rejected the removing defendants' argument that they had no obligation to respond to the removed New York petition because it was a motion, rather than a complaint. The Second Circuit noted that "when the New York Petition arrived in federal court, its posture was unchanged: a motion with a return date,"[9] but held that ***treating the Petition as a motion does not lead to the conclusion that the [defendants] could simply await some initiative by the [plaintiff] or the court***."[10] The Second Circuit further held that the defendants "should have responded in some fashion, *e.g.*, by seeking an extension, arguing on the merits, raising jurisdictional or venue objections, etc." and ***specifically cautioned "parties faced with this or similar situations in the future [to] take counsel from [the court's] remarks.***"[11]

Defendants' insistence that they have no obligation to respond to the Motion simply ignores the Second Circuit's counsel. And here, the facts suggest even more forcefully that Defendants have failed to respond to the Motion in the time allotted by the applicable rules. While the motion at issue in *Gottdiener* arrived in federal court as a "motion with a return date," Red Tree's Motion arrived in federal court ***on*** the return date, 10 days ***after*** Defendants' time to respond in state court had elapsed. The court should not allow Defendants to use removal as a means to delay and indefinitely extend deadlines in complete disregard of the Second Circuit's caution in *Gottdiener*.[12]

As Red Tree indicated in its Opposition, while it has not yet moved for entry of default, Red Tree submits that Defendants' position that they simply do not have to respond to the Motion—which was first served on Defendants 48 days ago—is untenable. Red Tree respectfully requests a conference with the Court as soon as practicable to get the Court's view on, among other issues, the effect of Defendants' failure to respond to the Motion, the Stay Motion, and the appropriate next steps in this case.

Respectfully submitted,

/s/ Stephen A. Broome
Stephen A. Broome

/s/ Daniel Salinas-Serrano
Daniel Salinas-Serrano (*pro hac vice*)

---

[9] *Gottdiener*, 462 F.3d at 108 (citation omitted).
[10] *Id.*, at 108 (emphasis added).
[11] *Id.*, at 108-09 (emphasis added).
[12] Insofar as the Defendants intend to continue to delay this case by relying on the fact that the Motion for Summary Judgment was not separately noticed after removal, Red Tree, out of an abundance of caution, will file a Notice of Motion. As mentioned above, however, Red Tree served Defendants with the Motion 48 days ago. Defendants have not argued (and indeed cannot argue) that noticing or re-filing the Motion on this docket somehow protects their due process rights or serves any other substantive purpose. Thus, Red Tree respectfully submits that Defendants should be required to respond to the Motion forthwith and that the filing of the Notice of Motion should not alter the deadlines already applicable to the Motion. Red Tree reserves its right to seek entry of default and default judgment.