# EXHIBIT 10

# EXHIBIT G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

RED TREE INVESTMENTS, LLC,

              Plaintiff,

        -against-

                        Index No. _____

PETROLEOS DE VENEZUELA S.A. and PDVSA
PETROLEO S.A.,

              Defendants.

## AFFIDAVIT OF DANIEL WALLITT

I, Daniel Wallitt, being duly sworn, hereby depose and say:

1.     I currently serve as a Managing Director for GE Capital EFS Financing Inc. ("GE Capital EFS"), and have held this position since 2015. In this capacity, I am personally familiar with the facts set forth in this Affidavit and know them to be true, except where I indicate otherwise.

2.     GE Capital EFS is a Delaware corporation, a financial services subsidiary of General Electric Corporation.

## THE 2016 NOTE

3.     GE Capital EFS is the original holder of a note dated as of May 13, 2016 (the "2016 Note") issued by PDVSA pursuant to a note agreement also dated as of May 13, 2016 (the "2016 Note Agreement"), between and among GE Capital EFS, PDVSA, and Petróleo. A copy of the 2016 Note Agreement is attached to the Quinn Emanuel attorney affidavit (the "QE Affidavit"), as Exhibit D. A copy of the 2016 Note is attached to the QE Affidavit as Exhibit E.

1

4.    Under the 2016 Note, PDVSA agreed to pay GE Capital EFS or its assigns a principal amount of $193,959,763.03 plus interest on the outstanding balance at a rate of 6.5% per annum and the default rate to be paid at a rate of 8.5% per annum.

5.    Under Article VI of the 2016 Note Agreement, Petróleo guaranteed PDVSA's prompt payment when due, including defined costs and fees (the "May 2016 Guarantee").

### DEFAULT ON THE 2016 NOTE

6.    Under the 2016 Note, PDVSA was obligated to make quarterly principal payments to GE Capital EFS in accordance with the schedule included in Exhibit A to such 2016 Note, of $16,163,313.59, with interest payments, starting on June 27, 2016. PDVSA first failed to make a quarterly payment of $16,163,313.59 in principal and $1,571,605.48 in interest on December 27, 2017. *See* QE Affidavit Exhibit E at 3. PDVSA has not made a payment since.

7.    Under the terms of the May 2016 Guarantee, upon the 2016 Note becoming due and payable pursuant to Article VII of the 2016 Note Agreement, Petróleo was obligated to promptly pay all outstanding amounts due on the 2016 Note. *See* QE Affidavit Exhibit D, § 6.01. Petróleo has not made a single payment under the 2016 Note to GE Capital EFS.

8.    Accordingly, on January 5, 2018, GE Capital EFS sent notice of missed payment to PDVSA and Petróleo. A copy of that notice is enclosed herein as Exhibit A. On March 19, 2018, GE Capital EFS sent a notice of acceleration to PDVSA and Petróleo. A copy of this acceleration letter is enclosed as Exhibit B.

### ASSIGNMENT OF THE 2016 NOTE

9.    On January 25, 2019, GE Capital EFS entered into an assignment and acceptance of the 2016 Note (the "2016 Note Assignment") with Red Tree. A copy of the 2016 Note Assignment is enclosed as Exhibit C.

10.     The 2016 Note Assignment reflects an outstanding principal balance of $96,979,881.49, as well as unpaid interest, pursuant to the 2016 Note Agreement as of the date of the 2016 Note Assignment.

11.     On January 25, 2019, GE Capital EFS, in its then-capacity as Administrative Agent, sent PDVSA and Petróleo an electronic mail notice of the assignment of the 2016 Note. A copy of that notice is enclosed as Exhibit D.

DANIEL WALLITT

Sworn to before me this
25ᵗʰ day of January 2019

JANET DELILLE
Notary Public, State of New York
No. 01DE6197265
Qualified in Queens County
Commission Expires Nov. 24, 20 20

3

# EXHIBIT A



**GE Capital EFS Financing, Inc.**

901 Main Avenue
Norwalk, Connecticut 06851

January 5, 2018

Petróleos de Venezuela, S.A.
PDVSA Petróleo, S.A.
La Campiña
Avenida Libertador
Calle El Empalme
Edificios Petroleos de Venezuela, Torre Este, Piso 8
Caracas, Venezuela

Attention: Iliana Ruzza, Emir Manrique, Ana Maria España and Renny Bolívar
Facsimile: +58 212 708 1441
Email: ruzzai@pdvsa.com, manriqueej@pdvsa.com, espanaam@pdvsa.com and
bolivarrs@pdvsa.com

Attention: Anabella Rivas and Edoardo Orsoni
Facsimile: +58 212 708 4989
Email: rivasaay@pdvsa.com and orsonie@pdvsa.com

**Re: Notice of Missed Payment under the Note Agreement dated as of May 13, 2016 among
Petróleos de Venezuela, S.A., as Issuer, PDVSA Petróleo, S.A., as Guarantor, GE Capital EFS
Financing, Inc., as Initial Noteholder, and GE Capital EFS Financing, Inc., as Administrative
Agent (the "Note Agreement")**

To Whom It May Concern:

This letter is being sent by the Administrative Agent on behalf of itself and the Noteholders to
notify the Issuer and the Guarantor of a missed payment under the terms of the Note
Agreement. Capitalized terms used in this letter but not defined herein shall have the
meaning given to them in the Note Agreement.

Pursuant to Article II of the Note Agreement, the Issuer was obligated to make a principal and
interest payment to the Administrative Agent, for the account of Noteholders, in the aggregate
amount of Seventeen Million, Seven-Hundred Thirty-Four Thousand, Nine Hundred Nineteen
Dollars and Seven Cents ($17,734,919.07) on December 27, 2017.

Article VII(a) of the Note Agreement provides that it would be an Event of Default under the
Note Agreement if the Issuer fails "to pay the principal of, or interest on any of the Notes,
when such principal becomes due and payable, including at any of the Repayment Dates, by

acceleration or otherwise, and such failure continues for a period of five (5) days after written notice thereof has been given to the Issuer."

This letter constitutes written notification to the Issuer for purposes of Article VII(a) of the Note Agreement.  Accordingly, notice is given that if the Issuer fails to make the above mentioned payment within five (5) days from the date hereof, an Event of Default will occur. In addition, the Issuer should understand that if an Event of Default occurs under this Note Agreement, it would also automatically trigger an Event of Default under (i) the Credit Agreement dated as of December 27, 2016 among Petróleos de Venezuela, S.A., as Borrower, PDVSA Petróleo, S.A., as Guarantor, GE Capital EFS Financing, Inc., as Agent, and the Lenders party thereto (the "Credit Agreement") and, (ii) pursuant to Section 8.05 (*Cross-Event of Default*) of the Credit Agreement, the Note Agreement dated as of March 27, 2015 among the Issuer, as issuer, the Guarantor, as guarantor, GE Capital EFS Financing, Inc. (as successor to General Electric Capital Corporation), as initial noteholder and administrative agent, and Union Capital Group, as lead arranger.

The Administrative Agent hereby reserves all rights and remedies available to it under the Note Agreement, each other Finance Document, as well as under applicable law, as a result of the missed payment that the Issuer has failed to make in accordance with the terms of the Note Agreement.  Such remedies include, without limitation, the right to collect interest at the default rate with respect to any amounts not paid when due as provided in Section 2.04 of the Note Agreement.

No failure or delay on the part of the Administrative Agent or any Noteholder in exercising any of their rights or remedies under the Note Agreement and each other Finance Document, as well as under applicable law, shall operate as a waiver thereof, nor shall any single or partial exercise of any such right or remedy preclude any other or further exercise thereof or the exercise of any other right or remedy.

This letter shall be governed by and construed in accordance with the laws of the State of New York.

Thank you.

GE CAPITAL EFS FINANCING, INC.

By: _____
Name: _Daniel Wallitt_____
Title: __Authorized Signatory_____

FILED: NEW YORK COUNTY CLERK 02/15/2019 04:37 PM
NYSCEF DOC. NO.

