# EXHIBIT 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

RED TREE INVESTMENTS, LLC,

              Plaintiff,

-against-                                              Index No. _____

PETRÓLEOS DE VENEZUELA, S.A. and
PDVSA PETRÓLEO, S.A.,

              Defendants.

---

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT

QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000

-and-

GANFER SHORE LEEDS & ZAUDERER LLP
360 Lexington Avenue
New York, New York 10017
212-922-9250

*Attorneys for Red Tree Investments, LLC*

## TABLE OF CONTENTS

                                                                                       **Page**

PRELIMINARY STATEMENT ...........................................................................................1

BACKGROUND ...............................................................................................................2

    A.    The Parties and Relevant Non-Parties ..............................................................2

    B.    PDVSA And Petróleo Have Defaulted Under The Notes ...................................2

    C.    Petróleo Guaranteed And Agreed To Be Jointly And Severally Liable For Amounts Due Under the Notes ...................................................................5

    D.    GE Capital EFS Validly Assigned The 2015 and 2016 Notes To Red Tree ...........6

ARGUMENT ......................................................................................................................7

I.    RED TREE IS ENTITLED TO JUDGMENT AGAINST PDVSA .................................8

    A.    The Notes Are Subject To CPLR § 3213 ................................................................8

    B.    PDVSA Has Failed To Pay In Accordance With The Notes ..............................10

II.    RED TREE IS ENTITLED TO JUDGMENT AGAINST PETRÓLEO FOR THE AMOUNTS DUE UNDER THE GUARANTEES ............................................................11

CONCLUSION...................................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Alard, L.L.C. v. Weiss*,
  1 A.D.3d 131 (1st Dep't 2003) .................................................................................................. 9

*Bank of America v. Solow*,
  2008 WL 1821877, 862 N.Y.S.2d 812 (N.Y. Sup. Apr. 17, 2008) ......................................... 10

*Boland v. Indah Kiat Financial (IV) Mauritius Ltd.*,
  291 A.D.2d 342 (1st Dep't 2002) ......................................................................................... 7, 8

*Capital Bank, N.A. v. 4021 18 Ave LLC*,
  971 N.Y.S.2d 70 (N.Y. Sup. 2013) .......................................................................................... 8

*Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Navarro*,
  25 N.Y.3d 485 (2015) .................................................................................................... 7, 8, 11

*Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l.*,
  996 N.Y.S.2d 476 (N.Y. Sup. 2014) ...................................................................................... 10

*Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.D.r.l.*,
  142 A.D.3d 833 (2d Dep't 2016) ........................................................................................... 10

*Cutter Bayview Cleaners, Inc. v. Spotless Shirts, Inc.*,
  57 A.D.3d 708 (2d Dep't 2008) ............................................................................................... 8

*DH Cattle Holdings Co. v. Kuntz*,
  165 A.D.2d 568 (3rd Dep't 1991) ............................................................................................ 9

*E. N.Y. Sav. Bank v. Baccaray*,
  214 A.D.2d 601 (2d Dep't 1995) ............................................................................................. 8

*Equator Int'l, Inc. v. NH St. Inv'rs, Inc.*,
  978 N.Y.S.2d 817 (N.Y. Sup. 2014) ........................................................................................ 8

*Guzzone v. Masluf Realty Corp.*,
  990 N.Y.S.2d 437 (N.Y. Sup. 2014) ...................................................................................... 10

*Hendricks v. Hunter*,
  2016 WL 944002 (N.Y. Sup. Mar. 6, 2017) ............................................................................ 8

*Hudson Valley Bank v. Banxcorp.*,
  958 N.Y.S.2d 61 (N.Y. Sup. 2010) ........................................................................................ 11

*Lugli v. Johnston*,
  78 A.D.3d 1133 (2d Dep't 2010) .......................................................................................... 8, 9

*Maglich v. Saxe, Bacon & Bolan P.C.*,
  97 A.D.2d 19 (1st Dep't 1983) ................................................................................................. 7

