UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RED TREE INVESTMENTS, LLC,

                    Plaintiff,

               - against -

PETROLEOS DE VENEZUELA, S.A. and PDVSA
PETROLEO, S.A.,

                  Defendants.

**SUPPLEMENTAL
MEMORANDUM OF LAW**

Docket No. 1:19-CV-02519
(related to 1:19-CV-02523)

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

Stephen A. Broome
Susheel Kirpalani
Victor Noskov
Anna Deknatel
51 Madison Avenue, 22nd Floor
New York, New York  10010-1601
(212) 849-7000

Daniel Salinas-Serrano (*pro hac vice*)
1300 I Street, N.W.
Suite 900
Washington, D.C. 20005
Tel: 202-538-8132

*Attorneys for Red Tree Investments,
LLC*

Plaintiff Red Tree Investments LLC ("Red Tree") respectfully submits this supplemental memorandum of law to address the removal of this action to this Court by Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo") (together with PDVSA, "Defendants").

**RED TREE'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT PURSUANT TO N.Y.C.P.L.R. § 3213 SHOULD BE TREATED AS A MOTION FOR SUMMARY JUDGMENT UNDER F.R.C.P. RULE 56**

On February 15, 2019, Red Tree commenced this proceeding against Defendants by filing a motion for summary judgment in lieu of complaint under CPLR 3213 (the "Motion") in New York State Court for breach of Defendants' obligation to make payments due on certain notes issued in 2015 and 2016.  (Broome Decl., Ex. 1-11).  Red Tree served the Defendants on February 19, 2019.  (Broome Decl., Ex. 12-13).  Defendants did not respond to the Motion. (Broome Decl., Ex. 14).  On March 21, 2019, Defendants removed this action to this Court (Broome Decl., Ex. 15).  Defendants' removal of this case has no effect on the validity or procedural posture of the Motion, which the Court should treat as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

The law in this Circuit is clear that "[u]pon removal to federal court, a New York C.P.L.R. section 3213 motion for summary judgment in lieu of complaint is converted to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure."  *Beaufort Capital Partners LLC v. Oxysure Sys., Inc.*, 2017 WL 913791, at *2 (S.D.N.Y. Mar. 7, 2017); *see also D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 108 (2d Cir. 2006) ("*Gottdiener*") ("[T]he district court takes the removed action in the posture in which it existed when it is removed from a state court's jurisdiction and must give effect to all action and procedures accomplished in a state court prior to removal.") (internal citations omitted); *Sun Forest Corp. v.*

*Shvili*, 152 F. Supp. 2d 367, 387 (S.D.N.Y. 2001) (same); *Valley Nat. Bank v. Oxygen Unlimited, LLC*, 2010 WL 5422508, at *2 (S.D.N.Y. Dec. 23, 2010) (same).

Since removing to this Court 21 days ago, Defendants have still not responded to the Motion, missing every conceivable deadline to do so.   *See*, Fed. R. Civ. P. 81 (requiring defendant who did not answer before removal to "answer or present other defenses or objections… within … 7 days after the notice of removal is filed"); *see also*, Rule 6.1(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (requiring a response "within fourteen days after service of the moving papers").

And any argument that Defendants were not obligated to respond to the Motion until it was re-noticed in this Court flies in the face of explicit Second Circuit guidance:

> ***[T]reating the [removed action] as a motion does not lead to the conclusion that the [defendants] could simply await some initiative by the [plaintiff] or the court.*** Removed proceedings arrive in federal court in the procedural posture they had in state court.
> …
> The New York Petition contained a return date and, as allowed by Section 403(b) of the New York C.P.L.R., a demand for service of the response seven days before the return date. N.Y.C.P.L.R. § 403(b) ("An answer shall be served at least seven days before [the time of hearing specified in the notice of petition] if a notice of petition served at least twelve days before such time so demands...."). The [defendants] removed the Petition after the due date for the response but before the return date. When the New York Petition arrived in federal court, its posture was unchanged: a motion with a return date.
> …
> That, indeed, is the logical outcome of the [defendants'] insistence that the Petition is a motion and not a complaint implicating Rule 55. ***The [defendants], therefore, should have responded in some fashion, e.g., by seeking an extension, arguing the merits, raising jurisdictional or venue objections, etc. We trust that parties faced with this or similar situations in the future will take counsel from our remarks***.

*See Gottdiener*, 462 F.3d at 108-09 (citation omitted and emphasis added).

This guidance notwithstanding, Red Tree is noticing and re-filing its motion for summary judgment before this Court out of an abundance of caution and to remove the sole rationalization

upon which Defendants appear to base their failure to respond.  As detailed above and in the Broome Affidavit, however, Red Tree served Defendants with the Motion 51 days ago. Defendants have not argued (and indeed cannot argue) that requiring Plaintiffs to notice and re-file the Motion on this docket were meant to somehow protect their due process rights or that they serve any other substantive purpose.  Red Tree respectfully submits that Defendants should be required to respond to the Motion for Summary Judgment forthwith and that the filing of the Notice of Motion and related filings should not alter the deadlines already applicable to the Motion.  Red Tree reserves its right to seek entry of default and default judgment

## CONCLUSION

For the reasons set forth above, and in the moving papers filed in the New York State Supreme Court, New York County, this Court should order Defendants to respond to the Motion forthwith and should grant summary judgment in favor of Red Tree.

*[Remainder of page left blank intentionally]*

Respectfully submitted,

DATED:   New York, New York
         April 11, 2019

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By:*/s/ Stephen A. Broome*

_____
Stephen A. Broome
Susheel Kirpalani
Victor Noskov
Anna Deknatel
51 Madison Avenue, 22nd Floor
New York, New York  10010-1601
(212) 849-7000

Daniel Salinas-Serrano (*pro hac vice*)
1300 I Street, N.W.
Suite 900
Washington, D.C. 20005
Tel: 202-538-8132

*Attorneys for Red Tree Investments, LLC*