UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RED TREE INVESTMENTS, LLC,

                Plaintiff,

- against -

PETROLEOS DE VENEZUELA, S.A. and PDVSA PETROLEO, S.A.,

                Defendants.

**STATEMENT PURSUANT TO LOCAL RULE 56.1**[1]

Docket No. 1:19-CV-02519
(related to 1:19-CV-02523)

Pursuant to Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Plaintiff Red Tree Investment, LLC ("Red Tree") sets forth the following statement of undisputed material facts in support of its motion for summary judgment:

---

[1] Contemporaneously with this statement, Red Tree filed a Declaration of Stephen A. Broome, dated April 11, 2019 (the "Broome Declaration"). The Broome Declaration appends a number of documents filed in New York State Supreme Court, New York County commencing this action (the "Moving Papers"), including the following: Summons (NYSCEF Doc. No. 1) (Broome Decl., Ex. 1); Notice of Motion for Summary Judgment in Lieu of Complaint (NYSCEF Doc. No. 2) (Broome Decl., Ex. 2); Affirmation of Stephen A. Broome in Support of Plaintiff's Motion for Summary Judgment in Lieu Of Complaint (NYSCEF Doc. No. 3) (the "3213 Broome Affirmation") (Broome Decl., Ex. 3); and Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint (NYSCEF Doc. No. 11) (the "3213 Memorandum of Law") (Broome Decl., Ex. 11). The 3213 Broome Affirmation appended certain key documents, including the following: the 2015 Note Agreement (NYSCEF Doc. No. 4) (Broome Decl., Ex. 4); the 2015 Notes (NYSCEF Doc. No. 5 and 6) (Broome Decl., Ex. 5 and 6); the 2016 Note Agreement (NYSCEF Doc. No. 7) (Broome Decl., Ex. 7); the 2016 Note (NYSCEF Doc. No. 8) (Broome Decl., Ex. 8); the Affidavit of Daniel Wallitt, a representative of the former holder of the Notes, GE Capital EFS Financing, Inc., describing the 2015 Notes and appending exhibits in support (NYSCEF Doc. No. 9) (the "2015 Wallitt Affidavit") (Broome Decl., Ex. 9); and the Affidavit of Daniel Wallitt describing the 2016 Note and appending exhibits in support (NYSCEF Doc. No. 10) (the "2016 Wallitt Affidavit," together with the 2015 Wallitt Affidavit, the "Wallitt Affidavits") (Broome Decl., Ex. 10)). For ease of reference, citations in this statement refer to the documents as they are appended to the Broome Declaration.

**The Parties and Relevant Non-Parties**

1.      Plaintiff Red Tree is a limited liability company incorporated in Delaware. Red Tree holds the Notes (as defined below) and is the Administrative Agent under the Note Agreements (as defined below).

2.      Defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo" and, together with PDVSA, "Defendants") are corporations organized under the laws of the Bolivarian Republic of Venezuela.

3.      PDVSA and Petróleo have submitted to jurisdiction and venue in New York by expressly consenting to New York State Court jurisdiction and waiving any and all objections to venue, as well as any defense of an inconvenient forum in New York State Court for any actions related to the Notes. PDVSA and Petróleo also waived sovereign immunity and appointed a process agent to receive service in New York.[2]

4.      Non-party General Electric Capital Corporation ("GE Capital") is a Delaware corporation and a financial services subsidiary of General Electric. It is the original Noteholder under the 2015 Note Agreement (as defined below).[3]

5.      Non-party GE Capital EFS Financing Inc. ("GE Capital EFS") is a Delaware corporation and a financial services subsidiary of General Electric. It is the original Noteholder under the 2016 Note Agreement (as defined below).[4]

---

[2] *See* Broome Decl., Ex. 4 (2015 Note Agreement), § 9.15(a)-(d); *id.*, Ex. 7 (2016 Note Agreement), § 9.15(a)-(d).

[3] *See id.*, Ex. 9 (2015 Wallitt Aff.), ¶ 3.

