

Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

Dennis H. Tracey, III
Partner
T + 1 212 918 3524
dennis.tracey@hoganlovells.com

April 12, 2019

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*
      S.D.N.Y. Docket No. 1:19-cv-002519 (related to 1:19-cv-002523)

Dear Judge Nathan:

This firm represents defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo") (together, "Defendants") in the above-captioned action.  We write in response to the letter dated April 9, 2019 from plaintiff, Red Tree Investments, LLC ("Red Tree"), seeking a status conference in this matter to address the procedural posture of the case.

Defendants agree that a status conference is appropriate.  As the Court is aware, Defendants have filed a motion to stay this action on the ground that the Venezuelan government is in the process of transitioning from the Nicolás Maduro regime to the newly-installed government of President Juan Guaidó, and until that transition is completed, Defendants are, among other factors, unable to obtain the evidence necessary to respond to the pending motion (the "Motion to Stay").  The Court's determination of that motion will have a significant impact on the procedural process going forward in this case.

In its April 9 letter, Red Tree asserts that Defendants were required to respond to its Motion for Summary Judgment in Lieu of Complaint within 7 days of removal under Fed. R. Civ. P. 81.  But even the cases cited by Red Tree do not support that position ("Rule 81(c) . . . appears to speak only to actions begun by service of a complaint." *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 108 (2d Cir. 2006)).  The only case that either party has found addressing the procedure for responding to a Motion for Summary Judgment in Lieu of Complaint after removal holds that no response is required until the plaintiff files a notice of motion in this court.  *See Kansallis-Osake-Pankki v. Kouri*, 150 F.R.D. 69, 72 (S.D.N.Y. 1993).  Under this Court's individual rules, that can take place only after a pre-motion conference.  (*Individual Practices in Civil Cases, Hon. Alison J. Nathan §*3.G.vii.)  Despite this, two days after requesting a "status conference," but before any conference was held and without the approval of the Court, Red Tree filed a "Restated" Motion for Summary Judgment.

More importantly, the fundamental issue facing Defendants, as set forth in the pending Motion to Stay, is the unprecedented governmental crisis in Venezuela.  Although the Guaidó government is the only Venezuelan government recognized by the United States, President Guaidó is being denied access to Defendants' employees and documents by the Maduro regime.  Defendants have requested a modest period of time to allow the transition to take place and for counsel to be

Hon. Alison J. Nathan                                     2                                     April 12, 2019

able to properly address the merits of Red Tree's claims, without significantly compromising and prejudicing Defendants' due process rights.

Given Red Tree's recent filing of its Restated Motion for Summary Judgment in contravention of this Court's individual rules, Defendants seek the Court's guidance on whether the motion will be accepted by the Court and how the Court wishes to proceed going forward in light of Defendants' pending Motion to Stay.  Should the Court accept the filing of the Motion for Summary Judgment, Defendants respectfully request an extension of Defendants' time to file their response, which is currently due April 25, 2019,[1] given the unusual circumstances of this matter in its present posture.

We are available at the Court's convenience for a status conference to discuss these matters.

                                                 Respectfully submitted,

                                                 Dennis H. Tracey, III

---

[1] April 25 is 14 days from the filing of the "Restated Motion for Summary Judgment."