## quinn emanuel  trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(202) 538-8132**

WRITER'S EMAIL ADDRESS
**danielsalinas@quinnemanuel.com**

September 3, 2019

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. et al., No. 1:19-cv-02519
      (related to No. 1:19-cv-02523)

Dear Judge Nathan,

We write on behalf of Red Tree Investments, LLC ("Red Tree") to provide a status update as directed by Your Honor's May 3 order staying litigation in this case. Dkt. No 33. On behalf of Red Tree, we proposed the submission of a joint status letter to counsel for Defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo"), but Defendants preferred to file separate submissions.

As Your Honor is aware, on August 8, Red Tree moved to lift the litigation stay that expires today. (Dkt. No. 36.) The motion was fully briefed as of August 26. *See*, Memorandum of Law in Opposition to Red Tree's Motion to Lift Stay filed by Defendants, Dkt. No. 39 (the "Lift Stay Opposition"); Reply in Support of Red Tree's Motion to Lift Stay, Dkt. No. 40 (the "Lift Stay Reply"). Now, 201 days after Red Tree filed this action, Red Tree respectfully requests that the Court set a schedule for Defendants to respond to Red Tree's pending summary judgment motion, (Dkt. No. 25, the "Motion for Summary Judgment").

As set out in Red Tree's lift stay motion and reply, Defendants have conceded that there is no serious prospect of an imminent transition to power by the Guaidó administration. *See* Lift Stay Reply at 2–3; Lift Stay Opposition at 2, 6. In its opposition to Defendants' original request for a stay, Dkt. No 14 (the "Stay Opposition"), Red Tree warned of the risk of prejudice from granting PDVSA, an operating commercial entity that engages in commercial activity in the United States, what would in practice be an indefinite stay of litigation until the political and humanitarian crisis

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

in Venezuela is resolved. Stay Opposition at 2. That prejudice continues to mount as other creditors move forward in litigation and as the Guaidó administration, despite representations that it cannot functionally defend litigation, puts into motion plans to force debt renegotiations that would grossly prejudice Red Tree by discarding its enforcement priority over PDVSA and Petróleo assets. *See* Lift Stay Reply at 3–7.

In its Stay Opposition, Red Tree also argued that the Court should allow the removed and re-noticed Motion for Summary Judgment, originally filed under the expedited procedure in CPLR 3213, to proceed. Stay Opposition at 3–4. Summary judgment is appropriate to enforce a debt instrument such as the notes agreements at issue here, where the case for recovery requires only the demonstration of the obligation to pay and of the failure to make payment of the amounts due. *Id*. At no time have Defendants identified specific documents, testimony or defenses they may have that would require discovery or otherwise require non-summary disposition of this case.

Of note, Defendants have commenced discovery in at least one similar case, *Dresser-Rand Company v. Petroleos De Venezuela, S.A. et al*, S.D.N.Y. 19-CV-02689, despite a similar litigation stay in that matter. On August 27, Defendants informed Judge Stanton that they had already begun requesting documents from the ad hoc board of PDVSA and had served document requests and interrogatories on Dresser Rand. Dkt. 34, 19-CV-02689. Red Tree has received no discovery requests and counsel to PDVSA has not informed counsel for Red Tree of any attempts to request documents from the ad hoc PDVSA board or any other entity. Given their stated ability to undertake such discovery efforts, including while litigation is stayed, Defendants appear to agree that no discovery is necessary in this matter and that the Motion for Summary Judgment is ready for a briefing schedule.

In their most recent attempt to parlay their stay arguments into additional delay, on August 29, defendant PDVSA joined a request by the Bolivarian Republic of Venezuela ("Venezuela") to re-assign all matters pending in this District against Venezuela and PDVSA to a single Judge. *See*, Exhibit A, Venezuela Reassignment Letter. This request, which Venezuela filed before the Assignment Committee through Chief Judge McMahon, seeks reassignment of the two *Red Tree* matters before Your Honor. PDVSA, however, neither filed the request before this Court, nor asked it to take any action with respect to the reassignment request, and simply joined Venezuela's request via a footnote and without explanation of the appropriateness of reassignment of those matters.

