quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
(202) 538-8132

WRITER'S EMAIL ADDRESS
danielsalinas@quinnemanuel.com

November 4, 2019

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. et al., No. 1:19-cv-02519 (related to No. 1:19-cv-02523)

Dear Judge Nathan:

We write on behalf of Red Tree Investments, LLC ("Red Tree"), the plaintiff in the above-captioned action, to share an update in a related case that the Court should consider in ruling on Defendants' motion for an additional 120-day stay (Dkt. No. 49).

On November 1, 2019, the District Court for the District of Columbia granted Owens-Illinois European Group's ("OIEG") motion for leave to register a $400 million arbitral award against Venezuela and to seek attachment and execution on that judgment, denying at the same time a motion by Venezuela to stay the case. *See OI European Group B.V. v. Bolivarian Republic of Venezuela*, 16-cv-1533, Dkt. No. 101 (D.D.C. Oct 3, 2019).

Venezuela raised many of the same arguments that Defendants have raised here in support of its stay request, including with respect to the humanitarian crisis, the Guaidó administration's desire to settle debts through a "consensual" process, and the claimed lack of prejudice due to the need for a license to attach. *See id*. Dkt. No. 92-1. Rather than weighing in favor of a stay, the District Court held that the political crisis in Venezuela in fact "***bolsters*** plaintiff's argument that it should be allowed to seek attachment," including because, just like in the Red Tree proceeding, Venezuela had not "provide[d] any timeline" for payment of the judgment or settlement via a proposed debt restructuring plan or shown "any concrete steps that Venezuela has taken to execute its plan." *Id*. Dkt. No. 101 at 5 (emphasis added).

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

OIEG's next step is clear: it will seek to move ahead of PDVSA's own creditors—such as Red Tree—to reach the same PDVSA assets that Venezuela's creditor Crystallex is already pursuing. As Red Tree has previously informed the Court, OIEG has expressly stated its intention to follow in Crystallex's path and seek attachment of PDVSA's assets as expeditiously as possible. *See id.* Dkt. No. 98 ("OIEG has a judgment of the same priority as that of Crystallex and must look to the same assets for satisfaction.").

OIEG's progress towards satisfying its judgment from the finite assets of PDVSA is yet another concrete example of the mounting prejudice to Red Tree caused by the ongoing stay of this case.

Sincerely,

*/s/ Daniel Salinas-Serrano*
Daniel Salinas-Serrano