UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RED TREE INVESTMENTS, LLC,<br><br>             Plaintiff,<br><br>     -against-<br><br>PETRÓLEOS DE VENEZUELA, S.A. and<br>PDVSA PETRÓLEO, S.A.,<br><br>             Defendants. | Docket No.: 1:19-cv-002519<br>(related to 1:19-cv-002523) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR FED. R. CIV. P. 56(d) RELIEF**

HOGAN LOVELLS US LLP
Dennis H. Tracey, III
Robin L. Muir
390 Madison Avenue
New York, NY 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
dennis.tracey@hoganlovells.com
robin.muir@hoganlovells.com

Richard Lorenzo (pro hac vice)
600 Brickell Avenue, Suite 2700
Miami, FL 33131
Tel: (305) 459-6500
Fax: (305) 459-6550
richard.lorenzo@hoganlovells.com

*Counsel for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ........................................................................................1

BACKGROUND ..........................................................................................................2

    I.      PROCEDURAL HISTORY ...........................................................................2

    II.     RED TREE'S CLAIMS ...............................................................................3

          A.     The 2015 Notes and 2015 Note Agreement .................................................3

          B.     The 2016 Note and 2016 Note Agreement ..................................................5

ARGUMENT ...............................................................................................................6

THIS COURT SHOULD GRANT DEFENDANTS' MOTION FOR RELIEF UNDER
FED. R. CIV. P. 56(d). ...............................................................................................6

          A.     Defendants Seek Discovery of Documents and Information
                That Are Directly Relevant to Red Tree's Claims ....................................6

          B.     Defendants Are Unable to Access the Documents and
                Information Relevant to Red Tree's Claims, Despite Their
                Efforts. ...................................................................................................10

          C.     Defendants Have Had No Opportunity for Discovery. ............................12

CONCLUSION ...........................................................................................................13

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Home Assurance Co. v. Zim Jamaica*,
    418 F. Supp. 2d 537 (S.D.N.Y. 2006)..................................................................................13

*AMTO, LLC v. Bedford Asset Mgmt., LLC*,
    168 F. Supp. 3d 556, 574 (S.D.N.Y. 2016) ..............................................................9, 10, 13

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ..............................................................................................................12

*Bank of Am., Nat'l Ass'n v. Wm. V. Schmidt Co.*,
    No. 10 Civ. 4926(NRB), 2011 WL 1334844 (S.D.N.Y. March 25, 2011) ............................7

*Brown v. Ashcroft*,
    360 F.3d 346 (2d Cir. 2004) ...................................................................................................1

*Burlington Coat Factory Warehouse Corp. v. Esprit de Corp.*,
    769 F.2d 919 (2d Cir. 1985) ...................................................................................................6

*Cavendish Traders, Ltd. v. Nice Skate Shoes, Ltd.*,
    117 F. Supp. 2d 394 (S.D.N.Y. 2000)....................................................................................8

*Delphi-Delco Elec. Sys. v. M/V Nedlloyd Europa*,
    324 F. Supp. 2d 403 (S.D.N.Y. 2004) ..................................................................................12

*G-I Holdings, Inc. v. Baron & Budd*,
    218 F.R.D. 409 (S.D.N.Y. 2003) ..........................................................................................12

*Gen. Ins. Co. of Am. v. K. Capolino Constr. Corp.*,
    903 F. Supp. 623 (S.D.N.Y. 1995)..........................................................................................8

*Hellstrom v. U.S. Dep't of Veterans Affairs*,
    201 F.3d 94 (2d Cir. 2000) ...................................................................................................12

*Impact Fluid Sols. LP v. Bariven SA*,
    Dkt. No. 4:19-cv-00652 (S.D. Tex. Jan. 31, 2020)................................................................1

*Israel v. Chabra*,
    537 F.3d 86 (2d Cir. 2008) .....................................................................................................8

*Landmark Land Co. v. Sprague*,
    701 F.2d 1065 (2d Cir. 1983).................................................................................................6

**TABLE OF AUTHORITIES – Continued**

**Page(s)**

*Mazza v. Dist. Council for N.Y. and Vicinity United Bhd. of Carpenters and
     Joiners of Am.*,
     00 CV 6854, 01 CV 6002, 2008 WL 11411849 (E.D.N.Y. July 2, 2008) ..............................9

