UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RED TREE INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>-against-<br><br>PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO, S.A.,<br><br>Defendants. | Docket Nos.: 1:19-cv-002519<br>(related to 1:19-cv-002523)<br><br>**DECLARATION OF JOSÉ IGNACIO HERNÁNDEZ GONZÁLEZ IN SUPPORT OF DEFENDANTS' MOTION FOR FED. R. CIV. P. 56(d) RELIEF** |

**José Ignacio Hernández González** submits this declaration under penalty of perjury, which may include fine or imprisonment:

1.  I am the Special Attorney General of the Republic of Venezuela, and I submit this declaration in support of the motion of Defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo") (together, "Defendants") to defer consideration of the motion for summary judgment of plaintiff Red Tree Investments, LLC ("Plaintiff"), to allow Defendants to seek discovery.

**Background**

2.  I received my law degree from the Andrés Bello Catholic University in Caracas, Venezuela, and subsequently received a Ph.D. from the Universidad Complutense de Madrid. I am a professor of Administrative Law at Andrés Bello Catholic University and the Central University of Venezuela. Also, I'm visiting professor at the Castilla-La Mancha University (Spain). Currently, I am a Visiting Fellow of the Center for International Development at Harvard University. Since February 5, 2019, I have been the Special Attorney General of the Republic of

Venezuela, appointed by Juan Guaidó, the President of the Venezuelan National Assembly and the Interim President of the Republic.

3. Pursuant to article 233 of the Venezuelan Constitution, beginning on January 10, 2019, the position of Presidency of Venezuela has been held by the President of the Venezuelan National Assembly, Deputy Juan Guaidó.  On January 23, 2019, Juan Guaidó ratified the application of article 233, acting as Interim President of Venezuela.  That same day, President Donald Trump issued a statement officially recognizing President Guaidó as the Interim President of Venezuela and rejecting the legitimacy of the Maduro government.  Since that time over 50 countries have recognized the Guaidó government as the official government of Venezuela, as have the Organization of American States and the Inter-American Development Bank.

4. To facilitate the transition to the newly-installed Guaidó government, the National Assembly enacted the "Statute Governing the Transition to Democracy to Restore the Validity of the Constitution of the Bolivarian Republic of Venezuela" (the "Transition Statute").  Pursuant to Article 15.b of the Transition Statute, the Special Attorney General designated by Interim President Guaidó has the power to appoint counsel of state-owned entities of Venezuela in international litigation.  As I explained, on February 5, 2019, pursuant to the authority granted in Article 15.b of the Transition Statute, President Guaidó appointed me as the Special Attorney General of Venezuela.

5. On March 19, 2019, the National Assembly approved a resolution that ratified the usurpation of Mr. Reinaldo Munoz Pedroza as Attorney General of the Republic (as Maduro's illegally appointed Attorney General) and ratified me as the only Special Attorney General that has the power to represent the Republic and state-owned entities and appoint legal counsel.  As a

result, the U.S. judiciary has recognized interim president Juan Guaidó as the sole legitimate government in Venezuela.

**The Maduro Regime's Usurpation of Control Over the Government**

6. Although the Guaidó government is the sole authority recognized by the United States, it does not have full access to the personnel and documents of the government and its instrumentalities, including PDVSA and Petróleo.  To the contrary, the illegitimate Nicolas Maduro regime has maintained substantial control of the operation of the Venezuelan government, although Venezuela is a collapsing state.  Maduro has thus far refused to recognize the Constitutional authority of the National Assembly and the Interim President Guaidó, and has instead unlawfully usurped the operations of government.

7. As a result, the Guaidó government does not have full access to the Republic's operations, facilities, or personnel.  Specifically, the Guaidó government cannot access the documents or electronic records of PDVSA or Petróleo; cannot interview relevant personnel; and indeed cannot even determine the identity of the government officials and personnel involved in the underlying dispute with Red Tree.  Nor does it have access to the bank accounts or assets of the government in Venezuela.

