**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(202) 538-8132**

WRITER'S EMAIL ADDRESS
**danielsalinas@quinnemanuel.com**

May 26, 2020

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. et al.*, No. 1:19-cv-02519
       (related to No. 1:19-cv-02523)

Dear Judge Nathan,

We write on behalf of Red Tree Investments, LLC ("Red Tree"), in compliance with Individual Practice 3.H. of Your Honor's Individual Practices in Civil Cases.[1]  We hope that the Court and its staff remain healthy and safe.

Red Tree respectfully informs the Court that ninety (90) days have passed since February 24, 2020, when Defendants' Discovery Motion was fully briefed for adjudication by the Court.[2]  It also has been approximately 15 months since Red Tree commenced this action in New York State Court and over 13 months since Defendants removed it to this Court.  As the Court is aware, the case was stayed shortly after removal and remained so for approximately 8 months

---

[1]    *See* Rule 3(H), Individual Practices in Civil Cases, Alison J. Nathan (Revised May 4, 2020), available at https://www.nysd.uscourts.gov/sites/default/files/practice_documents/AJN%20Nathan%20Individual%20Rules%20of%20Practice%20in%20Civil%20Cases.pdf (the "Individual Practices") ("If a motion is not decided within 90 days of the time that it has become fully briefed, counsel for the movant shall send a letter to alert the Court.").

[2]    Defendants filed the Discovery Motion on February 7, 2020 (Dkt. Nos. 64, 65, 66), Red Tree opposed (Dkt. Nos. 67, 68, 69, the "Discovery Opposition") on February 18, 2020, and Defendants replied (Dkt. No. 70, the "Reply") on February 24, 2020.

**quinn emanuel urquhart & sullivan, llp**

1

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

until the Court denied Defendants' request to extend the stay and allowed them to file the Discovery Motion.

As the Court has held, the prejudice Red Tree has suffered on account of further delay grows with the passage of time.[3]  Other parties suing Venezuela, PDVSA and Petróleo have made substantial progress towards a recovery on their claims, underscoring both the source of this prejudice and the importance of allowing Plaintiffs to proceed expeditiously towards judgment. To that end, Red Tree also writes to identify for the Court relevant decisions in *Dresser-Rand Company v. Petróleos de Venezuela, S.A. et al.* and share an update on the status of *Crystallex International Corp. v. Bolivarian Republic of Venezuela*.

Like Plaintiff's cases before Your Honor, the *Dresser Rand* case is pending in S.D.N.Y. and concerns enforcement of promissory notes issued by PDVSA and guaranteed by Petróleo that are virtually identical to those held by the Plaintiff.  On March 31, 2020, Judge Stanton denied[4] a motion for reconsideration by Petróleo, which had sought to revisit Judge Stanton's February 11, 2020 grant[5] of summary judgment as to Petróleo.  In awarding summary judgment as to Petróleo, Judge Stanton held that the impossibility defense asserted by PDVSA was unavailable to Petróleo because of its unconditional waiver of defenses in the relevant Note Agreement.[6]  The waiver language examined by Judge Stanton is identical to that provided in the Note Agreements at issue here, as argued in Red Tree's Summary Judgment Motion.[7]

Last week, the Supreme Court of the United States denied Venezuela's and PDVSA's petition for certiorari in the *Crystallex* case, which had been stayed in the District of Delaware pending disposition of that petition.[8]  Following the Supreme Court's denial, Judge Stark granted Crystallex's request to restart the process that would culminate with the sale of PDVSA's shares in its subsidiary PDVH.[9]  Judge Stark has set a short briefing schedule—from June 19 to July 20—for simultaneous motions regarding the remaining issues to be resolved prior to holding a sale of PDVSA's shares in PDVH, including "the mechanics by which the sale of PDVH is to occur" and "any other issue that . . . may interfere with the Court expeditiously proceeding to enforce its prior orders."[10]  Judge Stark has also stated that it would act "mindful of the direction"

---

[3]     *See* Dkt. No. 57, at 5 (S.D.N.Y. Jan. 14., 2020) (explaining, with respect to the balance of equities at issue in extending the stay, that "both Plaintiffs interest in proceeding expeditiously with this litigation and the prejudice to Plaintiff have grown as the litigation is further delayed").

[4]     *See Dresser-Rand Co. v. Petróleos de Venezuela, S.A., et al*, No. 19-CV-02689, Dkt. No. 67 (S.D.N.Y. Mar. 31, 2020).

[5]     *See id*., Dkt. No 59 (S.D.N.Y. Feb. 11, 2020).

[6]     *See id*. at 7-8 ("There is no question about the Guarantor's liability; it is fully liable under the guarantee for the amount which remains unpaid.").

[7]     *See* Dkt. No. 24, Ex. 11 at 11-12.

[8]     *See Crystallex International Corp. v. Bolivarian Republic of Venezuela*, 17-MC-151, Dkt. 154 (D. Del. Dec. 12, 2019).

[9]     *See id.*, Dkt. 174 (D. Del. May 22, 2020).

[10]    *See id.*

from the Third Circuit that "Venezuela owes Crystallex from a judgment that has been affirmed in our courts  Any outcome where Crystallex is not paid means that Venezuela has avoided its obligations."[11]  The possibility of a fire sale of PDVSA's assets is again alive, and the Delaware District Court has made clear that it will proceed expeditiously and without delay towards that end.  As Plaintiff has briefed before Your Honor, any sale of PDVSA's assets, and especially of PDVSA's shares in PDVH, would severely curtail Red Tree's ability to effectuate any judgment that may result from these cases.  Delays in Red Tree's progression to judgment in these cases, in turn, will preclude its fair participation in or recovery from such a sale.  Moreover, other actions in the Delaware District Court continue to proceed towards attachment of PDVH shares, increasing the risk that Red Tree will be precluded from recovery, including due to being leapfrogged by creditors of entities other than PDVSA itself.[12]

In light of the circumstances, Red Tree respectfully urges the Court to allow this case to proceed to adjudication on the merits by ruling on the Discovery Motion, denying the relief requested by Defendants and requiring Defendants to respond to Red Tree's pending summary judgment motion, (Dkt. No. 24, the "Summary Judgment Motion") within no more than fourteen (14) days. [13]   Because Defendants have been privy to the Summary Judgment Motion for approximately 15 months, allowing them any more time to respond to the Summary Judgment Motion would insert additional, unnecessary delay and further prejudice Red Tree.

Sincerely,

*/s/ Daniel Salinas-Serrano*

Daniel Salinas-Serrano

---

[11]     *See id.*

[12]     *See OI European Group B.V. v. Bolivarian Republic of Venezuela*, 16-CV-1533, Dkt. No. 27 (D. Del Dec. 23, 2019) (moving to reconsider denial of attachment based on collateral estoppel); *Phillips Petroleum Co. Venezuela Ltd. et al v. Petroleos de Venezuela, S.A. et al*, 19-MC-00342, Dkt. No. 2 (D. Del. Nov. 26, 2019) (moving for writ of attachment *fieri facias*).

[13]     *See* Local Rule 6.1(b).