

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

Dennis H. Tracey, III
Partner
T +1 212 918 3524
dennis.tracey@hoganlovells.com

May 28, 2020

*VIA ECF*

Hon. Alison J. Nathan
United States District Court for the Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

Re:   *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*
        S.D.N.Y. Docket No. 1:19-cv-002519 (related to 1:19-cv-002523)

Dear Judge Nathan:

This firm represents defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo," and together, with PDVSA, "Defendants") in the above-referenced action. We write in response to the letter (Dkt. No. 71) of counsel for plaintiff Red Tree Investments, LLC ("Red Tree") regarding Defendants' pending Rule 56(d) motion for discovery (Dkt. No. 64).

Contrary to Red Tree's assertion, the "progress" that other parties suing Venezuela, PDVSA, and Petróleo are allegedly making in *other* litigation is not a reason to deny Defendants' Rule 56(d) motion in this case. Defendants have a substantial interest in securing access to relevant facts and personnel and a due process right to a meaningful opportunity to be heard. Not only have Defendants been deprived of the opportunity to discover information that is essential to their opposition to Red Tree's claims, but they currently do not have access to their own documents and personnel, which remain in the control of the illegitimate Maduro regime. To deny Defendants their rights to a fair defense based on unrelated activity in other cases would be a clear denial of due process.

Red Tree's claim of prejudice due to the "possibility of a fire sale of PDVSA's assets" is, in any event, meritless. Even if Red Tree were awarded a judgment in this case, Red Tree – like all other judgment creditors – could not enforce that judgment against property of PDVSA or Petróleo without first obtaining an OFAC license.[1] It is undisputed that Red Tree has not

---

[1]   As a result of OFAC's designation of PDVSA as a "Specially Designated National and Blocked Person" on January 28, 2019, all PDVSA property and interests in property, including those of Petróleo, that are in the U.S. or that come within the U.S. or that are under the possession or control of any U.S. persons are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in without authorization from OFAC. *See* Exec. Order No. 13850, 83 Fed. Reg. 55243 (Nov. 1, 2018). These blocking sanctions – which apply equally to Petróleo, as a

obtained such a license.  Nor have the plaintiffs in the *Dresser-Rand Company v. Petróleos de Venezuela, S.A.* case or the *Crystallex International Corp. v. Bolivarian Republic of Venezuela* case referenced by Red Tree.  Indeed, no judgment has even been entered in favor of the plaintiff in the *Dresser-Rand* case.[2]

Even if the progress of other cases potentially could impact Red Tree's recovery in any judgment that it may eventually obtain in this case, that risk is speculative and is outweighed by Defendants' substantial interest in securing access to relevant facts and personnel and due process right to a meaningful opportunity to be heard.  The critical difference here, compared to the circumstances in *Dresser-Rand* and *Crystallex*, is that unlike those cases, Defendants have not had the opportunity to take discovery on key, relevant issues in this case.[3]

Defendants respectfully request that the Court set a reasonable schedule for discovery of Red Tree and relevant non-party witnesses, as due process requires.

                                                   Respectfully submitted,

                                                   Dennis H. Tracey, III

---

wholly-owned subsidiary of PDVSA, *see* 31 C.F.R. § 591.406 – prohibit Red Tree (and other judgment creditors) from enforcing any judgment or other order through execution, garnishment, or other judicial process that would transfer or otherwise alter or affect PDVSA's property or interests in property without first obtaining a specific license from OFAC.  *See* 31 C.F.R. § 591.506(c).

[2] Although the court in *Dresser-Rand* granted the plaintiff's motion for summary judgment against Petróleo, to date, partial final judgment has not been entered.

[3] Although the underlying instruments in the *Dresser-Rand* case may contain similar language to the instruments at issue in this case, the loan transactions are, in fact, separate and distinct.  Red Tree, in contrast to Dresser-Rand, was not a party to the underlying loan transactions, but rather, was later assigned the instruments.  Defendants have not had the opportunity to obtain discovery on the validity of those assignments, among other issues relevant to Red Tree's claims.