quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(202) 538-8132**

WRITER'S EMAIL ADDRESS
**danielsalinas@quinnemanuel.com**

May 29, 2020

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. et al.*, No. 1:19-cv-02519
      (related to No. 1:19-cv-02523)

Dear Judge Nathan,

We write on behalf of Red Tree Investments, LLC ("Red Tree") in response to Defendants' letter to this Court, dated May 28, 2020. Defendants' letter purports to be "in response" to our May 26, 2020 letter, submitted in compliance with Individual Practice 3.H. of Your Honor's Individual Practices in Civil Cases.[1] Rather than ***responding*** to that letter, however, Defendants took the opportunity to rehash stale and misleading arguments that they have "been deprived of the opportunity to discover information that is essential to their opposition to Red Tree's claims," that "they currently do not have access to their own documents," and that they "have not had the opportunity to take discovery on key, relevant issues in this case." While substantive issues related to Defendants' purported need for documents have already been fully briefed in the context of Defendants' Rule 56(d) motion (the "Discovery Motion"), Red Tree is obliged to respond to correct the record.

Defendants' arguments are not new. From almost the commencement of this case, Defendants have consistently represented that they lacked sufficient documentation to defend this action:

---

[1] *See* Rule 3(H), Individual Practices in Civil Cases, Alison J. Nathan (Revised May 4, 2020), available at https://www.nysd.uscourts.gov/sites/default/files/practice_documents/AJN%20Nathan%20Individual%20Rules%20of%20Practice%20in%20Civil%20Cases.pdf (the "Individual Practices") ("If a motion is not decided within 90 days of the time that it has become fully briefed, counsel for the movant shall send a letter to alert the Court.").

- In their initial March 2019 motion to stay in March of 2019 the proceedings, Defendants argued they needed time to ensure they had "access to all document and information necessary to defend themselves."[2]

- A month later, still arguing for the stay, Defendants represented that they lacked "access to the relevant evidence" to satisfy evidentiary requirements at summary judgment.[3]

- In August of 2019, during the initial stay of this case, Defendants asserted further stay was justified by "the Guaido administration's lack of access to documents and information necessary to defend the case."[4]

- A month later Defendants stated they "remain[ed] unable to access the documents and personnel necessary to defend themselves against Red Tree's claims."[5]

- And, in February of this year, Defendants argued for greater discovery on the basis that "they currently do not have *access* to their own documents and personnel" required to defend themselves.[6]

As Red Tree has previously highlighted in its Opposition to the Discovery Motion (Dkt. 67, the "Opposition"), Defendants' arguments regarding access to discovery sidestep key undisputed facts:

- that Defendants have had access to documents related to this proceeding in the files of their U.S. counsel, including counsel in this case, Hogan Lovells, LLP, from the outset;[7]

- that Defendants made no effort at all—now for over 15 months—to obtain those documents or other documents that could be available from relevant third parties;[8] and

- that Red Tree, on February 18, 2020, after voluntarily collecting documents that could conceivably be relevant in this proceeding from GE Capital EFS Financing Inc., produced over 1,546 documents (13,639 pages) to Defendants.[9]

---

[2] *See* Dkt. No. 10, Memorandum of Law in Motion to Stay, at 7.

[3] *See* Dkt. No. 17, Reply Memorandum in Support of Motion to Stay, at 1.

[4] *See* Dkt. No. 39, Memorandum of Law in Opposition to Motion to Vacate Litigation Stay, at 2.

[5] *See* Dkt. No. 50, Memorandum of Law in Support of Motion to Extend Stay, at 4.

[6] *See* Dkt. No. 65, Memorandum of Law in Support of Motion for Discovery, at 1 (emphasis in original).

[7] *See* Opposition at 1-2, 7-9, 16-18.

[8] *See id.* This fact alone is enough to deny the Discovery Motion. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994) (Rule 56(d) movant must show, inter alia, the efforts made to obtain the facts sought and why those efforts were unsuccessful).

[9] *See* Opposition at 9-10, 18. These documents were directly responsive to Defendants' request to produce "[c]orrespondence and documents exchanged between any initial Noteholder or successor Noteholder and PDVSA or Petróleo concerning the terms and performance of the Note Agreements or Notes, including payment." Discovery Motion at 7. This production is consistent with the limited

Indeed, of the documents that Red Tree reviewed for production to Defendants, approximately 80% concerned the formation of the Credit Agreement and Note Agreements and were authored by or copied Hogan or Curtis, Mallet Prevost & Mosle, LLP, Defendants' other U.S. counsel in connection with these transactions.

Stated more plainly, Defendants and their counsel have spent 15 months stalling on the basis that they lack documentation that has been and continues under the control of their counsel the entire time.  Conveniently, Defendants' letter simply ignores these highly relevant facts.

Moreover, Defendants' letter does not articulate any plausible theory as to how any ***additional*** discovery would create a genuine issue of material fact in this case.  This failure is not new, as Defendants similarly could not articulate any such theory in the briefing of their Discovery Motion.  In a single footnote of their letter, Defendants speculate that discovery may reveal, "among other issues relevant to Red Tree's claims," that the assignment of interests in the relevant loan instruments from GE Capital EFS Financing Inc. to Red Tree may be invalid.  But Red Tree has provided to Defendants (and has filed in this case) the fully executed assignment agreements, supported by an affidavit from Daniel Wallitt, a representative of GE Capital EFS Financing, Inc.[10]  These documents are sufficient to affirmatively prove the validity of the assignment under New York law[11] and there is no factual basis for believing that any additional discovery would demonstrate that the assignment was invalid.[12]

In light of the foregoing, Red Tree respectfully urges the Court to disregard Defendants' attempts to rehash their Discovery Motion and to delay this case any further, and respectfully reiterates its request for the Court to deny Defendants' Discovery Motion and to order Defendants to respond to Red Tree's Motion for Summary Judgement within no more than 14 days.

Sincerely,

*/s/ Daniel Salinas-Serrano*
Daniel Salinas-Serrano

---

discovery ordered by the Court pursuant to Rule 56(d) in *Dresser-Rand Company v. Petroleos De Venezuela, S.A. et al*, S.D.N.Y. 19-CV-02689, Dkt. No. 37 (Sept. 6, 2019 Order).

[10] Red Tree has filed the following documents in this case: (1) the sworn Affidavits of GE Managing Director, Daniel Wallitt, attesting to the validity of the assignments of the Note Agreements to Red Tree, Dkt. No. 25, Exs. 9 and 10; (2) the executed Assignment Agreements, 2005 Wallitt Aff., Ex. E and 2006 Wallitt Aff., Ex. C; and (3) Notices of Assignment sent by GE to PDVSA, 2005 Wallitt Aff., Ex. F and 2006 Wallitt Aff., Ex. D.

[11] *See Lucas v. United States*, 775 F.3d 544, 548 (2d Cir. 2015) (New York law is clear that an assignment is valid where, as here, it is "made in writing and signed.") (citing N.Y. Gen. Oblig. § 5–1107).

[12] Any such speculation is divorced from reality, and the law is clear that Rule 56(d) does not permit such "a fishing expedition based on mere speculation."  *See Tennenbaum Capital Partners LLC v. Kennedy*, 2009 WL 2913679, at *5 (S.D.N.Y. Sept. 11, 2009), *aff'd* 372 F. App'x 180 (2d Cir. 2010); *see generally* Opposition at 13-16.