**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(202) 905-4668**

WRITER'S EMAIL ADDRESS
**danielsalinas@quinnemanuel.com**

August 24, 2020

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:     *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. et al.*, No. 1:19-cv-02519

Dear Judge Nathan,

We write on behalf of Red Tree Investments, LLC ("Red Tree") further to Red Tree's letter of May 26, 2020 (Dkt. No. 71), to respectfully inform the Court that 180 days have passed since full briefing of Defendants' motion under Federal Rule of Civil Procedure 56(d) (the "Discovery Motion," Dkt. Nos. 64-66).[1]

It also has been more than a year and a half since Red Tree commenced this action in New York Supreme Court, over 17 months since Defendants removed it to this Court, and eight months since the Court declined to extend the stay of this litigation. The prejudice to Red Tree from the delays in this matter, which the Court recognized in declining to further stay the litigation, has continued to grow with the passage of time.[2]

Other parties enforcing claims against Venezuela, PDVSA, and Petróleo continue to make progress towards a recovery. In *Dresser-Rand Company v. Petróleos de Venezuela, S.A. et al.*, which Plaintiffs have previously identified for Your Honor as concerning analogous claims by another PDVSA promissory note holder, discovery is proceeding on the sole remaining issue of PDVSA's

---

[1] Defendants filed the Discovery Motion on February 7, 2020, Red Tree opposed (Dkt. Nos. 67-69, the "Discovery Opposition") on February 18, 2020, and Defendants replied (Dkt. No. 70, the "Reply") on February 24, 2020. Today is day 182 since the Discovery Motion was fully briefed.

[2] *See* Dkt. No. 58, at 5 (S.D.N.Y. Jan. 14, 2020) (explaining that "both Plaintiff's interest in proceeding expeditiously with this litigation and the prejudice to Plaintiff have grown as the litigation is further delayed").

**quinn emanuel urquhart & sullivan, llp**
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

impossibility defense,[3] while judgment has been entered against Petróleos and is now on appeal.[4] In *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, Judge Stark has overseen a rapid briefing and hearing schedule to resolve all remaining disputes and consider procedures for the sale of PDVSA's shares in its subsidiary PDVH; after an initial July 17, 2020 hearing on motions related to sale procedures and the writ of attachment, Judge Stark has allowed for further briefing and has an additional hearing scheduled for September 17, 2010.[5] Also on September 17, 2020, Judge Stark will be hearing argument on two requests by additional creditors to attach the PDVH shares, increasing the risk that Red Tree will be precluded from recovery.[6] As Plaintiff has previously briefed before Your Honor, any sale of PDVSA's shares in PDVH would severely curtail Red Tree's ability to effectuate judgment, and delays in Red Tree's ability to obtain judgment here may prevent its fair participation in or recovery from such a sale.

Red Tree also writes to identify for the Court an action commenced by Defendant PDVSA in this District that PDVSA is expeditiously prosecuting despite the circumstances that it has argued require delay in Red Tree's cases. On October 29, 2019, PDVSA sued to invalidate 8.5% Notes due in 2020.[7] From filing, PDVSA has pressed this case on an expedited timeline, culminating in cross-motions for summary judgment that are fully briefed and set for oral argument on September 25, 2020.[8] PDVSA should not be permitted to avail itself of this Court to protect its own rights, while arguing that present circumstances preclude its ability to defend litigation brought by its creditors.

Only the Discovery Motion prevents the Court from setting a briefing schedule and ruling on Red Tree's Motion for Summary Judgment, more than a year and a half after Defendants received it. The Discovery Motion is meritless, as well as narrow and easily adjudicated. The Court should deny it and allow the case to move forward without further delay.

Defendants have sought to avoid adjudication of this action through delay by any means possible; the Discovery Motion is but the most recent example of that strategy. The Discovery Motion seeks greater discovery on the basis that Defendants supposedly "do not have *access* to their own documents and personnel" required to defend themselves.[9] As explained in detail in Red Tree's

---

[3] *See Dresser-Rand Co. v. Petróleos de Venezuela, S.A., et al*, No. 19-CV-02689, Dkt. No. 84 (S.D.N.Y. June 24, 2020) (order approving PDVSA's discovery steps related to its defense).

[4] *See Dresser-Rand Co. v. Petróleos de Venezuela, S.A.*, No. 20-CV-01990, Dkt. No. 1 (2d Cir. June 24, 2020) (notice of appeal).

[5] *See Crystallex International Corp. v. Bolivarian Republic of Venezuela*, 17-MC-151, Dkt. 218 (D. Del. Aug. 4, 2020) (order setting briefing schedule and hearing, in response to U.S. position on sale).

