

Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8160
F: 212.607.8161
smolo@mololamken.com

September 29, 2020

VIA CM/ECF

Hon. Alison J. Nathan
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

>    Re:   *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. et al.*,
>          Nos. 19 Civ. 2519 and 19 Civ. 2523 (S.D.N.Y.):  Rule 56(d) Motions

Dear Judge Nathan:

      We recently appeared as counsel on behalf of Red Tree Investments, LLC.  We filed appearances in these matters on September 11, 2020.  No. 19 Civ. 2519, Dkts. 79-81; No. 19 Civ. 2523, Dkts. 80-82.  On September 21, 2020, this Court granted former counsel's motions to withdraw.  No. 19 Civ. 2519, Dkt. 83; No. 19 Civ. 2523, Dkt. 84.

      We write to respectfully inform the Court that, in the interest of efficiently advancing this case and resolving Defendants' motions under Fed. R. Civ. P. 56(d) without further litigation, Red Tree has produced to Defendants today documents in response to Defendants' outstanding discovery requests in their Rule 56(d) motions.  *See* Ex. A (production letter without enclosures). In particular, Red Tree has produced to Defendants all non-privileged documents in its possession, custody, or control, located through a reasonable search, which are responsive to the following requests in Defendants' motions:

1. Correspondence and documents exchanged between Red Tree and any initial Noteholder or successor Noteholder concerning the assignment or transfer of the 2015 and 2016 Note Agreements or Notes, including payment.

2. Correspondence and documents exchanged between Red Tree and any initial or successor Lender or Agent concerning the assignment or transfer of the 2016 Credit Agreement, including payment.

*See* No. 19 Civ. 2519, Dkt. 65 at 7; No. Civ. 2523, Dkt. 66 at 5.[1]  Defendants have previously asserted that these documents were necessary to assess "Red Tree's standing to enforce . . . and

---

[1] In their Rule 56(d) motions, Defendants previously also sought "[c]orrespondence and documents exchanged between Red Tree and [Defendants] concerning the terms and performance" of the Note Agreements and Credit Agreement.  No. 19 Civ. 2519, Dkt. 65 at 7; No. 19 Civ. 2523, Dkt. 66 at 5.  However, given that Red Tree has explained that no such

Hon. Alison J. Nathan
September 29, 2020
Page 2

seek payment" under the Notes and Credit Agreement.  No. 19 Civ. 2519, Dkt. 65 at 8; No. 19 Civ. 2523, Dkt. 66 at 7.  This document production provides Defendants all of the information they have claimed to need to establish that Red Tree does, in fact, have standing to sue.[2]  As a result, Defendants' motions under Rule 56(d) are now moot.

There is thus no remaining obstacle for the Defendants to respond to, and the Court to adjudicate, Plaintiff's pending motions for summary judgment.  Moreover, Plaintiff respectfully submits that the remaining briefing and argument on those motions should take place on an expedited basis.  Plaintiff's motions have been effectively pending since they were first filed in state court in February 2019.  *See* No. 19 Civ. 2519, Dkt. 1 at 1; No. 19 Civ. 2523, Dkt. 1 at 1 (notices of removal).  As this Court has recognized, Plaintiff has a compelling due process "interest in proceeding expeditiously with this litigation."  *Red Tree Investments, LLC v. Petroleos De Venezuela, S.A.*, No. 19 Civ. 2519 & 2523, 2020 WL 209276, at *2 (S.D.N.Y. Jan. 14, 2020); *see also Clinton v. Jones*, 520 U.S. 681, 710 (1997).  In fact, this Court has held, "both Plaintiff's interest in proceeding expeditiously with this litigation and the prejudice to Plaintiff have grown as the litigation is further delayed."  *Red Tree*, 2020 WL 209276, at *3.  As a result, this Court has already denied Defendants' request for a stay and held that no further delays of this case are warranted.  *Id.*

The Court's ruling, and Plaintiff's interest in resolving this case, both warrant resolving Plaintiff's motions for summary judgment quickly.  By contrast, there is no conceivable prejudice to Defendants in responding expeditiously to Plaintiff's outstanding motions, given that they have had access to those motions for over 19 months.  Plaintiff therefore respectfully proposes that the Court enter the following briefing schedule:

- **October 16, 2020**:  Defendants file their oppositions to Plaintiff's motions for summary judgment.

- **October 30, 2020**:  Plaintiff files its replies in support of its motions for summary judgment.

---

documents exist, Defendants have agreed that this request is moot.  No. 19 Civ. 2519, Dkt. 70 at 5 n.2; No. 19 Civ. 2523, Dkt. 71 at 5 n.2.

[2] Red Tree has redacted from certain documents irrelevant and competitively sensitive information about the purchase price paid for the assignment of the relevant contracts.  Defendants have neither requested this information nor claimed that the amount of the payment (as opposed to its timing) would be relevant to Red Tree's standing.  *Cf.* No. 19 Civ. 2519, Dkt. 65 at 9 (seeking discovery on the date the "Purchase Price" was paid, but not the amount); No. 19 Civ. 2523, Dkt. 66 at 7-8 (same); *see also* N.Y. Gen. Oblig. Law § 5-1107 (consideration not required for a valid assignment under New York law).

Hon. Alison J. Nathan
September 29, 2020
Page 3

                                  Respectfully submitted,

                                  /s/ Steven F. Molo
                                  Steven F. Molo

Encl.