INDEX NO. 651005/2019
RECEIVED NYSCEF: 02/15/2019

# EXHIBIT B



**GE Capital EFS Financing, Inc.**

901 Main Avenue

Norwalk, Connecticut 06851

March 19, 2018

Petróleos de Venezuela, S.A.
La Campiña
Avenida Libertador
Calle El Empalme
Edificios Petróleos de Venezuela, Torre Este, Piso 8
Caracas, Venezuela

Attention: Iliana Ruzza, Emir Manrique, Ana Maria España and Renny Bolívar
Facsimile: +58 212 708 1441
Email: ruzzai@pdvsa.com, manriquej@pdvsa.com, espanaam@pdvsa.com and
bolivarrs@pdvsa.com

Attention: Anabella Rivas and Edoardo Orsoni
Facsimile: +58 212 708 4989
Email: rivasaay@pdvsa.com and orsonie@pdvsa.com

**Re: Notice of Event of Default, Acceleration and Payment Demand under the Note
Agreement dated as of May 13, 2016 among Petróleos de Venezuela, S.A., as Issuer, PDVSA
Petróleo, S.A., as Guarantor, and GE Capital EFS Financing, Inc., as Initial Noteholder and as
Administrative Agent (the "Note Agreement")**

To Whom It May Concern:

This letter is being sent by the Administrative Agent on behalf of itself and the Noteholders in
furtherance of our prior letter to you dated January 5, 2018 (the "Prior Letter"), pursuant to
which we notified you that the Issuer was obligated to make a principal and interest payment
to the Administrative Agent, for the account of Noteholders, in the aggregate amount of
Seventeen Million, Seven-Hundred Thirty-Four Thousand, Nine Hundred Nineteen Dollars and
Seven Cents ($17,734,919.07) on December 27, 2017 (the "Missed Payment"). Capitalized
terms used in this letter but not defined herein shall have the meaning given to them in the
Note Agreement.

In accordance with the Prior Letter, we notified you that, pursuant to Article VII(a) of the Note
Agreement, there would be an Event of Default under the Note Agreement if the Missed
Payment continued to remain unpaid for a period of five (5) days after written notice thereof
has been given to the Issuer. As of the date hereof, the Missed Payment remains unpaid.
Consequently, this letter constitutes written notification to the Issuer and the Guarantor that
an Event of Default has occurred and is continuing under the Note Agreement. In addition, as

a result of the Event of Default under the Note Agreement, an "Event of Default" has also occurred and is continuing under (i) the Credit Agreement dated as of December 27, 2016, among Petróleos de Venezuela, S.A., as Borrower, PDVSA Petróleo, S.A., as Guarantor, GE Capital EFS Financing, Inc., as Agent, and the Lenders party thereto (the "Credit Agreement") and, (ii) pursuant to Section 8.05 *(Cross-Event of Default)* of the Credit Agreement, the Note Agreement dated as of March 27, 2015 among the Issuer, as issuer, the Guarantor, as guarantor, GE Capital EFS Financing, Inc. (as successor to General Electric Capital Corporation), as initial noteholder and administrative agent, and Union Capital Group, as lead arranger.

Notice is given to the Issuer and the Guarantor that pursuant to Article VII of the Note Agreement, the Administrative Agent, acting at the request of the Required Noteholders, declares the Notes to be forthwith due and payable in whole, and demands that the Issuer and/or the Guarantor immediately make payment of the Notes (including without limitation the principal, accrued and default interest thereon, and any unpaid accrued fees and all other liabilities of the Issuer under the Note Agreement and any other Finance Document).

The Administrative Agent hereby reserves all rights and remedies available to it under the Note Agreement, each other Finance Document, as well as under applicable law, as a result of the Event of Default subject of this letter.

No failure or delay on the part of the Administrative Agent or any Noteholder in exercising any of their rights or remedies under the Note Agreement and each other Finance Document, as well as under applicable law, shall operate as a waiver thereof, nor shall any single or partial exercise of any such right or remedy preclude any other or further exercise thereof or the exercise of any other right or remedy.

This letter shall be governed by and construed in accordance with the laws of the State of New York.

Thank you.

GE CAPITAL EFS FINANCING, INC.,
as Administrative Agent

By: _____

Name: Daniel Wallitt
Title: Authorized Signatory

# EXHIBIT C

## ASSIGNMENT AND ACCEPTANCE

This Assignment and Acceptance (this "Assignment") is dated as of January 25, 2019 and is entered into by and between **GE Capital EFS Financing, Inc.** (the "Assignor") and **Red Tree Investments, LLC** (the "Assignee"). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Note Agreement identified below (the "Note Agreement"), receipt of a copy of which is hereby acknowledged by Assignee. The Standard Terms and Conditions set forth in Annex 1 attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment as if set forth herein in full.

On the Effective Date (as defined below), Assignor hereby irrevocably sells and assigns to Assignee, and Assignee hereby irrevocably purchases and assumes from Assignor, subject to and in accordance with the Standard Terms and Conditions and the Finance Documents, all of Assignor's rights, title, and interest in, to and under the Note (as defined below) and, to the extent related thereto, all of the following: (i) the Note Agreement and the other Transaction Documents, and any other agreements, documents, guarantees and instruments delivered pursuant thereto or for the benefit of the Noteholders; and (ii) all principal, interest, claims, payments, proceeds, distributions of any kind arising from the foregoing ("Distributions") (clauses (i) and (ii) collectively, the "Assigned Interest").

Prior to the Effective Date and as conditions precedent to the transaction contemplated by this Assignment: (i) Assignor and Assignee shall each execute and deliver into escrow counterpart copies of this Assignment, (ii) Assignor shall execute and deliver into escrow Assignor's resignation as Administrative Agent under the Note Agreement (the "Agent's Resignation"); (iii) Assignee shall execute and deliver into escrow Assignee's acceptance of the Agent's Resignation and the appointment and acceptance of Assignee as the successor Administrative Agent under the Note Agreement; (iv) Assignor shall deliver into escrow the original Note together with a note power (endorsed in blank) together with a medallion signature guarantee affixed thereto and (v) Assignor shall execute and deliver into escrow written notice of the assignment of the Notes by Assignor to Assignee and confirmation of the Effective Date for this Assignment (with the Effective Date set forth therein and herein upon receipt of the Purchase Price) (the "Transfer Notice"). Upon satisfaction of the execution and delivery of each of the foregoing documents (collectively and together with this Assignment, the "Assignment Documents") by the parties hereto (as the case may be), Assignee shall, within one (1) business day, pay Assignor the Purchase Price (defined below) in immediately available funds to Assignor's account designated below (as the same may be subsequently amended or updated by Assignor).

The sale and assignment of the Assigned Interest contemplated hereby shall become effective on the "Effective Date", which shall be the date on which Assignor shall have received the Purchase Price, in which event the Assignment Documents may be delivered from escrow to Assignee with copies thereof delivered to Assignor.

On the Effective Date, Assignor agrees to deliver to the Issuer, or Issuer's representatives, as the case may be, and the Administrative Agent the Transfer Notice (with a copy of such written notice sent to Assignee).

Assignor's Account:

GE Capital EFS Financing, Inc.
Deutsche Bank Trust Company America
60 Wall Street, 28th, New York, NY 10005
ABA# 021-001-033

Account No: 50278772
Account Name: GECC EFS/T&I Depository Account

| | | |
|---|---|---|
| (a) | Assignor: | GE Capital EFS Financing, Inc. |
| (b) | Assignee: | Red Tree Investments, LLC |
| (c) | Issuer: | Petróleos de Venezuela, S.A. |
| (d) | Existing Administrative Agent: | GE Capital EFS Financing, Inc. |
| (e) | Note Agreement: | The Note Agreement, dated as of May 13, 2016 (as the same may be amended, restated, supplemented or otherwise modified from time to time in accordance with its terms), by and among Petróleos de Venezuela, S.A. as Issuer, PDVSA Petróleo, S.A., as Guarantor, the Noteholders that are a party thereto from time to time and GE Capital EFS Financing, Inc., as Administrative Agent. |
| (f) | Note: | Aggregate outstanding principal amount of $96,979,881.49, together with accrued and unpaid interest, on Note R-1 dated May 13, 2016, in the original outstanding principal amount of $193,959,763.03. |
| (g) | Purchase Price: | Such amount as set forth in the purchase price letter by and between the Assignor and the Assignee. |
| (h) | Assignee's Account for Payments: | ABA No.: 021000018<br>Beneficiary Account No: 8901212318<br>Beneficiary Account Name:<br>Wells Fargo Securities, LLC<br>FFC Account No.: 2MA01252<br>FFC Account Name: Red Tree Investments, LLC |
| (i) | Effective Date: | January 25, 2019 |

[*signature page follows*]

The terms set forth in this Assignment are hereby agreed to:

**ASSIGNOR:**
GE CAPITAL EFS FINANCING, INC.

By: _____

Name: Daniel Wallitt
Title: Authorized Signatory

**ASSIGNEE:**
RED TREE INVESTMENTS, LLC

By: _____

Name: Lauren Murray
Title: Authorized Signatory

Assignee's Notice Information:

Red Tree Investments, LLC
c/o Daniel Salinas-Serrano
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
202-905-4668 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
danielsalinas@quinnemanuel.com

The terms set forth in this Assignment are hereby agreed to:

ASSIGNOR:
GE CAPITAL EFS FINANCING, INC.