*Oak Rock Fin., LLC v. Rodriguez*,
  148 A.D.3d 1036 (2d Dep't 2017) ......................................................................................... 10

*Sarfati v. Palazzolo*,
   142 A.D.3d 877 (1st Dep't 2016) ................................................................................................ 8

*United Rentals (N. Am.), Inc. v. Iron Age Tool Corp.*,
   150 A.D.3d 1304 (2d Dep't 2017) ............................................................................................. 11

*VNB N.Y. Corp. v. Diamond*,
   2011 WL 13220807 (N.Y. Sup. Oct. 6, 2011) ............................................................................. 8

*Weissman v. Sinorm Deli, Inc.*,
   88 N.Y.2d 437 (1996) ............................................................................................................ 9, 10

### Statutory Authorities

N.Y. Civ. Prac. L. & R. § 3213 ...................................................................................................... passim

### Other Authorities

Higgit, John R., Practice Commentary, McKinney's Cons Laws of NY,
   2017 Electronic Update ............................................................................................................. 10

Plaintiff Red Tree Investments, LLC ("Red Tree") respectfully submits this memorandum of law in support of its Motion pursuant to CPLR § 3213 for Summary Judgment in Lieu of Complaint against Defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo") (together with PDVSA, "Defendants").[1]

## PRELIMINARY STATEMENT

Red Tree brings this Motion to recover the principal amount of $118,359,515.23, plus accrued interest, outstanding and overdue under three debt instruments:

- two notes issued on March 27, 2015 (the "2015 Notes"), pursuant to a Note Agreement, dated March 27, 2015, originally entered into by General Electric Capital Corporation ("GE Capital") as lender, PDVSA as issuer, and Petróleo as guarantor (the "2015 Note Agreement"); and

- a note issued on May 13, 2016 (the "2016 Note" and together with the 2015 Notes, the "Notes"), pursuant to a Note Agreement, dated May 13, 2016, originally entered into by GE Capital EFS Financing Inc. ("GE Capital EFS") as lender, PDVSA as issuer, and Petróleo as guarantor (the "2016 Note Agreement" and together with the 2015 Note Agreement, the "Note Agreements").

On January 25, 2019, GE Capital EFS assigned the Notes to Red Tree. As a result of the assignments, Red Tree now stands in GE Capital EFS's shoes as the holder of the Notes and Administrative Agent under the Note Agreements.

The Notes are in default—PDVSA failed to repay the 2015 Notes on their maturity date of March 27, 2018, and has not made any payments on the 2016 Note since September 27, 2017 (missing the December 27, 2017 payment and all payments thereafter). In addition, Petróleo has failed to pay the amounts outstanding in breach of its obligations under the guarantees on both instruments. Because the Notes are "instruments for the payment of money only," and PDVSA and Petróleo indisputably have breached their payment obligations under those instruments, Red

---

[1] The United States Treasury Department's Office of Foreign Assets Control has imposed certain sanctions on Venezuela and Venezuelan-related entities, including the Defendants. Those sanctions, however, do not affect Red Tree's ability to file, or this Court's jurisdiction to adjudicate, this action.

1

Tree is entitled to summary judgment in the amount of $118,359,515.23 (on account of outstanding principal), plus accrued interest, pursuant to CPLR § 3213.

## BACKGROUND

### A.   The Parties and Relevant Non-Parties

Plaintiff Red Tree is a limited liability company incorporated in Delaware. Red Tree holds the Notes and is the Administrative Agent under the Note Agreements.

Defendants PDVSA and Petróleo are corporations organized under the laws of the Bolivarian Republic of Venezuela.