[4] *See id.*, Ex. 10 (2016 Wallitt Aff.), ¶ 3.

**The 2015 Notes**

6.   On March 27, 2015, Defendant PDVSA issued two notes (the "2015 Notes") under a note agreement dated March 27, 2015 (the "2015 Note Agreement"), originally entered into between and among GE Capital as lender, PDVSA as issuer, and Petróleo as guarantor.[5]

7.   One of the 2015 Notes provided that PDVSA agreed to pay GE Capital or its assigns the original principal balance of $131,855,116.31, and the other of the 2015 Notes provided that PDVSA agreed to pay SACE or its assigns the original principal balance of $124,700,488.54.[6]

8.   SACE assigned its note to GE Capital EFS, which assigned both notes to Red Tree.[7]

9.   The 2015 Notes provide for an annual interest rate of 6.5%, a default interest rate of 8.5%, and each include a schedule of payments as Exhibit A.[8]

10.   The schedule of payments provides that principal payments in a combined amount of $21,379,633.74, as well as interest payments, were due to GE Capital and SACE, respectively, starting on March 31, 2015.[9]

11.   The 2015 Note Agreement set March 27, 2018 as the maturity date for all notes issued under that agreement.[10]

---

[5] *See id.*, Ex. 9 (2015 Wallitt Aff.), ¶ 4

[6] *Id.*

[7] *Id.*, Ex. 9, Ex. B (assignment); *id.*, Ex. 9, Ex. C (assignment effective date notice); *id.*, Ex. 9, Ex. D (notice of assignment); *id.*, Ex. 9, ¶¶ 11–13.

[8] *Id.*, Ex. 9 ¶ 4; *id.*, Ex. 5 (2015 R-2 Note), at 3; *id.*, Ex. 6 (2015 R-3 Note), at 3.

[9] *Id.*, Ex. 5 (2015 R-2 Note), at 3; *id.*, Ex. 6 (2015 R-3 Note), at 3.

[10] *Id.*, Ex. 4 (2015 Note Agreement), at 6.

12. On that date, PDVSA was obligated to pay to GE Capital EFS (GE Capital's successor)[11] and SACE $21,379,633.74 in principal and $347,419.03 in interest. PDVSA, however, failed to make the required payment on the maturity date.[12]

13. Since its default on March 27, 2018, PDVSA has made no payments on the 2015 Notes.[13]

14. Despite Petróleo's obligation as guarantor to immediately pay all outstanding amounts due on the 2015 Notes, it failed to make any payments to GE Capital EFS.[14]

15. On July 26, 2018, GE Capital EFS sent notice of missed payment to PDVSA and Petróleo. Neither PDVSA nor Petróleo has tendered any payments to GE Capital or Red Tree for the amounts outstanding under the 2015 Notes.[15]

16. As of January 25, 2019, the date of assignment, the total outstanding principal due and owing on the 2015 Notes is $21,379,633.74. This balance reflects the outstanding principal, but does not include interest, including at the default rate, which continues to accrue.[16]

**The 2016 Note**

17. On May 13, 2016, PDVSA issued a note (the "2016 Note," and together with the 2015 Notes, the "Notes") pursuant to a Note Agreement, dated May 13, 2016, originally entered into by GE Capital EFS as lender, PDVSA as issuer, and Petróleo as guarantor (the "2016 Note Agreement" and together with the 2015 Note Agreement, the "Note Agreements"). Pursuant to

---

[11] *See id.*, Ex. 9 (2015 Wallitt Aff.), ¶ 6.

[12] *Id.*, Ex. 9, ¶ 8.

[13] *See id.*

[14] *See id.*, Ex. 9, ¶ 9.

[15] *Id.*, Ex. 9, Ex. A (notice of non payment); *id.*, Ex. 9, ¶¶ 8–10.

[16] *Id.*, Ex. 9, ¶¶ 8–10, 14.