In its reassignment request, Venezuela—which is not a party to the *Red Tree* matters—conspicuously elected not to move for designation of the cases it wants reassigned as related or for consolidation, essentially conceding that it cannot meet those standards. Instead, Venezuela implies that all these matters involve shared legal issues arising from its "sovereign debt." *See*, Exhibit A, Venezuela Reassignment Letter at 8. In making this argument, Venezuela and PDVSA hope that the Assignment Committee and this Court will ignore that PDVSA is not Venezuela, but a separate commercial entity engaged in commercial activity in the United States and elsewhere. In that sense, Venezuela and PDVSA's arguments in support of reassignment are irreconcilable with the arguments both have made before the United States Court for the District of Delaware and the United States Circuit Court of Appeals for the Third Circuit. *See generally*, Brief for

Intervenor-Appellant Petróleos de Venezuela, S.A., Doc. 003113105847, at 53, 59, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela et al.*, 18-CV-2729 (3d. Cir.).

Red Tree's cases against PDVSA and Petróleo neither are against Venezuela, nor do they relate to Venezuela's sovereign debt.[1] And whatever the factors relevant to reassignment of cases pending against Venezuela in this District arising from its sovereign debt, they are not present with respect to Red Tree's cases against PDVSA and Petróleo. Red Tree's actions seek payment of money only in connection with defaulted commercial obligations against a commercial entity. Indeed, the Argentina cases that Venezuela and PDVSA cite in the reassignment letter—the only ones they point to in support of their request—involved *solely* the Sovereign; not one of them involved state-owned commercial enterprises like the defendants in the Red Tree matters before Your Honor.[2] *See*, Exhibit A, Venezuela Reassignment Letter at 8–9, n. 5.

The questions at issue in efforts to enforce public sovereign debt are wholly distinct from those in this matter, and Venezuela's claims of efficiency are misplaced. In fact, reassignment would introduce further delays and inefficiencies to the adjudication of these matters, as it would require that a new judge acquaint him/herself with the *Red Tree* matters while doing the same with the other seven matters involving different parties and credits that would be reassigned. Red Tree already has been prejudiced by the substantial delay in the adjudication of its actions; reassignment would compound that prejudice and potentially make the harm flowing from it irreparable.

Under the Rules for the Division of Business Among District Judges for the Southern District, Rule 14 provides for "Transfer of Cases by Consent." As Venezuela has not made a request for these cases to be deemed related, Red Tree understands that Rule 14 provides that, "[a]ny judge, upon written advice to the assignment committee, may transfer directly any case or any part of any case on that judge's docket to any consenting judge…." For the reasons summarized here, Red Tree respectfully requests that Your Honor decline to consent to transfer these matters. In an abundance of caution, Red Tree will file an opposition to Venezuela's reassignment request before the Assignment Committee, through Chief Judge McMahon. Red Tree reserves its right to expand on its arguments opposing the reassignment of its two matters pending before Your Honor if/when PDVSA and/or Petróleo file the request before this Court.

Sincerely,

*/s/ Daniel Salinas-Serrano*

Daniel Salinas-Serrano

---

[1] Sovereign debt "is a central government's debt. It is debt issued by the national government in a foreign currency in order to finance the issuing country's growth and development." *See* "Sovereign Debt," *Investopedia*, *available at* https://www.investopedia.com/terms/s/sovereign-debt.asp (last accessed 9/2/2019).

[2] *See, e.g.*, *Brecher v. Republic of Argentina*, 806 F.3d 22, 23 (2d Cir. 2015) ("After Argentina defaulted on between $80 and $100 billion of sovereign debt in 2001…, numerous bondholders, including Appellee here and those in the related *Seijas* cases, filed suit.").