*MLP U.S.A., Inc. v. Motheral*,
     No. 05 Civ. 10796(LLS), 2006 WL 2389348 (S.D.N.Y. Aug. 17, 2006) ..............................8

*MM Ariz. Holdings LLC v. Bonanno*,
     658 F. Supp. 2d 589 (S.D.N.Y. 2009) ......................................................................................6

*Vasta v. Super Stop & Shop #0509*,
     No. 14 Civ. 3287 (ER), 2016 WL 5720772 (S.D.N.Y. Sept. 29, 2016)..................................6

*Von Biedermann v. Echo Metrix, Inc.*,
     No. 10–CV–1805 (ADS)(WDW), 2012 WL 3260285 (E.D.N.Y. Aug. 6,
     2012)........................................................................................................................................9

*WestRM-West Risk Mkts. v. Lumbermens Mut. Cas. Co.*,
     314 F. Supp. 2d 229 (S.D.N.Y. 2004) ......................................................................................7

Defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo" and together with PDVSA, "Defendants") respectfully submit this memorandum in support of their motion, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, to defer consideration of the motion for summary judgment of plaintiff Red Tree Investments, LLC ("Red Tree" or "Plaintiff") to allow Defendants to seek discovery.

## PRELIMINARY STATEMENT

As acknowledged by this Court, Defendants have a "substantial interest in securing access to relevant facts and personnel." (Dkt. No. 33.) Defendants also have a due process right to a meaningful opportunity to be heard. *See Brown v. Ashcroft*, 360 F.3d 346, 350 (2d Cir. 2004) ("At the core of due process is the right to notice of the nature of the charges and a meaningful opportunity to be heard." (internal quotation marks and citation omitted)). Defendants, however, remain unable to access the documents and information relevant to Red Tree's claims. Not only have Defendants been deprived of the opportunity to discover information that is essential to their opposition to Red Tree's claims, but they currently do not have *access* to their own documents and personnel, which remain in the control of the illegitimate Maduro regime. The Maduro regime has prevented the Guaidó government – the only recognized government of Venezuela[1] – from accessing the information and government administrative functions that would allow it to fully and effectively exercise its authority. For example, the Guaidó government cannot access the documents or electronic records of PDVSA or Petróleo; cannot interview relevant personnel; and indeed cannot even determine the identity of the government officials and personnel involved in the underlying dispute with Red Tree. To

---

[1] *See* Statement of Interest of the United States, *Impact Fluid Sols. LP v. Bariven SA*, Dkt. No. 4:19-cv-00652 (S.D. Tex. Jan. 31, 2020).

force Defendants – who lack the ability to access their own documents – to oppose Red Tree's motion, without the opportunity for discovery, would be a denial of fundamental due process.

For these reasons and those that follow, Defendants respectfully submit that this Court defer consideration of Red Tree's motion for summary judgment to allow Defendants an opportunity to take discovery of Red Tree and relevant non-party witnesses in order to attempt to obtain information necessary to defend this matter on the merits.

## BACKGROUND

### I.   PROCEDURAL HISTORY

Red Tree commenced this action by filing a motion for summary judgment in lieu of a complaint on February 15, 2019 in the Supreme Court of the State of New York, New York County.  (Dkt. No. 3.)  Defendants thereafter removed the action to this Court.  (Dkt. No. 1.)

In March 2019, Defendants moved for a stay of all proceedings in light of the political uncertainty in Venezuela.  (Dkt. Nos. 9-11.)  By order dated May 6, 2019, this Court granted Defendants' motion for a stay and stayed the proceedings for a period of 120 days.  (Dkt. No. 33.)  This Court reasoned that Defendants' "substantial interest in securing access to relevant facts and personnel," and "[t]he judicial interest in favor of resolving cases on their merits" outweighed Red Tree's interests.  (*Id.*)

On August 8, 2019, before the 120 day stay period expired, Red Tree moved to lift the stay.  (Dkt. No. 36.)  Defendants opposed that motion on the grounds that Red Tree failed to demonstrate any non-speculative prejudice that outweighed their substantial interests that warranted the Court to modify its prior order, among other reasons.  (Dkt. No. 39.).

In its September 3, 2019 status report to the Court, Defendants explained that the circumstances that led the Court to grant its motion for a stay still existed and therefore requested

that the stay be extended for an additional 120 days.  (Dkt. No. 42.)  Red Tree opposed Defendants' request to extend the stay and asked the Court to schedule a status conference to discuss its pending motion to lift the stay.  (Dkt. No. 44.)  On September 13, 2019, this Court denied Red Tree's request for a status conference and set a briefing schedule for Defendants' motion for an additional 120 day stay.  (Dkt. No. 48.)