**President Guaidó's Appointment of an Ad Hoc PDVSA Board**

8. Although the Maduro regime has barred President Guaidó from access to the vast majority of the government's operations and facilities, President Guaidó has taken significant steps that are within his control in order to protect the interests of the Venezuelan people.  Given that oil production and sales constitute the Republic's largest industry, and the source of virtually all of its foreign currency, President Guaidó has taken steps within his power to protect and preserve

those assets. Also, these actions aim to reduce the collapse of the Venezuelan oil industry, as a result of the Nicolás Maduro's kleptocracy.

9. Pursuant to his authority as Interim President, Juan Guaidó, by Presidential Decree N° 3 dated April 10, 2019, appointed an ad hoc Board of Directors of PDVSA with the authority, among other things, to represent PDVSA and Petróleo regarding its assets abroad.

**The Ad Hoc Board of PDVSA Lacks Access to Facts Essential to Respond to the Pending Motion**

10. As a result of the above-described unlawful acts of the Maduro regime, Defendants are not in a position to provide counsel with sufficient information to respond to the allegations of the plaintiff in this action, access to records, or obtain the necessary documents and testimony required to defend the merits of the case, or even to evaluate the contractual rights and remedies of the parties under the referenced agreements.

11. For example, we have no ability to confer with the individuals who were involved in the negotiation or execution of the Notes and Note Agreements upon which Red Tree bases its claims or with PDVSA or Petróleo employees or public officials in Venezuela who have direct knowledge of the facts and circumstances related to this debt. Nor can we review the files relating to the Notes and Note Agreements, and any related payments or correspondence or records. We cannot, for example, confirm or refute Red Tree's allegation that payment has not been made on the Note Agreements, or whether the Note Agreements have been amended, modified, or satisfied. Without access to the files and personnel, we have no ability to evaluate whether such a defense may be available to Defendants in this matter.

12. Despite the fact that the illegitimate Maduro regime has maintained substantial control of the operation of the Venezuelan government and government-owned entities, including PDVSA and Petróleo in Venezuela, Defendants have continued to try to obtain access to the

documents and information relevant to Red Tree's claims. For example, I sent a written request to the ad hoc Board of Directors of PDVSA for documents and information relevant to this matter. In response, by letter dated, August 29, 2019, Luis A. Pacheco, the Chairman of the ad hoc Board of Directors of Petróleos de Venezuela S.A., confirmed that the ad hoc Board does not presently have access to documents and information related to the present dispute, and that they are located in the Caracas office of PDVSA, which remains in the control of the Maduro administration. Mr. Pacheco agreed to contact me as soon as the ad hoc Board gains access to the requested documents information. To date, Mr. Pacheco has not further contacted me regarding the requested documents and information.

13. Following this Court's January 14, 2020 order, Defendants conferred with Red Tree to see if the parties could reach an agreement to engage in limited discovery of relevant documents and information in an effort to forego additional motion practice; however, no agreement could be reached because the parties disagreed over the scope of discovery. Specifically, Red Tree refused to produce documents concerning the assignment of the Notes and Note Agreements. Defendants do not have access to any documents or information concerning the assignments and their validity, other than the documents filed by Red Tree in connection with this litigation, and those documents are insufficient to allow Defendants to determine the efficacy of the assignments to Red Tree.

14. For the foregoing reasons, Defendants respectfully request the opportunity to seek discovery of all documents and information relevant to a claim or defense in this action, including:

   a. Correspondence and documents exchanged between any initial Noteholder or successor Noteholder and PDVSA or Petróleo concerning the terms and performance of the Note Agreements or Notes, including payment.

    b. Correspondence and documents exchanged between Red Tree and any initial Noteholder or successor Noteholder concerning the assignment or transfer of the Note Agreements or Notes, including payment.

    c. Correspondence and documents exchanged between Red Tree and PDVSA or Petróleo concerning the terms and performance of the Note Agreements or Notes, including payment.

In the event that Red Tree cannot, or otherwise fails to, produce the above documents that are in the possession of the initial Noteholders and successor Noteholders, Defendants request the opportunity to seek the above documents from them via third party subpoena. Defendants further request that they be permitted to seek additional discovery, including depositions, if the documents produced by Red Tree or any third party provide just cause to do so.

**I declare under penalty of perjury that the foregoing is true and correct. Executed on the 5th day of February, 2020.**

_____
José Ignacio Hernández González