[6] *See OI European Group B.V. v. Bolivarian Republic of Venezuela*, 16-CV-1533, Dkt. No. 34 (D. Del Aug. 4, 2020) (order setting hearing on motion to reconsider denial of attachment based on collateral estoppel); *Phillips Petroleum Co. Venezuela Ltd. et al v. Petroleos de Venezuela, S.A. et al*, 19-MC-00342, Dkt. No. 19 (D. Del. Aug. 4, 2020) (order setting hearing on motion for writ of attachment *fieri facias*).

[7] *See Petróleos de Venezuela, S.A., et al v. MUFG Union Bank, N.A. et al*, 19-CV-10023, Dkt. No. 1 (S.D.N.Y. Oct. 29, 2019) (complaint).

[8] *See id*. at Dkt. No. 210 (Aug. 6, 2020) (order setting oral argument).

[9] *See* Dkt. No. 65, Memorandum of Law in Support of Motion for Discovery, at 1 (emphasis added).

May 29, 2020 letter, this argument is inaccurate at best.[10] Defendants have *maintained access* to documents related to this proceeding in the files of their U.S. counsel, *including counsel in this case, Hogan Lovells, LLP*, from the outset.[11] Defendants have not disputed that they always have had access to their own counsel's files, nor have they made any effort to obtain those or any other documents from their counsel or any third parties.[12] Despite having numerous opportunities to do so, Defendants also have failed to explain their unwillingness to review their own counsel's files.

Defendants sought documents in three broad categories, despite Red Tree having filed with the Court all documents needed to fully and finally adjudicate this action—unrebutted evidence proving Defendants' obligation to pay and their failure to do so in breach of the financial instruments at issue. Red Tree took affirmative action to anticipate and resolve Defendants' improper and meritless discovery demands. As the Court is aware, on February 18, 2020, after voluntarily collecting all conceivably relevant documents from original Noteholder GE Capital EFS Financing Inc., Red Tree produced over 1,546 documents (13,639 pages) to Defendants.[13] This voluntary production rendered moot two of the three categories of documents that Defendants sought.[14]

As to the only remaining category, Defendants have relied on rank speculation while failing to articulate a plausible theory of how any ***additional*** discovery would create a genuine issue of material fact.[15] Most recently, Defendants surmised that discovery may reveal, "among other issues," that the assignment of interests in the relevant instruments may be invalid.[16] But Red Tree has filed the executed assignment agreements supported by an affidavit of a GE Capital representative. These documents are sufficient to prove the validity of the assignment under New York law[17] and there is no factual basis to support a claim that additional discovery would demonstrate otherwise.[18]

The Court should not allow Defendants to continue delaying this simple matter by engaging in clearly unmeritorious and improper discovery. Red Tree again respectfully urges the Court to deny the Discovery Motion and order Defendants to respond to Red Tree's pending summary judgment motion, within no more than fourteen (14) days per Local Rule 6.1(b). Because Defendants have been privy to that motion for over 18 months, giving them more time would insert additional, unnecessary delay and further prejudice Red Tree.

---

[10] *See* Red Tree Letter (Dkt. No. 74) (setting out Defendants' representations about access to documents and the fact that approximately 80% of documents reviewed by Red Tree were authored by Defendants' counsel).

[11] *See* Red Tree's Opposition to Discovery Motion (Dkt. No. 67) ("Opposition") at 1-2, 7-9, 16-18.

[12] *See id.* This fact alone is enough to deny the Discovery Motion. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994) (Rule 56(d) movant must show, *inter alia*, the efforts made to obtain the facts sought and why those efforts were unsuccessful).

[13] *See* Opposition at 9-10, 18. This production is consistent with the limited discovery ordered by the Court pursuant to Rule 56(d) in *Dresser-Rand*, Dkt. No. 37 (Sept. 6, 2019) (order).

[14] *See* Opposition at 10.

[15] *See* Opposition at 1.

[16] Defendants' May 28, 2020 Letter (Dkt. No. 72), at n.3.

[17] *See Lucas v. United States*, 775 F.3d 544, 548 (2d Cir. 2015) (New York law is clear that an assignment is valid where, as here, it is "made in writing and signed.") (citing N.Y. Gen. Oblig. § 5–1107).

[18] *See generally* Opposition at 13-16. Rule 56(d) does not permit such "a fishing expedition based on mere speculation." *Tennenbaum Capital Partners LLC v. Kennedy*, 2009 WL 2913679, at *5 (S.D.N.Y. Sept. 11, 2009), *aff'd* 372 F. App'x 180 (2d Cir. 2010).

Sincerely,

*/s/ Daniel Salinas-Serrano*

Daniel Salinas-Serrano