By: _____
Name:
Title:

ASSIGNEE:
RED TREE INVESTMENTS, LLC

By: _____
Name: Lauren Murray
Title: Authorized Signatory

Assignee's Notice Information:

Red Tree Investments, LLC
c/o Daniel Salinas-Serrano
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
202-905-4668 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
danielsalinas@quinnemanuel.com

ANNEX 1

## NOTE AGREEMENT, DATED AS OF MAY 13, 2016, BY AND AMONG PETRÓLEOS DE VENEZUELA, S.A., AS ISSUER, PDVSA PETRÓLEO, S.A., AS GUARANTOR, THE NOTEHOLDERS THAT ARE A PARTY THERETO FROM TIME TO TIME AND GE CAPITAL EFS FINANCING, INC., AS ADMINISTRATIVE AGENT

### STANDARD TERMS AND CONDITIONS FOR ASSIGNMENT AND ACCEPTANCE

### 1. **Representations and Warranties of Assignor**

Assignor represents and warrants to Assignee as of the date hereof and as of the Effective Date that:

1.1 (i) it, acting on behalf of itself and its Affiliates, is the sole legal and beneficial owner of the Assigned Interest, (ii) the Assigned Interest is free and clear of any lien, encumbrance, pledge, security interest, setoff or other adverse claim, and (iii) it has full power and authority, and has taken all action necessary, to execute and deliver this Assignment and to consummate the transactions contemplated hereby; and assumes no responsibility with respect to (w) any statements, warranties or representations made in or in connection with the Finance Documents except for any statements, warranties, representations expressly made by Assignor in any Finance Document or this Assignment, (x) the execution, legality, validity, enforceability, genuineness, sufficiency or value of the Finance Documents, or any collateral thereunder, (y) the financial condition of the Issuer, the Guarantor, any of the Subsidiaries or any of their respective Affiliates in respect of any Finance Document or (z) the performance or observance by the Issuer, the Guarantor, any of the Subsidiaries or any of their respective Affiliates of any of their respective obligations under any Finance Document.

1.2 Attached hereto as Exhibit A is true and correct copy of a notice (the "Acceleration Notice") that was delivered by Assignor to the Issuer. The Acceleration Notice has not been modified, amended, revoked, rescinded or withdrawn.

1.3 The aggregate outstanding principal amount of the Note is $96,979,881.49 and the original outstanding principal amount of the Note is $193,959,763.03. There is no funding obligation of any kind in respect of the Note.

1.4 Assignor (i) has not, on or after December 27, 2017, received any Distributions from the Issuer or the Guarantor, or any of their respective Affiliates, in connection with the Assigned Interest, (ii) has not entered into any agreement with the Issuer or an Affiliate of the Issuer to make loans to or otherwise extend credit to or for the benefit of the Issuer or an Affiliate of the Issuer or (iii) does not have any unpaid or outstanding liability, obligation or expense in connection with the Assigned Interest, in each case under clauses (i), (ii) and (iii), which will result in any setoff, offset or reduction in payments or distributions (including the timing of payments or distributions) made to the Assignee in connection with the Assigned Interest.

1.5 Assignor has delivered to Assignee true and correct copies of all of the Transaction Documents and each of the additional documents set forth on Schedule I hereto. Except for the documents listed on Schedule I, to the best of Assignor's knowledge, there are no other documents with the Issuer or the Guarantor, or any of their respective Affiliates, to which Assignor is a party that materially or adversely affect the Assigned Interest.

### 2. **Representations and Warranties of Assignee**

Assignee represents and warrants to Assignor as of the date hereof and as of the Effective Date that:

2.1 (i) it has full power and authority, and has taken all action necessary, to execute and deliver this Assignment and to consummate the transactions contemplated hereby and to become a Noteholder under the Note Agreement, (ii) it is an Eligible Institution and is not an Ineligible Transferee, (iii) from and after the Effective Date, it shall be bound by the provisions of the Note Agreement and, to the extent of the Assigned Interest, shall have the obligations of a Noteholder thereunder, and (iv) it has received a copy of the Note Agreement, together with copies of the most recent financial statements delivered pursuant to Section 5.04 thereof and such other documents and information as it has deemed appropriate to make its own credit analysis and decision to enter into this Assignment and to purchase the Assigned Interest on the basis of which it has made such analysis and decision; and agrees that (i) it will, independently and without reliance on the Administrative Agent, Assignor or any other Noteholder, and based on such documents and information as it shall deem appropriate at the time, continue to make its own credit decisions in taking or not taking action under the Finance Documents, and (ii) it will perform in accordance with their terms all of the obligations which by the terms of the Finance Documents are required to be performed by it as a Noteholder.

3. **Payments**

From and after the Effective Date, the Administrative Agent shall make all payments in respect of the Assigned Interest (including payments of principal, interest and other amounts) to Assignee.

4. **General Provisions**

This Assignment shall be binding upon, and inure to the benefit of, the parties hereto and their respective successors and permitted assigns. This Assignment may be executed in any number of counterparts, which together shall constitute one instrument. Delivery of an executed counterpart of a signature page of this Assignment by telecopy or electronic mail shall be equally effective to the delivery of a manually executed counterpart of this Assignment. THIS ASSIGNMENT AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HEREUNDER SHALL BE GOVERNED BY, AND SHALL BE CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE INTERNAL LAWS OF THE STATE OF NEW YORK (INCLUDING SECTION 5-1401 OF THE GENERAL OBLIGATIONS LAW OF THE STATE OF NEW YORK), WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES.

5. **Indemnities**

5.1 Assignee shall indemnify, defend, and hold Assignor and its officers, directors, agents, partners, members, controlling entities, and employees (collectively, "Assignor Indemnitees") harmless from and against any liability, claim, cost, loss, judgment, damage, expense or disbursement (including reasonable attorneys' fees and expenses) that any Assignor Indemnitee incurs or suffers as a result of or arising out of a breach of any of Assignee's representations, warranties, covenants or agreements in this Assignment up to a maximum amount equal to the Purchase Price.

5.2 Assignor shall indemnify, defend, and hold the Assignee and its officers, directors, agents, partners, members, controlling entities, and employees (collectively, "Assignee Indemnitees") harmless from and against any liability, claim, cost, loss, judgment, damage, expense or disbursement (including reasonable attorneys' fees and expenses) that any

Assignee Indemnitee incurs or suffers as a result of or arising out of a breach of any of Assignor's representations, warranties, covenants or agreements in this Assignment up to a maximum amount equal to the Purchase Price.

6.    **Costs and Expenses**

Assignee agrees (i) to pay and reimburse Assignor and any other Assignor Indemnitee for, all reasonable third-party out-of-pocket costs, expenses and fees actually incurred by Assignor or such Assignor Indemnitee (including reasonable attorney's fees and expenses) and (ii) to pay, indemnify, and hold the Assignor and any other Assignor Indemnitee harmless from and against any and all other liabilities, claims, costs, losses, judgments, damages, expenses or disbursements of any kind or nature whatsoever, with respect to or arising from or in connection with (x) Assignee's execution, enforcement or collection actions, legal remedies, or efforts under the Note Agreement, the Note or the Assigned Interest (including in connection with any litigation, arbitration, insolvency, bankruptcy, moratorium or reorganization procedures, whether in or out-of-court, involving the Assignee (or any future successors or assigns of the Assignee) and the Issuer and/or the Guarantor) or (y) any action taken by Assignor at the prior written direction of Assignee (including, without limitation, any actions taken by Assignee in connection with the terms set forth in Section 10 hereof) (including reasonable attorney's fees and expenses). Assignee shall pay Assignor or such Assignor Indemnitee, by no later than five (5) business days from the date of receipt of the relevant written request from Assignor or the relevant Assignor Indemnitee, for any such costs, expenses and fees.