PDVSA and Petróleo have submitted to jurisdiction and venue in New York by expressly consenting to New York State Court jurisdiction and waiving any and all objections to venue, as well as any defense of an inconvenient forum in New York State Court for any actions related to the Notes. PDVSA and Petróleo also waived sovereign immunity.[2]

Non-party GE Capital is a Delaware corporation and a financial services subsidiary of General Electric. It is the original Noteholder under the 2015 Note Agreement.[3]

Non-party GE Capital EFS is a Delaware corporation and a financial services subsidiary of General Electric. It is the original Noteholder under the 2016 Note Agreement.[4]

### B.   PDVSA And Petróleo Have Defaulted Under The Notes

#### 1.   The 2015 Notes

Under the 2015 Note Agreement, PDVSA issued (and Petróleo guaranteed) two notes: one provided that PDVSA agreed to pay GE Capital or its assigns the original principal balance of

---

[2] *See* Affirmation of Stephen Broome, dated February 15, 2019 ("Broome Aff.") Ex. A, § 9.15(a)-(c) (2015 Note Agreement); *id*. Ex. D, § 9.15(a)-(c) (2016 Note Agreement).

[3] *See id*. Ex. F, Affidavit of Daniel Wallitt, dated and sworn to January 25, 2019 ("Wallitt 2015 Notes Aff."), ¶ 3.

[4] *See id*. Ex. G, Affidavit of Daniel Wallitt, dated and sworn to January 25, 2019 ("Wallitt 2016 Note Aff."), ¶ 3.

$131,855,116.31, and the other provided that PDVSA agreed to pay SACE or its assigns the original principal balance of $124,700,488.54.[5] SACE assigned its note to GE Capital EFS, which assigned both notes to Red Tree.[6] The 2015 Notes provide for an annual interest rate of 6.5%, a default interest rate of 8.5%, and each include a schedule of payments as Exhibit A.[7] The schedule of payments provides that principal payments in a combined amount of $21,379,633.74, as well as interest payments, were due to GE Capital and SACE, respectively, starting on March 31, 2015.[8]

The 2015 Note Agreement set March 27, 2018 as the maturity date for all notes issued under that agreement.[9] On that date, PDVSA was obligated to pay to GE Capital EFS (GE Capital's successor)[10] and SACE $21,379,633.74 in principal and $347,419.03 in interest. PDVSA, however, failed to make the required payment on the maturity date.[11] Indeed, since its default on March 27, 2018, PDVSA has made no payments on the 2015 Notes.[12] In addition, despite Petróleo's obligation as guarantor to immediately pay all outstanding amounts due on the 2015 Notes, it failed to make any payments to GE Capital EFS.[13] On July 26, 2018, GE Capital EFS sent notice of missed payment to PDVSA and Petróleo. Neither PDVSA nor Petróleo has tendered any payments to GE Capital or Red Tree for the amounts outstanding under the 2015 Notes.[14]

---

[5] Wallitt 2015 Notes Aff., ¶ 4.

[6] *Id*. Ex. B (assignment); *id*. Ex. C (assignment effective date notice); *id*. Ex. D (notice of assignment); *id*., ¶¶ 11–12.

[7] *Id*., ¶ 4.

[8] Broome Aff. Ex. B at 3; *id*. Ex. C at 3.

[9] *Id*. Ex. A at 6.

[10] *See* Wallitt 2015 Notes Aff., ¶ 6.

[11] *Id.*, ¶ 8.

[12] *See id.*

[13] *See id.*, ¶ 9.

[14] *Id.* Ex. A (notice of non payment); *id.*, ¶¶ 8–10.

As of January 25, 2019, the date of assignment, the total outstanding principal due and owing on the 2015 Notes is $21,379,633.74.[15] This balance reflects the outstanding principal, but does not include interest, including at the default rate, which continues to accrue.[16]

### 2. The 2016 Note

Pursuant to the 2016 Note Agreement, PDVSA issued (and Petróleo guaranteed) the 2016 Note in the principal amount of $193,959,763.03.[17] The 2016 Note provides for an annual interest rate of 6.5%, a default interest of 8.5%, and includes a schedule of payments as Exhibit A.[18] The schedule of payments provides that principal payments of $16,163,313.59, as well as interest payments, were due quarterly starting on June 27, 2016.[19]

Upon an Event of Default, the principal and accrued interest may be declared due and payable.[20] Pursuant to the 2016 Note Agreement, which is incorporated into the 2016 Note by reference, an Event of Default occurs when there is a "failure to pay the principal of, or interest" when "such principal becomes due and payable," and such failure "continues for a period of five (5) days after written notice thereof has been given" to PDVSA.[21]

PDVSA was required to make a payment to GE Capital EFS on the 2016 Note on December 27, 2017, but did not.[22] PDVSA has not made any payment on the 2016 Note since September 27,

---

[15] *Id.*, ¶ 14.