4

the 2016 Note Agreement, PDVSA issued (and Petróleo guaranteed) the 2016 Note in the principal amount of $193,959,763.03.[17]

18. The 2016 Note provides for an annual interest rate of 6.5%, a default interest of 8.5%, and includes a schedule of payments as Exhibit A.[18]

19. The schedule of payments provides that principal payments of $16,163,313.59, as well as interest payments, were due quarterly starting on June 27, 2016.[19]

20. Upon an Event of Default, the principal and accrued interest may be declared due and payable.[20]

21. Pursuant to the 2016 Note Agreement, which is incorporated into the 2016 Note by reference, an Event of Default occurs when there is a "failure to pay the principal of, or interest" when "such principal becomes due and payable," and such failure "continues for a period of five (5) days after written notice thereof has been given" to PDVSA.[21]

22. PDVSA was required to make a payment to GE Capital EFS on the 2016 Note on December 27, 2017, but did not.[22]

23. PDVSA has not made any payment on the 2016 Note since September 27, 2017, after it missed payment on December 27, 2017.[23]

24. Despite Petróleo's obligation as guarantor to immediately make all outstanding payments on the 2016 Note as they came due, Petróleo failed to make the payments due.[24]

---

[17] *Id.*, Ex. 10 (2016 Wallitt Aff.), ¶¶ 3–5.

[18] *Id*., Ex. 10, ¶ 4; *id.* Ex. 8 (2016 Note), at 3.

[19] *Id.*, Ex. 8 (2016 Note), at 3; *id.*, Ex. 10 (2016 Wallitt Aff.), ¶ 6.

[20] *Id.*, Ex. 8 (2016 Note), at 2.

[21] *Id.*, Ex. 7 (2016 Note Agreement), Article VII(a).

[22] *Id.*, Ex. 10 (2016 Wallitt Aff.), ¶ 6.

[23] *See id.*

25.     On January 5, 2018, GE Capital EFS sent notice of non-payment to PDVSA and Petróleo.[25]

26.     On March 19, 2018, GE Capital EFS sent a notice of acceleration to PDVSA and Petróleo.[26]

27.     Neither PDVSA nor Petróleo has tendered any payments to GE Capital or Red Tree for the amounts outstanding under the 2016 Note.[27]

28.     As of January 25, 2019, the date of assignment, the outstanding principal due and owing to Red Tree on the 2016 Note is $96,979,881.49.[28]  This balance reflects the outstanding principal, and does not include interest, including at the default rate, which continues to accrue.[29]

**Petróleo's Guarantees**

29.     Pursuant to the 2015 and 2016 Note Agreements, Petróleo guaranteed PDVSA's obligations under any notes and loans issued pursuant to the agreements.[30]

30.     In its capacity as "Guarantor" Petróleo "agree[d] that it is jointly and severally liable for, and, as primary obligor and not merely as surety, absolutely and unconditionally guarantees . . . prompt payment [of principal and interest] when due, whether at stated maturity, upon acceleration or otherwise, and at all times thereafter."[31]

---

[24] *See id*., Ex. 10, ¶ 7.

[25] *See id.*, Ex. 10, Ex. A (Notice of non payment); *id*., Ex. 10, ¶ 8.

[26] *See id.*, Ex. 10, Ex. B (Acceleration letter); *id*., Ex. 10, ¶ 8.

[27] *Id.*, Ex. 10, ¶¶ 6–8.

[28] *Id*., Ex. 10, ¶ 10.

[29] *Id*.

[30] *See id.*, Ex. 4 (2015 Note Agreement), Article VI; *id.*, Ex. 7 (2016 Note Agreement), Article VI.

[31] *Id*., Ex. 4 (2015 Note Agreement), § 6.01; *id.*, Ex. 7 (2016 Note Agreement), § 6.01.