Defendants thereafter moved for an additional stay or, in the alternative, the opportunity to seek discovery, pursuant to Fed. R. Civ. P. 56(d).  (Dkt. No. 50.)  Red Tree opposed that motion.  (Dkt. No. 52.)  On January 14, 2020, this Court denied Defendants' motion for an additional stay, but granted Defendants permission "to more fully brief their Rule 56(d) request – and support it with a sufficient Rule 56(d) affidavit of declaration – should they choose to do so." (Dkt. No. 58.)

Following this Court's January 14, 2020 order (Dkt. No. 57), Defendants conferred with Red Tree's counsel to see if the parties could reach an agreement to engage in limited discovery of relevant documents and information in an effort to forego additional motion practice; however, no agreement could be reached.  Red Tree refused to agree to the scope of the discovery that Defendants' sought despite its relevance to the underlying claims and defenses, necessitating this motion.

## II.   RED TREE'S CLAIMS

Red Tree's claims are premised on Defendants' alleged default on three debt instruments, described below.

### A.   The 2015 Notes and 2015 Note Agreement

Pursuant to a note agreement dated March 27, 2015, originally entered into by GE Capital Corporation ("GE Capital") as lender, PDVSA as issuer, and Petróleo as guarantor (the "2015

Note Agreement"), on March 27, 2015, PDVSA issued two notes: (1) a note in the original principal amount of $131,855,116.31 to GE Capital (the "R-2 Note"); and (2) a note in the original principal amount of $124,700,488.54 to SACE S.p.A. ("SACE") (the "R-3 Note" and together with the R-2 Note, the "2015 Notes").  (Dkt. No. 25-6; Dkt. No. 25-7; Dkt. No. 25-11 at pp. 4.)  Red Tree alleges that GE Capital assigned the 2015 Note Agreement and R-2 Note to GE Capital EFS Financing Inc. ("GE EFS") on November 4, 2015, and that SACE assigned the R-3 Note to GE EFS on August 10, 2018.  (Dkt. No. 25-11 at pp. 4-5.)  Red Tree further alleges that GE EFS assigned the 2015 Notes and 2015 Note Agreement to Red Tree on January 25, 2019 by an assignment and acceptance agreement (the "2015 Assignment").  (Dkt. No. 25-11 at pp. 5-6, 35-43.)

Under the 2015 Note Agreement, the 2015 Notes matured on March 27, 2018, at which time, PDVSA allegedly became obligated to pay the holders of the 2015 Notes $21,379,633.74 in total principal and $347,419.04 in total interest.  (Dkt. No. 25-11 at pp. 4-5.)  Red Tree alleges that PDVSA defaulted on its obligations by failing to make the requisite payments upon maturity, and that on July 26, 2018, GE EFS sent notice of missed payments to Defendants.[2]  (Dkt. No. 25-11 at pp. 5, 8-9.)  According to Red Tree, Defendants have not paid any of the amounts that became due upon maturity on March 27, 2018 and remain in default.  (Dkt. No. 25-11 at p. 5.)

As the alleged assignee of the 2015 Notes and 2015 Note Agreement as of January 25, 2019, Red Tree commenced this action to collect the amounts due under the 2015 Notes.  Red

---

[2]      Subsection (d) of Article VIII of the Note Agreement provides that "the failure to pay at final stated maturity (giving effect to any applicable grace periods and any extensions thereof) the principal amount of any Indebtedness of the Issuer, the Guarantor or any of the Significant Subsidiaries" is an "Event of Default," which permits the "Required Noteholders," "by notice to the Issuer, [to] declare the Notes then outstanding to be forthwith due and payable in whole or in part, whereupon the principal of the Notes so declared to be due and payable, together with accrued interest thereon and any unpaid accrued fees and all other liabilities of the Issuer accrued hereunder . . . ."  (2015 Note Agreement (Dkt. No. 25-4), at Art. VII.)

Tree claims that as of the date of the assignment, a total of $21,379,633.74 in unpaid principal was due under the 2015 Notes.  (Dkt. No. 25-11 at p. 6.)