7.    **As-Is Basis**

WITH RESPECT TO THE ASSIGNED INTEREST, EXCEPT FOR ASSIGNOR'S REPRESENTATIONS, WARRANTIES, COVENANTS AND AGREEMENTS IN THIS ASSIGNMENT, SUCH ASSIGNED INTEREST IS HEREBY SOLD, ASSIGNED, TRANSFERRED AND CONVEYED TO THE ASSIGNEE ON AN "AS IS", "WHERE IS" BASIS, WITHOUT ANY REPRESENTATION, WARRANTY, PROMISE, PROJECTION OR PREDICTION WHATSOEVER WITH RESPECT TO SUCH ASSIGNED INTEREST, WHETHER ORAL OR WRITTEN, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW. ASSIGNEE FURTHER ACKNOWLEDGES THAT IT IS AWARE OF THE CURRENT NON-PAYMENTS UNDER THE NOTE AGREEMENT IN CONNECTION WITH THE ASSIGNED INTEREST.

8.    **Confidentiality**

Each of Assignor and Assignee agrees that, without prior consent of the other party, it shall not disclose the contents of this Assignment (including the Purchase Price) to any government, governmental agency, authority, court or other tribunal (collectively, "Governmental Authority") or any or any individual, partnership, corporation, limited liability company, association, estate, trust, business trust, fund, investment account or other entity (each, including a Governmental Authority, an "Entity"), except that either party may make any such disclosure (i) if required to do so by any law, court, or regulation, (ii) to implement and enforce this Assignment, (iii) to any banking, regulatory, or examining authority, (iv) if its attorneys advise it that it has a legal obligation to do so or that failure to do so may result in such party incurring a liability to any other entity, (v) to its respective affiliates, and its and their directors, officers, members, employees and professional advisors (including legal counsel) or any other service providers as may be

necessary in the ordinary course of business, or (vi) solely with the Purchase Price redacted, to the extent necessary to effect a subsequent transfer of the Assigned Interest.

9.    **Distributions**

It is understood that any Distributions in connection with the Assigned Interest made on or after the Effective Date belong to Assignee. If at any time on or after the Effective Date, Assignor receives a Distribution, Assignor shall (i) accept and hold the Distribution for the account and sole benefit of Assignee, (ii) have no equitable or beneficial interest in the Distribution and (iii) promptly deliver the Distribution to Assignee, and in no event later than five (5) business days of Assignor's receipt thereof.

10.    **Further Assurances**

Assignor agrees to execute and deliver, or cause to be executed and delivered, any further documents or acknowledgements as Assignee may reasonably request (at Assignee's sole cost and expense) that may be commercially necessary for Assignee to establish that Assignee is the owner of the Assigned Interest or entitled to receive directly any Distributions.

[*remainder of page intentionally left blank*]

**Schedule I**

## LIST OF TRANSACTION DOCUMENTS

1.    Note Agreement, dated as of May 13, 2016, by and among Petróleos de Venezuela, S.A. as Issuer, PDVSA Petróleo, S.A., as Guarantor, the Noteholders that are a party thereto from time to time and GE Capital EFS Financing, Inc., as Administrative Agent.

2.    Note R-1 dated May 13, 2016, in the original outstanding principal amount of $193,959,763.03, issued under the abovementioned Note Agreement.

Exhibit A

## Acceleration Notice

*See Attached*



GE Capital EFS Financing, Inc.
901 Main Avenue
Norwalk, Connecticut 06851

March 19, 2018

Petróleos de Venezuela, S.A.
La Campiña
Avenida Libertador
Calle El Empalme
Edificios Petróleos de Venezuela, Torre Este, Piso 8
Caracas, Venezuela

Attention: Iliana Ruzza, Emir Manrique, Ana Maria España and Renny Bolívar
Facsimile: +58 212 708 1441
Email: ruzzai@pdvsa.com, manriqueej@pdvsa.com, espanaam@pdvsa.com and
bolivarrs@pdvsa.com

Attention: Anabella Rivas and Edoardo Orsoni
Facsimile: +58 212 708 4989
Email: rivasaay@pdvsa.com and orsonie@pdvsa.com

**Re: Notice of Event of Default, Acceleration and Payment Demand under the Note
Agreement dated as of May 13, 2016 among Petróleos de Venezuela, S.A., as Issuer, PDVSA
Petróleo, S.A., as Guarantor, and GE Capital EFS Financing, Inc., as Initial Noteholder and as
Administrative Agent (the "Note Agreement")**

To Whom It May Concern:

This letter is being sent by the Administrative Agent on behalf of itself and the Noteholders in
furtherance of our prior letter to you dated January 5, 2018 (the "Prior Letter"), pursuant to
which we notified you that the Issuer was obligated to make a principal and interest payment
to the Administrative Agent, for the account of Noteholders, in the aggregate amount of
Seventeen Million, Seven-Hundred Thirty-Four Thousand, Nine Hundred Nineteen Dollars and
Seven Cents ($17,734,919.07) on December 27, 2017 (the "Missed Payment"). Capitalized
terms used in this letter but not defined herein shall have the meaning given to them in the
Note Agreement.

In accordance with the Prior Letter, we notified you that, pursuant to Article VII(a) of the Note
Agreement, there would be an Event of Default under the Note Agreement if the Missed
Payment continued to remain unpaid for a period of five (5) days after written notice thereof
has been given to the Issuer. As of the date hereof, the Missed Payment remains unpaid.
Consequently, this letter constitutes written notification to the Issuer and the Guarantor that
an Event of Default has occurred and is continuing under the Note Agreement. In addition, as

a result of the Event of Default under the Note Agreement, an "Event of Default" has also occurred and is continuing under (i) the Credit Agreement dated as of December 27, 2016, among Petróleos de Venezuela, S.A., as Borrower, PDVSA Petróleo, S.A., as Guarantor, GE Capital EFS Financing, Inc., as Agent, and the Lenders party thereto (the "Credit Agreement") and, (ii) pursuant to Section 8.05 *(Cross-Event of Default)* of the Credit Agreement, the Note Agreement dated as of March 27, 2015 among the Issuer, as issuer, the Guarantor, as guarantor, GE Capital EFS Financing, Inc. (as successor to General Electric Capital Corporation), as initial noteholder and administrative agent, and Union Capital Group, as lead arranger.

Notice is given to the Issuer and the Guarantor that pursuant to Article VII of the Note Agreement, the Administrative Agent, acting at the request of the Required Noteholders, declares the Notes to be forthwith due and payable in whole, and demands that the Issuer and/or the Guarantor immediately make payment of the Notes (including without limitation the principal, accrued and default interest thereon, and any unpaid accrued fees and all other liabilities of the Issuer under the Note Agreement and any other Finance Document).

The Administrative Agent hereby reserves all rights and remedies available to it under the Note Agreement, each other Finance Document, as well as under applicable law, as a result of the Event of Default subject of this letter.

No failure or delay on the part of the Administrative Agent or any Noteholder in exercising any of their rights or remedies under the Note Agreement and each other Finance Document, as well as under applicable law, shall operate as a waiver thereof, nor shall any single or partial exercise of any such right or remedy preclude any other or further exercise thereof or the exercise of any other right or remedy.

This letter shall be governed by and construed in accordance with the laws of the State of New York.

Thank you.