[16] *Id.*

[17] Wallitt 2016 Note Aff., ¶¶ 3–5.

[18] *Id.*, ¶ 4.

[19] Broome Aff. Ex. E at 3; Wallitt 2016 Note Aff., ¶ 6.

[20] Broome Aff. Ex. E at 2.

[21] *Id.* Ex. D at 31 (Article VII: Events of Default).

[22] Wallitt 2016 Note Aff., ¶ 6.

2017, after it missed payment on December 27, 2017.[23] In addition, despite Petróleo's obligation as guarantor to immediately make all outstanding payments on the 2016 Note as they came due, Petróleo failed to make the payments due.[24]

On January 5, 2018, GE Capital EFS sent notice of non-payment to PDVSA and Petróleo.[25] On March 19, 2018, GE Capital EFS sent a notice of acceleration to PDVSA and Petróleo.[26] Neither PDVSA nor Petróleo has tendered any payments to GE Capital or Red Tree for the amounts outstanding under the 2016 Note.[27]

As of January 25, 2019, the date of assignment, the outstanding principal due and owing to Red Tree on the 2016 Note is $96,979,881.49.[28] This balance reflects the outstanding principal, and does not include interest, including at the default rate, which continues to accrue.[29]

### C. Petróleo Guaranteed And Agreed To Be Jointly And Severally Liable For Amounts Due Under the Notes

Pursuant to the 2015 and 2016 Note Agreements, Petróleo guaranteed PDVSA's obligations under any notes and loans issued pursuant to the agreements.[30] In its capacity as "Guarantor" Petróleo "agree[d] that it is jointly and severally liable for, and, as primary obligor and not merely as surety, absolutely and unconditionally guarantees . . . prompt payment [of principal and interest] when due, whether at stated maturity, upon acceleration or otherwise, and

---

[23] *See id.*

[24] *See id.*, ¶ 7.

[25] *See id.* Ex. A (Notice of non payment); *id*, ¶ 8.

[26] *See id.* Ex. B (Acceleration letter); *id*, ¶ 8.

[27] Wallitt 2016 Note Aff, ¶¶ 6–8.

[28] *Id*., ¶ 10.

[29] *Id*.

[30] *See* Broome Aff. Ex. A, at Article VI (2015 Note Agreement) (the "2015 Guarantee"); *id.* Ex. D, at Article VI (2016 Note Agreement) (the "2016 Guarantee").

at all times thereafter."[31] Petróleo's obligations as Guarantor are "unconditional and absolute and not subject to any reduction, limitation, impairment or termination for any reason."[32]

Petróleo also guaranteed "all costs and expenses including all court costs and attorneys' and paralegals' fees . . . and expenses paid or incurred by the . . . Noteholders in endeavoring to collect all or any part of the Obligations" under each agreement.[33] And Petróleo "waive[d] any defense based on or arising out of any defense of the Issuer or the Guarantor. . . other than the indefeasible payment in full."[34] Petróleo has not made any payments on account of the Notes.[35]

### D. GE Capital EFS Validly Assigned The 2015 and 2016 Notes To Red Tree

The 2015 and 2016 Note Agreements both allow for the assignment of interests under the agreements. Assignment requires notice to PDVSA, but does not require PDVSA's consent.[36]

On January 25, 2019, GE Capital EFS, as successor to GE Capital, assigned the 2015 Notes to Red Tree. The assignment and acceptance reflects a principal balance of $21,379,633.71 (plus all accrued interest).[37] On January 25, 2019, GE Capital EFS assigned the 2016 Note to Red Tree.