31. Petróleo's obligations as Guarantor are "unconditional and absolute and not subject to any reduction, limitation, impairment or termination for any reason."[32]

32. Petróleo also guaranteed "all costs and expenses including all court costs and attorneys' and paralegals' fees . . . and expenses paid or incurred by the . . . Noteholders in endeavoring to collect all or any part of the Obligations" under each agreement.[33]

33. Petróleo "waive[d] any defense based on or arising out of any defense of the Issuer or the Guarantor. . . other than the indefeasible payment in full."[34]

34. Petróleo has not made any payments on account of the Notes.[35]

**Assignment of 2015 and 2015 Notes from GE Capital EFS to Red Tree**

35. On January 25, 2019, GE Capital EFS, as successor to GE Capital, assigned the 2015 Notes to Red Tree. The assignment and acceptance reflects a principal balance of $21,379,633.71 (plus all accrued interest).[36]

36. On January 25, 2019, GE Capital EFS assigned the 2016 Note to Red Tree. The assignment and acceptance reflects a principal balance of $96,979,881.49 (plus all accrued interest).[37]

37. GE Capital EFS properly notified PDVSA and Petróleo of both assignments. Specifically, in accordance with Sections 9.04 of the Note Agreements, on January 25, 2019, GE

---

[32] *Id.*, Ex. 4 (2015 Note Agreement), § 6.03; *id.*, Ex. 7 (2016 Note Agreement), § 6.03.

[33] *Id.*, Ex. 4 (2015 Note Agreement), § 6.01; *id.*, Ex. 7 (2016 Note Agreement), § 6.01.

[34] *Id.*, Ex. 4 (2015 Note Agreement), § 6.04; *id.*, Ex. 7 (2016 Note Agreement), § 6.04.

[35] *Id.*, Ex. 9 (2015 Wallitt Aff.), ¶ 9; *id.*, Ex. 10 (2016 Wallitt Aff.), ¶ 7.

[36] *See*, *id.*, Ex. 9 (2015 Wallitt Aff.), Ex. E; *id.*, Ex. 9, ¶ 13.

[37] *See*, *id.*, Ex. 10 (2016 Wallitt Aff.), Ex. C; *id.*, Ex. 10, ¶ 9.

Capital EFS, in its capacity as Administrative Agent, served notice of the assignments to Red Tree of the 2015 and 2016 Notes on PDVSA and Petróleo.[38]

38. In connection with the assignment, GE Capital EFS resigned as Administrative Agent and Red Tree was appointed as successor Administrative Agent under the Note Agreements.[39]

**Amount Owed Under the Notes**

39. The total amount owed under the Notes is $63,500,000.02 plus unpaid interest, which continues to accrue. The amount is immediately due and owing to Red Tree and must be paid by Defendants.[40]

*[Remainder of page left blank intentionally]*

---

[38] *See*, *id.*, Ex. 9 (2016 Wallitt Aff.), Ex. F; *id.*, Ex. 9, ¶ 15; *id.*, Ex. 10 (2016 Wallitt Aff.), Ex. D; *id.*, Ex. 10, ¶ 11.

[39] *See*, *id.*, Ex. 9 (2015 Wallitt Aff.), Ex. F (Notice of resignation as Administrative Agent under Note Agreement and Notice of acceptance and appointment of successor of Administrative Agent under Note Agreement); *id.*, Ex. 10 (2016 Wallitt Aff.), Ex. D. (Notice of resignation as Administrative Agent under Note Agreement and Notice of acceptance and appointment of successor of Administrative Agent under Note Agreement).

[40] *See*, *id.*, Ex. 9 (2015 Wallitt Aff.), Ex. E; *id.*, Ex. 9, ¶ 13; *see*, *id.*, Ex. 10 (2016 Wallitt Aff.), Ex. C; *id.*, Ex. 10, ¶ 9.

DATED:    New York, New York
          April 11, 2019

        QUINN EMANUEL URQUHART & SULLIVAN, LLP

        By: */s/ Stephen A. Broome*

        Stephen A. Broome
        Susheel Kirpalani
        Victor Noskov
        Anna Deknatel
        51 Madison Avenue, 22nd Floor
        New York, New York 10010-1601
        (212) 849-7000

        Daniel Salinas-Serrano (*pro hac vice*)
        1300 I Street, N.W.
        Suite 900
        Washington, D.C. 20005
        Tel: 202-538-8132

        *Attorneys for Red Tree Investments, LLC*