### B.    The 2016 Note and 2016 Note Agreement

Pursuant to a note agreement dated May 13, 2016, originally entered into by GE EFS as lender, PDVSA as issuer, and Petróleo as guarantor (the "2016 Note Agreement"), on May 13, 2016, PDVSA issued a note in the original principal amount of $193,959,763.03 to GE EFS (the "2016 Note").  (Dkt. No. 25-10; Dkt. No. 25-12 at p. 3.)  According to Red Tree, GE EFS assigned the 2016 Note and 2016 Note Agreement to Red Tree on January 25, 2019 by an assignment and acceptance agreement (the "2016 Assignment").  (Dkt. No. 25-12 at pp. 9, 29-40.)

Red Tree alleges that PDVSA failed to make the quarterly payment due under the 2016 Note on December 27, 2017, and that on January 5, 2018, GE EFS sent Defendants notice of the missed payment.  (Dkt. No. 25-12 at p. 4, 7-8.)  Red Tree further alleges that on March 19, 2018, GE EFS sent Defendants notice of acceleration, which called the entire loan amount due and owing.[3]  (Dkt. No. 25-12 at p. 4, 10-11.)  According to Red Tree, Defendants have not made the payment due December 27, 2017 or any payments due since then.  (Dkt. No. 25-12 at p. 4.)

As the alleged assignee of the 2016 Note and 2016 Note Agreement as of January 25, 2019, Red Tree commenced this action to collect the amounts due under the 2016 Note.  Red

---

[3]     Subsection (a) of Article VII of the Note Agreement provides that "the failure to pay the principal of, or interest on any of the Notes, when such principal becomes due and payable, including at any of the Repayment Dates, by acceleration or otherwise, and such failure continues for a period of five (5) days after written notice thereof has been given to the Issuer" is an "Event of Default," which permits the "Required Noteholders," "by notice to the Issuer, [to] declare the Notes then outstanding to be forthwith due and payable in whole or in part, whereupon the principal of the Notes so declared to be due and payable, together with accrued interest thereon and any unpaid accrued fees and all other liabilities of the Issuer accrued hereunder . . . ."  (2016 Note Agreement (Dkt. No. 25-8), at Art. VII.)

Tree claims that as of the date of the assignment, $96,979,881.49 in unpaid principal was due under the 2016 Note.  (Dkt. No. 25-12 at p. 5.)

<u>**ARGUMENT**</u>

**THIS COURT SHOULD GRANT DEFENDANTS' MOTION FOR RELIEF UNDER FED. R. CIV. P. 56(d).**

Defendants do not have access to the evidence that they need to oppose Red Tree's motion for summary judgment.  Rule 56(d) authorizes a court faced with this situation to: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).

> A party resisting summary judgment on this ground must file an affidavit explaining: (1) the nature of the uncompleted discovery, i.e., what facts are sought and how they are to be obtained; (2) how those facts are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain those facts; and (4) why those efforts were unsuccessful.

*Vasta v. Super Stop & Shop #0509*, No. 14 Civ. 3287 (ER), 2016 WL 5720772, at *4 (S.D.N.Y. Sept. 29, 2016) (citing *Burlington Coat Factory Warehouse Corp. v. Esprit de Corp.*, 769 F.2d 919, 926 (2d Cir. 1985); *MM Ariz. Holdings LLC v. Bonanno*, 658 F. Supp. 2d 589, 596 (S.D.N.Y. 2009)).  The Second Circuit has held that, when applying this Rule, "a denial of access to relevant information weighs in favor of the party opposing a motion for summary judgment." *Burlington*, 769 F.2d at 925 (citing *Landmark Land Co. v. Sprague*, 701 F.2d 1065, 1070 (2d Cir. 1983)).

> **A.      Defendants Seek Discovery of Documents and Information That Are Directly Relevant to Red Tree's Claims**

This Court should grant Defendants' motion for relief under Rule 56(d) and defer consideration of Red Tree's summary judgment motion to allow Defendants to seek discovery from Red Tree, and if necessary, from third parties.  Specifically, Defendants seek:

1. Correspondence and documents exchanged between any initial Noteholder or successor Noteholder and PDVSA or Petróleo concerning the terms and performance of the Note Agreements or Notes, including payment.

2. Correspondence and documents exchanged between Red Tree and any initial Noteholder or successor Noteholder concerning the assignment or transfer of the Note Agreements or Notes, including payment.