GE CAPITAL EFS FINANCING, INC.,
as Administrative Agent

By: _____

Name:   Daniel Wallitt
Title:   Authorized Signatory

# EXHIBIT D

## Anna Deknatel

| | |
|---|---|
| **From:** | Wallitt, Daniel (GE Capital) <Daniel.Wallitt@ge.com> |
| **Sent:** | Friday, January 25, 2019 4:50 PM |
| **To:** | 'EMMY HERRERA'; 'LOVERALR@PDVSA.COM' |
| **Cc:** | Landazabal, Carlos (GE Global); 'CARLOS COELLO'; 'diazwd@pdvsa.com'; Friel, Gerald (GE Capital); 'graffet@pdvsa.com'; Weidner, Matthew L (GE Capital); 'medinait@pdvsa.com'; 'ROSA MOTA'; Ho, Quang (GE Capital); 'JORGE CHIRINOS'; 'CLAUDIA PEREZ'; 'MARITZA VALLEJO'; 'ROSIRIS CONTRERAS'; 'apontels@pdvsa.com'; 'lopezfmx@pdvsa.com'; 'carpiojm@pdvsa.com'; 'navasmu@pdvsa.com'; 'GUZMANRU@PDVSA.COM'; 'CARLOS COELLO'; 'diazwd@pdvsa.com'; Friel, Gerald (GE Capital); 'graffet@pdvsa.com'; Weidner, Matthew L (GE Capital); 'medinait@pdvsa.com'; 'ROSA MOTA'; Ho, Quang (GE Capital); 'JORGE CHIRINOS'; 'CLAUDIA PEREZ'; 'MARITZA VALLEJO'; 'ROSIRIS CONTRERAS'; 'apontels@pdvsa.com'; 'lopezfmx@pdvsa.com'; 'carpiojm@pdvsa.com'; 'navasmu@pdvsa.com'; 'GUZMANRU@PDVSA.COM'; ruzzai@pdvsa.com; manriqueej@pdvsa.com; aularvs@pdvsa.com; 'bolivarmj@pdvsa.com'; 'espanaam@pdvsa.com'; 'orsonie@pdvsa.com'; 'graffet@pdvsa.com'; 'ruzzai@pdvsa.com'; 'PATRICIA LUGO'; 'MARVIN PINTO'; 'CARLOS COELLO'; 'ANABELLA Rivas'; 'herreraev@pdvsa.com'; 'ferrern@pdvsa.com'; 'ROSA MOTA'; Landazabal, Carlos (GE Global); Friel, Gerald (GE Capital); Weidner, Matthew L (GE Capital); Ho, Quang (GE Capital); 'aularvs@pdvsa.com'; 'ortegaae@pdvsa.com'; 'bolivarrs@pdvsa.com'; 'ruzzai@pdvsa.com'; manriqueej@pdvsa.com |
| **Subject:** | GENEREAL ELECTRIC - PDVSA II |
| **Attachments:** | PDVSA II-Notice of Assignment.pdf; PDVSA II - Notice of Acceptnce and Apointment as Agent.pdf; PDVSA II- Notice of Resignation as Agent.pdf |

All, please find the following attached files relating to the Note dated May 13, 2016:

- Notice of Resignation as Agent
- Notice of Acceptance and Appointment as Agent
- Notice of Assignment

**Dan Wallitt**
GE Capital
901 Main Avenue
Norwalk, CT 06851
T: 203-229-8616
M: 917-696-6588
daniel.wallitt@ge.com

## GE CAPITAL EFS FINANCING, INC.

January 25, 2019

**Petróleos de Venezuela, S.A.**
La Campiña
Avenida Libertador
Calle El Empalme
Edificio Petróleos de Venezuela, Torre Este, Piso 8
Caracas, Venezuela

Attn:   Iliana Ruzza, Emir Manrique, Ana María España, Renny Bolívar, Anabella Rivas and
Edoardo Orsoni

**PDVSA Petróleo, S.A.**
La Campiña
Avenida Libertador
Calle El Empalme
Edificio Petróleos de Venezuela, Torre Este, Piso 8
Caracas, Venezuela

Attn:   Iliana Ruzza, Emir Manrique, Ana María España, Renny Bolívar, Anabella Rivas and
Edoardo Orsoni

**GE Capital EFS Financing Inc.,**
In its capacity as Administrative Agent
901 Main Avenue
Norwalk, CT 06851
United States of America

Atn:   Portfolio Manager

Sirs:

Reference is made to that certain Note Agreement, dated as of May 13, 2016 (as the same may be amended, restated, supplemented or otherwise modified from time to time in accordance with its terms, the "Note Agreement"), by and among Petróleos de Venezuela, S.A., a corporation (*sociedad anónima*) organized under the laws of the Bolivarian Republic of Venezuela as issuer (the "Issuer"), PDVSA Petróleo, S.A. a corporation (*sociedad anónima*) organized under the laws of the Bolivarian Republic of Venezuela as guarantor, GE Capital EFS Financing, Inc., a Delaware corporation, as initial noteholder (the "Initial Noteholder"), and GE Capital EFS Financing, Inc., a Delaware corporation, as administrative agent (the "Administrative Agent"). Capitalized terms used but not defined in this letter have the meanings assigned to them in the Note Agreement.

KL2 3108738.2

Reference is also made to Section 9.04(b) of the Note Agreement according to which, upon the occurrence and continuance of an Event of Default, each Noteholder may assign to any Person or Persons all or a portion of its interests, rights and obligations under the Note Agreement and the other Finance Documents with notice to the Issuer and the Administrative Agent, and to Section 2.11 of the Note Agreement pursuant to which a Noteholder may transfer and exchange its Note in whole or in part.

We hereby notify you that on January 25, 2019, GE Capital EFS Financing Inc. assigned to Red Tree Investments, LLC the unpaid principal balance of $96,979,881.49, together with accrued and unpaid interest, on Note No. R-1 dated May 13, 2016 in the original principal amount of $193,959,763.03 (the "Note"), and all of GE Capital EFS Financing Inc.'s interests, rights and obligations under the Note Agreement equivalent to the Notes assigned to Red Tree Investments, LLC.

Attached hereto is a fully executed Assignment and Acceptance, dated as of January 25, 2019, between the undersigned as assignor and Red Tree Investments, LLC as assignee evidencing such assignment.

Yours truly,

GE Capital EFS Financing Inc.

Authorized Signatory

KL2 3108739.2

## ASSIGNMENT AND ACCEPTANCE

This Assignment and Acceptance (this "Assignment") is dated as of January 25, 2019 and is entered into by and between **GE Capital EFS Financing, Inc.** (the "Assignor") and **Red Tree Investments, LLC** (the "Assignee"). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Note Agreement identified below (the "Note Agreement"), receipt of a copy of which is hereby acknowledged by Assignee. The Standard Terms and Conditions set forth in Annex 1 attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment as if set forth herein in full.

On the Effective Date (as defined below), Assignor hereby irrevocably sells and assigns to Assignee, and Assignee hereby irrevocably purchases and assumes from Assignor, subject to and in accordance with the Standard Terms and Conditions and the Finance Documents, all of Assignor's rights, title, and interest in, to and under the Note (as defined below) and, to the extent related thereto, all of the following: (i) the Note Agreement and the other Transaction Documents, and any other agreements, documents, guarantees and instruments delivered pursuant thereto or for the benefit of the Noteholders; and (ii) all principal, interest, claims, payments, proceeds, distributions of any kind arising from the foregoing ("Distributions") (clauses (i) and (ii) collectively, the "Assigned Interest").

Prior to the Effective Date and as conditions precedent to the transaction contemplated by this Assignment: (i) Assignor and Assignee shall each execute and deliver into escrow counterpart copies of this Assignment, (ii) Assignor shall execute and deliver into escrow Assignor's resignation as Administrative Agent under the Note Agreement (the "Agent's Resignation"); (iii) Assignee shall execute and deliver into escrow Assignee's acceptance of the Agent's Resignation and the appointment and acceptance of Assignee as the successor Administrative Agent under the Note Agreement; (iv) Assignor shall deliver into escrow the original Note together with a note power (endorsed in blank) together with a medallion signature guarantee affixed thereto and (v) Assignor shall execute and deliver into escrow written notice of the assignment of the Notes by Assignor to Assignee and confirmation of the Effective Date for this Assignment (with the Effective Date set forth therein and herein upon receipt of the Purchase Price) (the "Transfer Notice"). Upon satisfaction of the execution and delivery of each of the foregoing documents (collectively and together with this Assignment, the "Assignment Documents") by the parties hereto (as the case may be), Assignee shall, within one (1) business day, pay Assignor the Purchase Price (defined below) in immediately available funds to Assignor's account designated below (as the same may be subsequently amended or updated by Assignor).