---

[31] *Id*. Ex. A § 6.01 (2015 Guarantee); *id.* Ex. D § 6.01 (2016 Guarantee).

[32] *Id*. Ex. A § 6.03 (2015 Guarantee); *id.* Ex. D § 6.03 (2016 Guarantee).

[33] *Id*. Ex. A § 6.01 (2015 Guarantee); *id.* Ex. D § 6.01 (2016 Guarantee). The "Obligations" include as relevant here "all obligations of every nature" including "principal, interest, fees, expenses, indemnification or otherwise." *Id.* Ex. A at 8 (2015 Note Agreement Section defining "Obligations"); *id.* Ex. D at 8 (2016 Note Agreement Section defining "Obligations").

[34] *Id*. Ex. A § 6.04 (2015 Guarantee); *id.* Ex. D § 6.04 (2016 Guarantee).

[35] Wallitt 2015 Notes Aff., ¶ 9; Wallitt 2016 Note Aff., ¶ 7.

[36] Broome Aff. Ex. A, § 9.04 (2015 Note Agreement on Successors and Assigns); *id*. Ex. D § 9.04 (2016 Note Agreement on Successors and Assigns).

[37] *See* Wallitt 2015 Notes Aff. Ex. E; *id*., ¶ 13. SACE had previously assigned one of the 2015 Notes to GE Capital. *See id*. Ex. B; *id*., ¶¶ 11–12.

The assignment and acceptance reflects a principal balance of $96,979,881.49 (plus all accrued interest).[38]

GE Capital EFS properly notified PDVSA and Petróleo of both assignments. Specifically, in accordance with Sections 9.04 of the Note Agreements, on January 25, 2019, GE Capital EFS, in its capacity as Administrative Agent, served notice of the assignments to Red Tree of the 2015 and 2016 Notes on PDVSA and Petróleo.[39]

## ARGUMENT

Under CPLR § 3213, a plaintiff may move for summary judgment in lieu of a complaint if the action is "based upon an instrument for the payment of money only." CPLR § 3213. The purpose of CPLR § 3213 is "to provide quick relief on documentary claims so presumptively meritorious that a formal complaint is superfluous." *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Navarro*, 25 N.Y.3d 485, 491–92 (2015) ("*Rabobank*") (citation omitted); *Maglich v. Saxe, Bacon & Bolan P.C.*, 97 A.D.2d 19, 21 (1st Dep't 1983) (CPLR § 3213 "affords a speedy and efficient remedy to secure a judgment in certain cases where service of formal pleadings would be unnecessary for the expeditious resolution of the dispute between the parties.").

A plaintiff makes a *prima facie* case by establishing two elements: (1) "proof of the [instrument]" (i.e., that the obligation is valid and is based on an instrument for the payment of money only) and (2) proof of the "failure to make the payments called for by its terms." *Boland*

---

[38] *See* Wallitt 2016 Note Aff. Ex. C; *id*., ¶ 9.

[39] *See* Wallitt 2015 Notes Aff.. Ex. F; *id.*, ¶ 15; Wallitt 2016 Note Aff. Ex. D; *id.*, ¶ 11. In connection with the assignment, GE Capital EFS resigned as Administrative Agent and Red Tree was appointed as successor Administrative Agent under the Note Agreements. *See* Wallitt 2015 Notes Aff. Ex. F (Notice of resignation as Administrative Agent under Note Agreement and Notice of acceptance and appointment of successor of Administrative Agent under Note Agreement); Wallitt 2016 Note Aff. Ex. D. (Notice of resignation as Administrative Agent under Note Agreement and Notice of acceptance and appointment of successor of Administrative Agent under Note Agreement).