3. Correspondence and documents exchanged between Red Tree and PDVSA or Petróleo concerning the terms and performance of the Note Agreements or Notes, including payment.[4]

Documents exchanged between any initial Noteholder or successor Noteholder, including Red Tree, and PDVSA or Petróleo concerning the terms and performance of the Note Agreements or Notes, including payment – none of which are currently accessible to Defendants – are necessary to evaluate the claims asserted by Red Tree and to determine Defendants' defenses to those claims.[5]   For example, documents regarding the negotiation and execution of the Note Agreement and Notes and any subsequent modifications necessary to determine whether the Note Agreements and Notes were entered into with proper authority, whether there was fraud or misrepresentation in connection the execution of the Note Agreements and Notes,

---

[4]   In the event that Red Tree cannot, or otherwise fails to, produce the above documents that are in the possession of the initial Noteholders and successor Noteholders, Defendants respectfully request the opportunity to seek the above documents from them via third-party subpoena.  Defendants further request that they be permitted to seek additional discovery, including depositions, if the documents produced by Red Tree or any third-party provide just cause to do so.

[5]   "In cases involving notes and guarantees, an 'obligee establishes its prima facie case by demonstrating the execution of the obligation at issue, the underlying agreement, and defendant's failure to pay.'"  *Bank of Am., Nat'l Ass'n v. Wm. V. Schmidt Co.*, No. 10 Civ. 4926(NRB), 2011 WL 1334844 (S.D.N.Y. March 25, 2011) (quoting *WestRM-West Risk Mkts. v. Lumbermens Mut. Cas. Co.*, 314 F. Supp. 2d 229, 232 (S.D.N.Y. 2004) (additional citations omitted))).

7

and whether the Notes have been amended, revised, or discharged. *See MLP U.S.A., Inc. v. Motheral,* No. 05 Civ. 10796(LLS), 2006 WL 2389348, at \*2 (S.D.N.Y. Aug. 17, 2006) (holding that fraudulent inducement defense gave rise to triable issue of fact that precluded summary judgment); *Cavendish Traders, Ltd. v. Nice Skate Shoes, Ltd.*, 117 F. Supp. 2d 394, 402 (S.D.N.Y. 2000) (holding that dispute over validity of signature on guaranty raised triable issue of fact that precluded summary judgment). Documents regarding the payments made by Defendants and the parties' stipulated payment schedules are necessary in order to determine whether there is a triable issue of fact with respect to PDVSA's alleged non-payment under the Notes. *See Gen. Ins. Co. of Am. v. K. Capolino Constr. Corp.*, 903 F. Supp. 623, 627 (S.D.N.Y. 1995) (holding that defendant's contention that it paid plaintiff all amounts due was issue of fact that precluded summary judgment to plaintiff). Documents regarding the receipt of the alleged notices of missing payment and notice of acceleration and any response by PDVSA or Petróleo, are also necessary to determine the validity of GE EFS's entitlement to accelerate the entire loan amounts, pursuant to the terms of the Note Agreements. *See Israel v. Chabra*, 537 F.3d 86, 94 (2d Cir. 2008) (holding that notice requirement was condition precedent to enforcement of guaranty); *Cavendish Traders. Ltd.*, 117 F. Supp. 2d at 399 ("In the context of a promissory note, under New York law, 'a plaintiff must provide proof of the valid note and of defendant's failure, *despite proper demand*, to make payment.'" (emphasis added)).

Documents concerning the assignment or transfer of the Note Agreements or Notes, including payment, are relevant to Red Tree's standing to enforce the Note Agreements and seek payment under the Notes. Red Tree was not a party to the underlying transactions, but rather claims to be assignee of the Notes and Note Agreements, pursuant to two Assignment Agreements. (Dkt. No. 25-11; Dkt. No. 25-12.) Defendants therefore are entitled to discovery

8

on Red Tree's standing as alleged assignee.  *See AMTO, LLC v. Bedford Asset Mgmt., LLC*, 168 F. Supp. 3d 556, 574 (S.D.N.Y. 2016) ("The Court agrees with Bedford that it is entitled to discovery addressing the circumstances of the assignment of the Bedford Loans from Energokom to AMTO before AMTO can be awarded summary judgment on its breach of contract claims.").