The sale and assignment of the Assigned Interest contemplated hereby shall become effective on the "Effective Date", which shall be the date on which Assignor shall have received the Purchase Price, in which event the Assignment Documents may be delivered from escrow to Assignee with copies thereof delivered to Assignor.

On the Effective Date, Assignor agrees to deliver to the Issuer, or Issuer's representatives, as the case may be, and the Administrative Agent the Transfer Notice (with a copy of such written notice sent to Assignee).

Assignor's Account:

GE Capital EFS Financing, Inc.
Deutsche Bank Trust Company America
60 Wall Street, 28th, New York, NY 10005
ABA# 021-001-033

Account No: 50278772
Account Name: GECC EFS/T&I Depository Account

| | | |
|---|---|---|
| (a) | Assignor: | GE Capital EFS Financing, Inc. |
| (b) | Assignee: | Red Tree Investments, LLC |
| (c) | Issuer: | Petróleos de Venezuela, S.A. |
| (d) | Existing Administrative Agent: | GE Capital EFS Financing, Inc. |
| (e) | Note Agreement: | The Note Agreement, dated as of May 13, 2016 (as the same may be amended, restated, supplemented or otherwise modified from time to time in accordance with its terms), by and among Petróleos de Venezuela, S.A. as Issuer, PDVSA Petróleo, S.A., as Guarantor, the Noteholders that are a party thereto from time to time and GE Capital EFS Financing, Inc., as Administrative Agent. |
| (f) | Note: | Aggregate outstanding principal amount of $96,979,881.49, together with accrued and unpaid interest, on Note R-1 dated May 13, 2016, in the original outstanding principal amount of $193,959,763.03. |
| (g) | Purchase Price: | Such amount as set forth in the purchase price letter by and between the Assignor and the Assignee. |
| (h) | Assignee's Account for Payments: | ABA No.: 021000018<br>Beneficiary Account No: 8901212318<br>Beneficiary Account Name:<br>Wells Fargo Securities, LLC<br>FFC Account No.: 2MA01252<br>FFC Account Name: Red Tree Investments, LLC |
| (i) | Effective Date: | January 25, 2019 |

[*signature page follows*]

The terms set forth in this Assignment are hereby agreed to:

ASSIGNOR:
GE CAPITAL EFS FINANCING, INC.

By: _____

Name: Daniel Wallitt
Title: Authorized Signatory

ASSIGNEE:
RED TREE INVESTMENTS, LLC

By: _____
Name: Lauren Murray
Title: Authorized Signatory

Assignee's Notice Information:

Red Tree Investments, LLC
c/o Daniel Salinas-Serrano
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
202-905-4668 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
danielsalinas@quinnemanuel.com

The terms set forth in this Assignment are hereby agreed to:

ASSIGNOR:
GE CAPITAL EFS FINANCING, INC.

By: _____
Name:
Title:

ASSIGNEE:
RED TREE INVESTMENTS, LLC

By: _____
Name: Lauren Murray
Title: Authorized Signatory

Assignee's Notice Information:

Red Tree Investments, LLC
c/o Daniel Salinas-Serrano
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
202-905-4668 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
danielsalinas@quinnemanuel.com

ANNEX 1

NOTE AGREEMENT, DATED AS OF MAY 13, 2016, BY AND AMONG PETRÓLEOS DE
VENEZUELA, S.A., AS ISSUER, PDVSA PETRÓLEO, S.A., AS GUARANTOR, THE
NOTEHOLDERS THAT ARE A PARTY THERETO FROM TIME TO TIME AND GE CAPITAL
EFS FINANCING, INC., AS ADMINISTRATIVE AGENT

STANDARD TERMS AND CONDITIONS FOR ASSIGNMENT
AND ACCEPTANCE

1.    **Representations and Warranties of Assignor**

Assignor represents and warrants to Assignee as of the date hereof and as of the Effective Date that:

1.1     (i) it, acting on behalf of itself and its Affiliates, is the sole legal and beneficial owner of the
Assigned Interest, (ii) the Assigned Interest is free and clear of any lien, encumbrance,
pledge, security interest, setoff or other adverse claim, and (iii) it has full power and
authority, and has taken all action necessary, to execute and deliver this Assignment and to
consummate the transactions contemplated hereby; and assumes no responsibility with
respect to (w) any statements, warranties or representations made in or in connection with
the Finance Documents except for any statements, warranties, representations expressly
made by Assignor in any Finance Document or this Assignment, (x) the execution, legality,
validity, enforceability, genuineness, sufficiency or value of the Finance Documents, or any
collateral thereunder, (y) the financial condition of the Issuer, the Guarantor, any of the
Subsidiaries or any of their respective Affiliates in respect of any Finance Document or (z)
the performance or observance by the Issuer, the Guarantor, any of the Subsidiaries or any
of their respective Affiliates of any of their respective obligations under any Finance
Document.

1.2     Attached hereto as Exhibit A is true and correct copy of a notice (the "Acceleration Notice")
that was delivered by Assignor to the Issuer. The Acceleration Notice has not been
modified, amended, revoked, rescinded or withdrawn.

1.3     The aggregate outstanding principal amount of the Note is $96,979,881.49 and the original
outstanding principal amount of the Note is $193,959,763.03. There is no funding
obligation of any kind in respect of the Note.

1.4     Assignor (i) has not, on or after December 27, 2017, received any Distributions from the
Issuer or the Guarantor, or any of their respective Affiliates, in connection with the
Assigned Interest, (ii) has not entered into any agreement with the Issuer or an Affiliate of
the Issuer to make loans to or otherwise extend credit to or for the benefit of the Issuer or an
Affiliate of the Issuer or (iii) does not have any unpaid or outstanding liability, obligation or
expense in connection with the Assigned Interest, in each case under clauses (i), (ii) and
(iii), which will result in any setoff, offset or reduction in payments or distributions
(including the timing of payments or distributions) made to the Assignee in connection with
the Assigned Interest.

1.5     Assignor has delivered to Assignee true and correct copies of all of the Transaction
Documents and each of the additional documents set forth on Schedule I hereto. Except for
the documents listed on Schedule I, to the best of Assignor's knowledge, there are no other
documents with the Issuer or the Guarantor, or any of their respective Affiliates, to which
Assignor is a party that materially or adversely affect the Assigned Interest.

2.    **Representations and Warranties of Assignee**

Assignee represents and warrants to Assignor as of the date hereof and as of the Effective Date that:

2.1 (i) it has full power and authority, and has taken all action necessary, to execute and deliver this Assignment and to consummate the transactions contemplated hereby and to become a Noteholder under the Note Agreement, (ii) it is an Eligible Institution and is not an Ineligible Transferee, (iii) from and after the Effective Date, it shall be bound by the provisions of the Note Agreement and, to the extent of the Assigned Interest, shall have the obligations of a Noteholder thereunder, and (iv) it has received a copy of the Note Agreement, together with copies of the most recent financial statements delivered pursuant to Section 5.04 thereof and such other documents and information as it has deemed appropriate to make its own credit analysis and decision to enter into this Assignment and to purchase the Assigned Interest on the basis of which it has made such analysis and decision; and agrees that (i) it will, independently and without reliance on the Administrative Agent, Assignor or any other Noteholder, and based on such documents and information as it shall deem appropriate at the time, continue to make its own credit decisions in taking or not taking action under the Finance Documents, and (ii) it will perform in accordance with their terms all of the obligations which by the terms of the Finance Documents are required to be performed by it as a Noteholder.

3. **Payments**

From and after the Effective Date, the Administrative Agent shall make all payments in respect of the Assigned Interest (including payments of principal, interest and other amounts) to Assignee.

4. **General Provisions**

This Assignment shall be binding upon, and inure to the benefit of, the parties hereto and their respective successors and permitted assigns. This Assignment may be executed in any number of counterparts, which together shall constitute one instrument. Delivery of an executed counterpart of a signature page of this Assignment by telecopy or electronic mail shall be equally effective to the delivery of a manually executed counterpart of this Assignment. THIS ASSIGNMENT AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HEREUNDER SHALL BE GOVERNED BY, AND SHALL BE CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE INTERNAL LAWS OF THE STATE OF NEW YORK (INCLUDING SECTION 5-1401 OF THE GENERAL OBLIGATIONS LAW OF THE STATE OF NEW YORK), WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES.