*v. Indah Kiat Financial (IV) Mauritius Ltd.*, 291 A.D.2d 342, 343 (1st Dep't 2002). Once the plaintiff has made its *prima facie* case of entitlement to judgment as a matter of law, "the burden shifts to the defendant to establish, by admissible evidence, the existence of a triable issue with respect to a bona fide defense." *Rabobank*, 25 N.Y.3d at 492 (citing *Cutter Bayview Cleaners, Inc. v. Spotless Shirts, Inc.*, 57 A.D.3d 708, 710 (2d Dep't 2008)).

Each of the *prima facie* elements is satisfied here: the Notes are instruments for the payment of money only and PDVSA has not made the required payments.[40]

## I. RED TREE IS ENTITLED TO JUDGMENT AGAINST PDVSA

### A. The Notes Are Subject To CPLR § 3213

The Notes are "instrument[s] for the payment of money only" pursuant to CPLR § 3213. The relevant inquiry is whether the instrument being enforced "contains an unconditional promise by the borrower to pay the lender over a stated period of time." *Lugli v. Johnston*, 78 A.D.3d 1133, 1134 (2d Dep't 2010); *Hendricks v. Hunter*, 2016 WL 944002, at *2 (N.Y. Sup. Mar. 6, 2017) (same); *VNB N.Y. Corp. v. Diamond*, 2011 WL 13220807, at *4 (N.Y. Sup. Oct. 6, 2011) (same). The Notes easily satisfy this criterion.

Each of the Notes is signed by a representative of PDVSA, provides the amount of principal issued pursuant to the Note, contains an explicit "promise[]" to repay "the principal sum . . . with

---

[40] The Notes were originally issued to GE Capital, GE Capital EFS, and SACE. As discussed above, the Notes were validly assigned to Red Tree on January 25, 2019, after one of the 2015 Notes was assigned from SACE to GE Gapital EFS. Motions under CPLR § 3213 are regularly granted to holders of notes by assignment. *See Sarfati v. Palazzolo*, 142 A.D.3d 877, 877 (1st Dep't 2016) (finding plaintiff entitled to summary judgment where the "assignment agreement included an unambiguous and valid assignment of plaintiff's rights under the stock purchase agreement that demonstrates the intent of the parties to assign plaintiff's rights"); *E. N.Y. Sav. Bank v. Baccaray*, 214 A.D.2d 601, 602 (2d Dep't 1995) (holding that the "defendants failed to establish the existence of any triable issues of fact or meritorious defenses in opposition" to a motion under Section 3213 brought by a holder of a note and loan security agreement by assignment); *Equator Int'l, Inc. v. NH St. Inv'rs, Inc.*, 978 N.Y.S.2d 817, 820 (N.Y. Sup. 2014) (granting summary judgment motion in lieu of complaint to assignee of original lender); *Capital Bank, N.A. v. 4021 18 Ave LLC*, 971 N.Y.S.2d 70 (N.Y. Sup. 2013) (same).

interest" on specific quarterly repayment dates and in amounts explicitly set forth in Exhibit A to each note. The Note Agreements further provide that if an Event of Default "occurs and is continuing, the principal and accrued interests under the Note may be declared or otherwise become due and payable."[41] New York courts routinely hold that such notes are precisely the kind of instruments that are subject to CPLR § 3213. *See, e.g.*, *Lugli*, 78 A.D.3d at 1134; *see also Weissman*, 88 N.Y.2d at 444 ("The prototypical example of an instrument within the ambit of the statute is of course a negotiable instrument for the payment of money—an unconditional promise to pay a sum certain, signed by the maker and due on demand or at a definite time."); *Alard, L.L.C. v. Weiss*, 1 A.D.3d 131, 131 (1st Dep't 2003) ("Plaintiff was properly granted summary judgment in lieu of complaint in this action on a promissory note."); *DH Cattle Holdings Co. v. Kuntz*, 165 A.D.2d 568, 570 (3rd Dep't 1991) (A promissory note is "clearly an instrument for the payment of money only within the meaning of CPLR § 3213[.]").