Evidence of Red Tree's payment to GE EFS under the Assignment Agreements, for example, is relevant to the efficacy of those Agreements.  The Assignment Agreements provide that "the sale and assignment of the Assigned Interest contemplated hereby shall become effective on the 'Effective Date,' which shall be the date on which Assignor shall have received the Purchase Price, in which event the Assignment Documents may be delivered from escrow to Assignee with copies thereof delivered to Assignor."  (Dkt. No. 25-11 at p. 35; Dkt. No. 25-12 at p. 29.)  Although the "Effective Date" is separately defined as January 25, 2019 (the date of the Assignment Agreements), it is unclear if the "Purchase Price" was actually received on that date, as required for the Assignments to be effective.  And because Red Tree's standing to enforce the Notes and Note Agreements, as assignee, is premised on such Assignment Agreements, documents concerning the efficacy of those Assignments are relevant and discoverable.  *See Von Biedermann v. Echo Metrix, Inc.*, No. 10–CV–1805 (ADS)(WDW), 2012 WL 3260285 (E.D.N.Y. Aug. 6, 2012) ("The threshold dispute between the parties is whether, and when, the Employment Agreement became effective because, if the Employment Agreement never became effective, then there could be no breach of the Employment Agreement, and no obligation under the Consulting Agreement to pay the remainder owed 'upon employment contract implementation.'"); *Mazza v. Dist. Council for N.Y. and Vicinity United Bhd. of Carpenters and Joiners of Am.*, 00 CV 6854 (CLP), 01 CV 6002 (CLP), 2008 WL 11411849 (E.D.N.Y. July 2, 2008) ("Although the Union cannot be held responsible for a breach of the duty of fair

9

representation at a time when the CBA was not in effect, at this point, there is a clear issue of fact in dispute and the effective date of the CBA remains an issue to be resolved at trial.").

Evidence of GE EFS's authority to assign the 2015 R-2 Note to Red Tree is similarly relevant. According to Red Tree, GE Capital assigned the 2015 R-2 Note to GE EFS on November 4, 2015 and GE EFS subsequently assigned the R-2 Note to Red Tree, but no proof of the initial assignment to GE EFS – which is essential to Red Tree's standing as assignee – has been provided. (Dkt. No. 25-11 at p. 4.) Defendants therefore should be permitted to seek discovery on the assignment of the 2015 R-2 Note as well. *See AMTO*, 168 F. Supp. 3d at 574 ("The discovery sought by Bedford is targeted and could yield factual information related to material issues, such as whether AMTO, as an assignee, has standing to pursue this Action.").

### B.    Defendants Are Unable to Access the Documents and Information Relevant to Red Tree's Claims, Despite Their Efforts.

Relief under Rule 56(d) is warranted in this case because although the Guaidó government is the sole government recognized by the United States, it does not have full access to the personnel and documents of the government and its instrumentalities, including Defendants. As explained in the Hernández Declaration,[6] the illegitimate Maduro regime has maintained substantial control of the operation of the Venezuelan government. (Hernández Decl. ¶ 6.) Maduro has refused to recognize the Constitutional authority of President Guaidó and has instead unlawfully usurped the operations of government. (*Id.*) Among other things, the Maduro regime controls the Central Bank, the Supreme Court (where Maduro has unlawfully installed judges loyal to the illegitimate regime), the Finance Ministry, and the Venezuelan operations and assets of the key government-owned entities, including PDVSA and Petróleo. (*Id.*)

---

[6]    "Hernández Decl." refers to the Declaration of José Ignacio Hernández González in Support of Defendants' Motion for Fed. R. Civ. P. 56(d) Relief, submitted herewith.

As a result, the Guaidó government cannot access the documents, electronic records, or personnel of PDVSA or Petróleo.  (*Id.* ¶¶ 7, 10.)  Nor does it have access to the bank accounts or assets of the government in Venezuela.  (*Id.*)  Specifically, the Guaidó government is unable to confer with the individuals who were involved in the negotiation or execution of the Notes or Note Agreements upon which Red Tree bases its claims.  (*Id.* ¶ 11.)  It is also unable to review the files relating to the Notes and Note Agreements, and any related payments or correspondence.  (*Id.*)  It therefore is unable to confirm or refute Red Tree's allegation that the requisite payments under the Notes have not been made, or whether the Notes and Note Agreements have been amended, modified, or satisfied.  (*Id.*)

Defendants, through Special Attorney General José Ignacio Hernández González have continued their efforts to obtain relevant documents and information, despite the fact that the illegitimate Maduro regime has maintained substantial control of the operation of the Venezuelan government and government-owned entities, including PDVSA and Petróleo in Venezuela.  (*Id.* ¶¶ 6-7.)  Pursuant to his authority as Interim President, Juan Guaidó, by Presidential Decree N° 3 dated April 10, 2019, appointed an ad hoc Board of Directors of PDVSA with the authority, among other things, to represent PDVSA and Petróleo regarding its assets abroad.  (*Id.* ¶ 9.)