5. **Indemnities**

5.1 Assignee shall indemnify, defend, and hold Assignor and its officers, directors, agents, partners, members, controlling entities, and employees (collectively, "Assignor Indemnitees") harmless from and against any liability, claim, cost, loss, judgment, damage, expense or disbursement (including reasonable attorneys' fees and expenses) that any Assignor Indemnitee incurs or suffers as a result of or arising out of a breach of any of Assignee's representations, warranties, covenants or agreements in this Assignment up to a maximum amount equal to the Purchase Price.

5.2 Assignor shall indemnify, defend, and hold the Assignee and its officers, directors, agents, partners, members, controlling entities, and employees (collectively, "Assignee Indemnitees") harmless from and against any liability, claim, cost, loss, judgment, damage, expense or disbursement (including reasonable attorneys' fees and expenses) that any

Assignee Indemnitee incurs or suffers as a result of or arising out of a breach of any of Assignor's representations, warranties, covenants or agreements in this Assignment up to a maximum amount equal to the Purchase Price.

6. **Costs and Expenses**

Assignee agrees (i) to pay and reimburse Assignor and any other Assignor Indemnitee for, all reasonable third-party out-of-pocket costs, expenses and fees actually incurred by Assignor or such Assignor Indemnitee (including reasonable attorney's fees and expenses) and (ii) to pay, indemnify, and hold the Assignor and any other Assignor Indemnitee harmless from and against any and all other liabilities, claims, costs, losses, judgments, damages, expenses or disbursements of any kind or nature whatsoever, with respect to or arising from or in connection with (x) Assignee's execution, enforcement or collection actions, legal remedies, or efforts under the Note Agreement, the Note or the Assigned Interest (including in connection with any litigation, arbitration, insolvency, bankruptcy, moratorium or reorganization procedures, whether in or out-of-court, involving the Assignee (or any future successors or assigns of the Assignee) and the Issuer and/or the Guarantor) or (y) any action taken by Assignor at the prior written direction of Assignee (including, without limitation, any actions taken by Assignee in connection with the terms set forth in Section 10 hereof) (including reasonable attorney's fees and expenses). Assignee shall pay Assignor or such Assignor Indemnitee, by no later than five (5) business days from the date of receipt of the relevant written request from Assignor or the relevant Assignor Indemnitee, for any such costs, expenses and fees.

7. **As-Is Basis**

WITH RESPECT TO THE ASSIGNED INTEREST, EXCEPT FOR ASSIGNOR'S REPRESENTATIONS, WARRANTIES, COVENANTS AND AGREEMENTS IN THIS ASSIGNMENT, SUCH ASSIGNED INTEREST IS HEREBY SOLD, ASSIGNED, TRANSFERRED AND CONVEYED TO THE ASSIGNEE ON AN "AS IS", "WHERE IS" BASIS, WITHOUT ANY REPRESENTATION, WARRANTY, PROMISE, PROJECTION OR PREDICTION WHATSOEVER WITH RESPECT TO SUCH ASSIGNED INTEREST, WHETHER ORAL OR WRITTEN, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW. ASSIGNEE FURTHER ACKNOWLEDGES THAT IT IS AWARE OF THE CURRENT NON-PAYMENTS UNDER THE NOTE AGREEMENT IN CONNECTION WITH THE ASSIGNED INTEREST.

8. **Confidentiality**

Each of Assignor and Assignee agrees that, without prior consent of the other party, it shall not disclose the contents of this Assignment (including the Purchase Price) to any government, governmental agency, authority, court or other tribunal (collectively, "Governmental Authority") or any or any individual, partnership, corporation, limited liability company, association, estate, trust, business trust, fund, investment account or other entity (each, including a Governmental Authority, an "Entity"), except that either party may make any such disclosure (i) if required to do so by any law, court, or regulation, (ii) to implement and enforce this Assignment, (iii) to any banking, regulatory, or examining authority, (iv) if its attorneys advise it that it has a legal obligation to do so or that failure to do so may result in such party incurring a liability to any other entity, (v) to its respective affiliates, and its and their directors, officers, members, employees and professional advisors (including legal counsel) or any other service providers as may be

necessary in the ordinary course of business, or (vi) solely with the Purchase Price redacted, to the extent necessary to effect a subsequent transfer of the Assigned Interest.

9.   **Distributions**

It is understood that any Distributions in connection with the Assigned Interest made on or after the Effective Date belong to Assignee. If at any time on or after the Effective Date, Assignor receives a Distribution, Assignor shall (i) accept and hold the Distribution for the account and sole benefit of Assignee, (ii) have no equitable or beneficial interest in the Distribution and (iii) promptly deliver the Distribution to Assignee, and in no event later than five (5) business days of Assignor's receipt thereof.

10.   **Further Assurances**

Assignor agrees to execute and deliver, or cause to be executed and delivered, any further documents or acknowledgements as Assignee may reasonably request (at Assignee's sole cost and expense) that may be commercially necessary for Assignee to establish that Assignee is the owner of the Assigned Interest or entitled to receive directly any Distributions.

*[remainder of page intentionally left blank]*

LIST OF TRANSACTION DOCUMENTS

1.   Note Agreement, dated as of May 13, 2016, by and among Petróleos de Venezuela, S.A. as Issuer, PDVSA Petróleo, S.A., as Guarantor, the Noteholders that are a party thereto from time to time and GE Capital EFS Financing, Inc., as Administrative Agent.

2.   Note R-1 dated May 13, 2016, in the original outstanding principal amount of $193,959,763.03, issued under the abovementioned Note Agreement.

Exhibit A

*Acceleration Notice*

*See Attached*



GE Capital EFS Financing, Inc.
901 Main Avenue
Norwalk, Connecticut 06851

March 19, 2018

Petróleos de Venezuela, S.A.
La Campiña
Avenida Libertador
Calle El Empalme
Edificios Petróleos de Venezuela, Torre Este, Piso 8
Caracas, Venezuela

Attention: Iliana Ruzza, Emir Manrique, Ana Maria España and Renny Bolívar
Facsimile: +58 212 708 1441
Email: ruzzai@pdvsa.com, manriqueej@pdvsa.com, espanaam@pdvsa.com and
bolivarrs@pdvsa.com

Attention: Anabella Rivas and Edoardo Orsoni
Facsimile: +58 212 708 4989
Email: rivasaav@pdvsa.com and orsonie@pdvsa.com

**Re: Notice of Event of Default, Acceleration and Payment Demand under the Note
Agreement dated as of May 13, 2016 among Petróleos de Venezuela, S.A., as Issuer, PDVSA
Petróleo, S.A., as Guarantor, and GE Capital EFS Financing, Inc., as Initial Noteholder and as
Administrative Agent (the "Note Agreement")**

To Whom It May Concern:

This letter is being sent by the Administrative Agent on behalf of itself and the Noteholders in
furtherance of our prior letter to you dated January 5, 2018 (the "Prior Letter"), pursuant to
which we notified you that the Issuer was obligated to make a principal and interest payment
to the Administrative Agent, for the account of Noteholders, in the aggregate amount of
Seventeen Million, Seven-Hundred Thirty-Four Thousand, Nine Hundred Nineteen Dollars and
Seven Cents ($17,734,919.07) on December 27, 2017 (the "Missed Payment"). Capitalized
terms used in this letter but not defined herein shall have the meaning given to them in the
Note Agreement.

In accordance with the Prior Letter, we notified you that, pursuant to Article VII(a) of the Note
Agreement, there would be an Event of Default under the Note Agreement if the Missed
Payment continued to remain unpaid for a period of five (5) days after written notice thereof
has been given to the Issuer. As of the date hereof, the Missed Payment remains unpaid.
Consequently, this letter constitutes written notification to the Issuer and the Guarantor that
an Event of Default has occurred and is continuing under the Note Agreement. In addition, as

a result of the Event of Default under the Note Agreement, an "Event of Default" has also occurred and is continuing under (i) the Credit Agreement dated as of December 27, 2016, among Petróleos de Venezuela, S.A., as Borrower, PDVSA Petróleo, S.A., as Guarantor, GE Capital EFS Financing, Inc., as Agent, and the Lenders party thereto (the "Credit Agreement") and, (ii) pursuant to Section 8.05 *(Cross-Event of Default)* of the Credit Agreement, the Note Agreement dated as of March 27, 2015 among the Issuer, as issuer, the Guarantor, as guarantor, GE Capital EFS Financing, Inc. (as successor to General Electric Capital Corporation), as initial noteholder and administrative agent, and Union Capital Group, as lead arranger.