That the Notes cross-reference their respective Note Agreements does not disqualify them from enforcement via CPLR § 3213. Standard cross-references among related transaction documents do not constitute "outside proof," but, rather, are the permissible "de minimis deviation[s] from the face of the document," permissible under CPLR § 3213. *Weissman*, 88 N.Y.2 at 444. The recent Practice Commentaries for the statute describe this principle:

> What is permitted under the de minimis deviation principle is a reference, in the instrument itself, to a ***specific parol source*** that, in turn, ***supplies an unambiguous and immutable fact necessary to establish the existence of a debt, the defendant's obligation to pay the debt, or the amount of the debt***. In a way, the parol source is part of the instrument, ***the source having been expressly incorporated by reference into the instrument***.

---

[41] *See* Broome Aff. Ex. B at 1; *id.* C at 1; *id.* Ex. E at 1.

Higgit, John R., Practice Commentary, McKinney's Cons Laws of NY, 2017 Electronic Update, CPLR § 3213 (emphases added). Here, the Notes expressly incorporate by reference the respective Note Agreements (specific parol sources) which unambiguously define Events of Default (including, unsurprisingly, non-payment of principal and interest when due).[42]

### B. PDVSA Has Failed To Pay In Accordance With The Notes

As explained in the supporting affidavits, PDVSA has defaulted on the Notes and failed to pay the balance due under each.[43] Indeed, PDVSA has not tendered payments pursuant to the 2015 Notes since the maturity date for those notes, March 27, 2018, and pursuant to the 2016 Note since December 27, 2017, either to GE or Red Tree.[44] As of the date of assignment, the amounts due and owing to Red Tree on the 2015 Notes is $21,379,633.74, plus unpaid interest, which continues to accrue,[45] and the amount due and owing on the 2016 Note is $96,979,881.49, plus unpaid interest, which continues to accrue.[46]

---

[42] An opinion by Justice Fried, *Bank of America v. Solow*, 2008 WL 1821877, 862 N.Y.S.2d 812 (N.Y. Sup. Apr. 17, 2008), affirmed by the First Department, 59 A.D.3d 304 (1st Dep't 2009), is instructive. The *Solow* defendant claimed that an instrument (there a guaranty) was not subject to CPLR § 3213 because it referenced other agreements and contained more than a promise for payment of money. 2008 WL 1821877, at *3. That argument was rejected because "application of CPLR 3213 is not affected by the circumstance that the instrument in question was part of a larger transaction . . . as long as the instrument requires the defendant to make certain payments and nothing else." *Id.* (internal quotation and citation omitted). The court noted that, as here, references "to other documents provide the necessary background to enforcing the [instrument] by establishing the amount owed, the interest rate, and the nature of the primary obligation." *Id.* at *4.

[43] Affidavits are regularly offered as "simple proof of nonpayment" in the demonstration of a plaintiff's case under Section 3213. *Oak Rock Fin., LLC v. Rodriguez*, 148 A.D.3d 1036, 1039 (2d Dep't 2017) (citing *Weissman v. Sinorm Deli, Inc.*, 88 N.Y.2d 437, 444 (1996)); *see Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l.*, 996 N.Y.S.2d 476, 493 (N.Y. Sup. 2014), *aff'd as modified sub nom. Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.D.r.l.*, 142 A.D.3d 833 (2d Dep't 2016) (granting a 3213 motion based on an affidavit as "simple proof of nonpayment to calculate the amount due"); *Guzzone v. Masluf Realty Corp.*, 990 N.Y.S.2d 437 (N.Y. Sup. 2014) (finding *prima facie* case on a 3213 motion established by an affidavit "asserting that defendants have failed to pay a sum certain required by the terms of the subject Note").

[44] *See* Wallitt 2015 Notes Aff., ¶ 8; Broome Aff. Ex. A at 9 (definition of Maturity Date under the 2015 Note Agreement); Wallitt 2016 Note Aff., ¶ 6; *id.* Ex. A (notice of non-payment to PDVSA under the 2016 Note).

[45] Wallitt 2015 Notes Aff., ¶ 15. The balance reflects the outstanding principal; interest is also due at the Default Rate starting March 27, 2018. *Id.*

[46] Wallitt 2016 Note Aff, ¶ 10.