Defendants have requested that the ad hoc Board of Directors of PDVSA provide counsel any documents and information relevant to this matter.  (*Id.* ¶ 12.)  In response, by letter dated, August 29, 2019, Luis A. Pacheco, the Chairman of the ad hoc Board of Directors of Petróleos de Venezuela S.A., confirmed that the ad hoc Board does not presently have access to documents and information related to the present dispute, and that they are located in the Caracas office of PDVSA, which remains in the control of the illegitimate Maduro regime.  (*Id.*)  Mr. Pacheco agreed to contact Defendants as soon as the ad hoc Board gains access to the requested

11

documents and information.  (*Id.*)  To date, Mr. Pacheco has not further contacted Defendants regarding their request. (*Id.*)

Following this Court's January 14, 2020 order, Defendants conferred with Red Tree to see if the parties could reach an agreement to engage in limited discovery of relevant documents and information in an effort to forego additional motion practice; however, no agreement could be reached.  (*Id.* ¶ 14.)  Specifically, Red Tree refused to produce documents concerning the assignment of the Notes and Note Agreements.  (*Id.*)  Defendants do not have access to any documents or information concerning the assignments and their validity, other than the documents filed by Red Tree in connection with this litigation, and those documents are insufficient to allow Defendants to determine the efficacy of the assignments to Red Tree.  (*Id.*)

### C.      Defendants Have Had No Opportunity for Discovery.

It is well-settled that summary judgment should be denied or deferred "where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition."  *Delphi-Delco Elec. Sys. v. M/V Nedlloyd Europa*, 324 F. Supp. 2d 403, 417-18 (S.D.N.Y. 2004) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)); *accord G-I Holdings, Inc. v. Baron & Budd,* 218 F.R.D. 409, 413 (S.D.N.Y. 2003) ("[W]hen a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion." (citations omitted)).  "Only in the rarest cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery."  *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000).

Here, Defendants not only have been deprived of the opportunity to discover information that is essential to their opposition, but they currently do not have *access* to such information, which remains in the control of the illegitimate Maduro regime. (Hernández Decl. ¶¶ 10-11.) Accordingly, this Court should defer consideration of Red Tree's summary judgment motion to allow Defendants to seek discovery of the documents and information that they need to evaluate Red Tree's claims and oppose its motion. *See AMTO*, 168 F. Supp. 3d at 574 ("Especially given that there has been no discovery to date in this case, Bedford should be provided the opportunity to pursue its defense before the Court grants Plaintiffs Motion for Summary Judgment.").

The Court's decision in *American Home Assurance Co. v. Zim Jamaica*, 418 F. Supp. 2d 537 (S.D.N.Y. 2006), is instructive. In that case, the Court stayed the plaintiff's motion for summary judgment to allow the defendants to locate and depose a material witness, who the parties had been unable to find. *See id.* at 552. In granting the stay, the Court explained that "[g]iven the significance of his role in the [dispute at issue], his deposition invariably would bear some fruit in furtherance of defendants' case and therefore could alter significantly the Court's review of plaintiff's motion." *Id.* It also noted that its "holding is further supported by the fact that plaintiff and the Court will not be prejudiced if [the missing witness] is not found in a reasonable amount of time." *Id.*

## CONCLUSION

For the foregoing reasons, this Court should defer consideration of the pending summary judgment motion in order to allow Defendants to take discovery of Red Tree and relevant non-party witnesses and grant such other and further relief to Defendants as it deems just and proper.

Dated: February 7, 2020

Respectfully submitted,

HOGAN LOVELLS US LLP

/s/ Dennis H. Tracey, III
Dennis H. Tracey, III
Robin L. Muir
390 Madison Avenue
New York, NY 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
dennis.tracey@hoganlovells.com
robin.muir@hoganlovells.com

Richard Lorenzo (pro hac vice)
600 Brickell Avenue, Suite 2700
Miami, FL 33131
Tel: (305) 459-6500
Fax: (305) 459-6550
richard.lorenzo@hoganlovells.com

*Counsel for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A*

14