Notice is given to the Issuer and the Guarantor that pursuant to Article VII of the Note Agreement, the Administrative Agent, acting at the request of the Required Noteholders, declares the Notes to be forthwith due and payable in whole, and demands that the Issuer and/or the Guarantor immediately make payment of the Notes (including without limitation the principal, accrued and default interest thereon, and any unpaid accrued fees and all other liabilities of the Issuer under the Note Agreement and any other Finance Document).

The Administrative Agent hereby reserves all rights and remedies available to it under the Note Agreement, each other Finance Document, as well as under applicable law, as a result of the Event of Default subject of this letter.

No failure or delay on the part of the Administrative Agent or any Noteholder in exercising any of their rights or remedies under the Note Agreement and each other Finance Document, as well as under applicable law, shall operate as a waiver thereof, nor shall any single or partial exercise of any such right or remedy preclude any other or further exercise thereof or the exercise of any other right or remedy.

This letter shall be governed by and construed in accordance with the laws of the State of New York.

Thank you.

GE CAPITAL EFS FINANCING, INC.,
as Administrative Agent

By: _____

Name: _Daniel Wallitt_____
Title: __Authorized Signatory_____

**GE CAPITAL EFS FINANCING INC.**

January 25, 2019

Messrs.

**Red Tree Investments, LLC (as Noteholder)**
c/o Daniel Salinas-Serrano
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
202-905-4668 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
danielsalinas@quinnemanuel.com

**Petróleos de Venezuela, S.A.** (as Issuer)
La Campiña
Avenida Libertador
Calle El Empalme
Edificio Petróleos de Venezuela, Torre Este, Piso 8
Caracas, Venezuela
Attn: Iliana Ruzza, Emir Manrique, Ana María España, Renny Bolívar, Anabella Rivas and Edoardo Orsoni

**Re: Notice of resignation as Administrative Agent under Note Agreement**

Dear Sirs,

Reference is made to that certain Note Agreement, dated as of May 13, 2016 (as the same may be amended, restated, supplemented or otherwise modified from time to time in accordance with its terms, the "Note Agreement"), originally by and among Petróleos de Venezuela, S.A., a corporation (*sociedad anónima*) organized under the laws of the Bolivarian Republic of Venezuela as issuer, PDVSA Petróleo, S.A. a corporation (*sociedad anónima*) organized under the laws of the Bolivarian Republic of Venezuela as guarantor, GE Capital EFS Financing, Inc., a Delaware corporation, as initial noteholder, and GE Capital EFS Financing, Inc., a Delaware corporation, as administrative agent (in such capacity, the "Administrative Agent"). Capitalized terms used but not defined in this notice have the meanings assigned to them in the Note Agreement.

We hereby formally give you notice of our resignation as Administrative Agent under such Note Agreement, in accordance with Article VIII of the Note Agreement.

This resignation is made as part of a single transaction along with the following separate actions, which are taking place and shall become effective on the date hereof: (i) immediately prior to the execution of this notice of resignation, the sale and assignment of all of the interest in and to GE Capital EFS Financing, Inc.'s rights and obligations under the Note Agreement, the other Transaction Documents and any other agreements, documents or instruments delivered pursuant thereto or for the benefit of the Noteholders relating thereto, to Red Tree Investments, LLC; and (ii) immediately after the execution of this notice of resignation, the acceptance of this resignation and the appointment of a successor Administrative Agent under the Note Agreement by the Required Noteholders, and the acceptance of its

1

KL2 3108744.1

appointment as successor Administrative Agent under the Note Agreement, by such successor Administrative Agent.

As a result of the foregoing, our resignation as Administrative Agent under such Note Agreement is effective immediately as of the date hereof.

Yours truly,

**GE Capital EFS Financing Inc.**

Authorized Signatory

2

**RED TREE INVESTMENTS, LLC**

January 25, 2019

Messrs.

**Petróleos de Venezuela, S.A.** (as Issuer)
La Campiña
Avenida Libertador
Calle El Empalme
Edificio Petróleos de Venezuela, Torre Este, Piso 8
Caracas, Venezuela
Attn:    Iliana Ruzza, Emir Manrique, Víctor Aular, Abraham Ortega, Anabella Rivas and Edoardo Orsoni

**GE Capital EFS Financing, Inc.** (as retiring Administrative Agent)
901 Main Avenue
Norwalk, CT 06851
United States of America
Atn:    Portfolio Manager

**Re: Notice of acceptance and appointment of successor Administrative Agent under Note Agreement**

Dear Sirs,

Reference is made to that certain Note Agreement, dated as of May 13, 2016 (as the same may be amended, restated, supplemented or otherwise modified from time to time in accordance with its terms, the "Note Agreement"), originally by and among Petróleos de Venezuela, S.A., a corporation (*sociedad anónima*) organized under the laws of the Bolivarian Republic of Venezuela as issuer, PDVSA Petróleo, S.A. a corporation (*sociedad anónima*) organized under the laws of the Bolivarian Republic of Venezuela as guarantor, GE Capital EFS Financing, Inc., a Delaware corporation, as initial noteholder, and GE Capital EFS Financing, Inc., a Delaware corporation, as administrative agent. Capitalized terms used but not defined in this notice have the meanings assigned to them in the Note Agreement.

We hereby confirm receipt of the notice of resignation of GE Capital EFS Financing, Inc. as Administrative Agent under such Note Agreement, in accordance with Article VIII of the Note Agreement, as per the notice of resignation dated the date hereof and delivered to us on the date hereof.

We hereby accept the resignation of GE Capital EFS Financing, Inc. as Administrative Agent under such Note Agreement and formally notify you about our acceptance thereof, effective immediately. We hereby relieve, release and discharge GE Capital EFS Financing, Inc. from all its duties and obligations as Administrative Agent set forth in the Note Agreement, effective immediately as of the date hereof.

As a result of the foregoing, we hereby appoint Red Tree Investments, LLC as successor Administrative Agent under such Note Agreement, in accordance with Article VIII of the Note Agreement, effective immediately as of the date hereof.

Based on the above, Red Tree Investments, LLC shall be the Administrative Agent under the Note Agreement for all purposes effective immediately from the date hereof, and all references to the Administrative Agent in the Note Agreement and/or the Notes shall be references to Red Tree Investments, LLC, effective immediately from the date hereof.

1

KL2 3108755.1

This acceptance and appointment is made as part of a single transaction along with the following separate actions, which are taking place and shall become effective on the date hereof: (i) immediately prior to the execution of this notice of acceptance and appointment and to the execution of the mentioned notice of resignation, the sale and assignment of all of the interest in and to GE Capital EFS Financing, Inc.'s rights and obligations under the Note Agreement, the other Transaction Documents and any other agreements, documents or instruments delivered pursuant thereto or for the benefit of the Noteholders relating thereto, to Red Tree Investments, LLC; and (ii) concurrently with the execution of this notice of acceptance and appointment, the resignation of GE Capital EFS Financing, Inc. as Administrative Agent under the Note Agreement.

Yours truly,

Red Tree Investments, LLC

Authorized Signatory

We hereby confirm and accept our appointment as Administrative Agent under the Note Agreement for all purposes effective immediately from the date hereof, on the terms set forth herein above.

We hereby provide our account details as Administrative Agent under the Note Agreement, for purposes of amending and updating Schedule 2.08 thereof accordingly:

ABA # 021000018
Beneficiary Account No: 8901212318
Beneficiary Account Name: WELLS FARGO SECURITIES, LLC
FFC Account No: 2MA01252
FFC Account Name: Red Tree Investments, LLC

Furthermore, we hereby provide our address and details for notices and other communications to us as Administrative Agent under the Note Agreement, for purposes of amending and updating Sections 9.01(b) and 2.08 thereof accordingly:

Red Tree Investments, LLC
c/o Daniel Salinas-Serrano
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
202-905-4668 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
danielsalinas@quinnemanuel.com

Yours truly,
Red Tree Investments, LLC

Authorized Signatory

2

K12 3108755.1