Accordingly, Red Tree is entitled to judgment in the amount of $118,359,515.23 (on account of outstanding principal), plus accrued interest.

## II. RED TREE IS ENTITLED TO JUDGMENT AGAINST PETRÓLEO FOR THE AMOUNTS DUE UNDER THE GUARANTEES

Under New York law, an unconditional guaranty is an "instrument for the payment of money only" within the meaning of CPLR § 3213. *See Rabobank*, 25 N.Y.3d at 492. *Hudson Valley Bank v. Banxcorp.*, 958 N.Y.S.2d 61 (N.Y. Sup. 2010) ("An unconditional guaranty is an instrument for the payment of money only, whether or not it recites a sum certain."). To enforce a guarantee pursuant to CPLR § 3213, the plaintiff "must prove the existence of the guarantee, the underlying debt and the guarantor's failure to perform under the guaranty." *Id.*; *see also United Rentals (N. Am.), Inc. v. Iron Age Tool Corp.*, 150 A.D.3d 1304, 1306 (2d Dep't 2017) ("[P]laintiff established its prima facie entitlement to judgment as a matter of law . . . by proving the existence of the unconditional guarantee" as well as the "underlying debt" and "failure to perform under the guarantee."). Each of these elements is satisfied here.

*First*, Petróleo provided unconditional guarantees of PDVSA's payment obligations under the Notes.[47] Each of Petróleo's Guarantees is expressly "unconditional and absolute" and further provides that it is "not subject to any reduction, limitation, impairment or termination for any reason."[48] *Second*, the Notes (and their respective Note Agreements), which GE Capital EFS validly assigned to Red Tree, demonstrate the existence of the underlying debt. *Third*, as set forth in the Wallitt affidavits, Petróleo has failed to make any payment under the Guarantees.[49]

---

[47] *See* Broome Aff. Ex. A at VI (2015 Guarantee); *id*. Ex. D at VI (2016 Guarantee).

[48] *Id.*

[49] *See* Wallitt 2015 Notes Aff., ¶ 9; Wallitt 2016 Note Aff., ¶ 7.

*Finally*, each of the Guarantees provides that Petróleo is "jointly and severally liable for, and, as primary obligor and not merely as surety, absolutely and unconditionally guarantees . . . prompt payment when due."[50] Accordingly, Red Tree is entitled to judgment against Petróleo for the full amount due under the 2015 Notes and the 2016 Note.

## CONCLUSION

For the reasons set forth above, Red Tree respectfully requests that the Court enter an Order granting the Motion for Summary Judgment in Lieu of Complaint against the Defendants, on a joint and several basis, in the amount of $118,359,515.23 (on account of outstanding principal), plus accrued interest, and establishing that Red Tree is entitled to an award of fees and costs, including reasonable attorneys' fees, and setting a briefing schedule regarding fees and costs.

*[Remainder of Page Left Blank Intentionally]*

---

[50] *See* Broome Aff. Ex. A § 6.01 (2015 Guarantee); *id*. Ex. D § 6.01 (2016 Guarantee).

DATED: New York, New York
February 15, 2019

        QUINN EMANUEL URQUHART & SULLIVAN, LLP

        By: */s/ Stephen A. Broome*

        Stephen A. Broome
        Susheel Kirpalani
        Victor Noskov
        Anna Deknatel
        51 Madison Avenue, 22nd Floor
        New York, New York 10010-1601
        (212) 849-7000

        Daniel Salinas-Serrano (*pro hac vice* forthcoming)
        1300 I Street, N.W.
        Suite 900
        Washington, D.C. 20005
        Tel: 202-538-8132

        -and-

        */s/ Mark C. Zauderer*

        GANFER SHORE LEEDS & ZAUDERER LLP
        Mark C. Zauderer, Esq.
        360 Lexington Avenue
        New York, New York 10017
        212-922-9250

        *Attorneys for Red Tree Investments, LLC*