

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

Robin L. Muir
Senior Associate
T +1 212 918 3264
robin.muir@hoganlovells.com

October 5, 2020

*VIA ECF*

Hon. Alison J. Nathan
United States District Court for the Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

Re:  *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*
S.D.N.Y. Nos. 1:19-cv-002519; 1:19-cv-002523

Dear Judge Nathan:

This firm represents Defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo") in the above-referenced actions (No. 1:19-cv-002519, hereinafter referred to as "*Red Tree 1*," and No. 1:19-cv-002523, hereinafter referred to as "*Red Tree 2*").  We write in response to the letters filed by newly retained counsel for Plaintiff Red Tree Investments, LLC, on September 29, 2020, asserting that Defendants' pending Rule 56(d) motions for discovery are now moot and proposing an expedited briefing schedule on Red Tree's motions for summary judgment.  (Dkt. No. 84 in *Red Tree 1*; Dkt. No. 85 in *Red Tree 2*.)

Defendants disagree with Red Tree's representation that, as a result of its recent production of documents, Defendants' motion to deny or defer consideration of Red Tree's summary judgment motions is moot, and object to Red Tree's proposed expedited briefing schedule, as both premature and unreasonable.  Regrettably, Red Tree made this application to the Court without conferring with Defendants on either issue.  Indeed, Red Tree's counsel filed its letters ***before*** it even provided Defendants' counsel with the passwords necessary to access the supplemental production.

Defendants' Rule 56(d) motion is ***not*** moot because all discovery sought has not been provided.  Contrary to Red Tree's assertion, its voluntary productions[1] did not include all categories of documents requested by Defendants.  For example, no correspondence to or from SACE S.p.A. ("SACE"), the initial holder of the R-3 Note, one of the three notes at issue in the *Red Tree 1* case,[2] has been produced.  Defendants expressly reserved the right to obtain third-party discovery

---

[1] Given that Red Tree's productions were made in an effort to moot Defendants' motion and not pursuant to a court order with the protections of Rule 37(b), Defendants submit that Red Tree should be ordered to certify its productions, as complete.

[2] In *Red Tree 1*, Red Tree seeks to recover amounts allegedly due under two notes – the R-2 Note and the R-3 Note – issued under a note agreement dated March 27, 2015 (the "2015 Note Agreement") to GE Capital Corporation ("GE Capital") and later assigned to GE Capital EFS Financing Inc. ("GE EFS"), and a third note

from any initial noteholder, if Red Tree could not, or otherwise failed, to produce such documents. Defendants therefore should be permitted to seek discovery from SACE by third-party subpoena.

Defendants' Rule 56(d) motion is also *not* moot because Defendants expressly requested that "they be permitted to seek additional discovery, including depositions, if the documents produced by Red Tree or any third-party provide just cause to do so." Although Defendants' review of the recently produced documents by Red Tree is not complete, Defendants' preliminary review confirms that just cause exists for Defendants to seek additional discovery.

Specifically, Defendants have just cause to pursue discovery regarding the location and possession of the original R-3 Note, which is essential to Red Tree's standing. Documents produced by Red Tree indicate that the original R-3 Note was "lost" and reference a "lost note affidavit." RT_00013673-13679.[3] Notably, the "Assignment and Acceptance" agreement – which, according to Red Tree, assigned the 2015 Note Agreement and the R-2 and R-3 Notes to Red Tree – only required the assignor to deliver the R-2 Note to Red Tree and makes no reference to delivery of the R-3 Note. Defendants request the opportunity to inspect the original R-3 Note, seek discovery on if and when the R-3 Note was delivered to Red Tree, and, if necessary, seek discovery from SACE and GE EFS relating to the assignment of the R-3 Note and other issues relevant to Red Tree's standing.

Defendants also have just cause to obtain discovery regarding any attempted payments by PDVSA to GE EFS that were rejected by a banking institution, which is directly relevant to Defendants' impossibility defense[4] in both *Red Tree 1* and *Red Tree 2*. *See Organizacion JD Ltda. v. U.S. Dep't of Justice*, 18 F.3d 91, 95 (2d Cir. 1994) ("[T]he private intermediary banks cannot be subject to a damage action because the intervening government actions in ordering the seizures of the EFTs rendered any enforceable contract impossible to perform." (citations omitted)); Opinion and Order at 7, *Dresser-Rand Co. v. Petróleos de Venezuela, S.A.*, No. 1:19-cv-2689-LLS (S.D.N.Y., Feb. 11, 2020), ECF No. 59 (denying summary judgment against PDVSA because OFAC blocking sanctions "make it legally impossible here for PDVSA to pay Dresser-Rand," and thus, "there are material issues of impossibility of payment to prevent the entry of judgment as a matter of law against PDVSA").

Documents produced by Red Tree show that at least one payment by PDVSA to GE EFS was delayed because a correspondent bank needed to obtain internal approval before processing PDVSA's payment. RT_00013422-13423.[5] And, based on the timing of Defendant' alleged defaults,[6] Defendants have just cause to believe that as a result of the OFAC sanctions imposed

---

issued under a note agreement dated May 13, 2016 (the "2016 Note Agreement") to GE EFS. In *Red Tree 2*, Red Tree seeks to recover amounts allegedly due under a credit agreement dated December 27, 2016 (the "2016 Credit Agreement") issued to GE EFS.

[3]    A copy of this document is not included because it was marked as "confidential" by Red Tree.

[4]    Although Petróleo as Guarantor, waived certain defenses in the Note Agreements and Credit Agreement, Petróleo did not knowingly and intentionally waive impossibility as a defense, and, as a matter of public policy, Petróleo should not be regarded as having waived impossibility as a defense.

[5]    A copy of this document is not included because it was marked as "confidential" by Red Tree.

[6]    Red Tree alleges that PDVSA defaulted on the 2015 Notes in December 2017, on the 2016 Note in March 2018, and on the 2016 Credit Agreement in November 2017.

against the Venezuelan oil industry in August 2017, banks – including, specifically, Deutsche Bank, the bank that GE EFS designated for payment – employed policies that not only delayed but *prohibited* the processing of payments from PDVSA to United States persons, making it objectively impracticable or impossible for Defendants to make the requisite payments to GE EFS or cure their alleged defaults.[7]  To obtain evidence in support of this defense, Defendants request the opportunity to seek documents and testimony from the following third-parties:

- GE EFS regarding attempted payments by PDVSA that were rejected by a banking institution;
- Deutsche Bank Trust Company Americas, the holder of the bank account that GE EFS designated for payment in the 2015 and 2016 Note Agreements and the 2016 Credit Agreement, regarding attempted payments by PDVSA that Deutsche Bank rejected or refused to process, and Deutsche Bank's policies and procedures for filtering, assessing, processing and/or rejecting payment transactions involving Defendants and other Venezuelan government-related entities; and
- Wells Fargo Securities LLC, the holder of the account that Red Tree designated for payment upon assignment of the 2015 and 2016 Note Agreements and the 2016 Credit Agreement, regarding Wells Fargo's policies and procedures for filtering, assessing, processing and/or rejecting payment transactions involving Defendants and other Venezuelan government-related entities.[8]

Moreover, because Defendants' Rule 56(d) motion is ***not*** moot, it is premature to set any briefing schedule on Red Tree's summary judgment motion.  And, even if this Court were to deny Defendants' Rule 56(d) motion, Defendants respectfully submit that Red Tree's proposed briefing schedule – affording only two weeks to review Red Tree's production and prepare opposition to two motions for summary judgment – is unreasonable, under the circumstances here.  As this Court is aware, Defendants have had no access to their own documents, their country is in the midst of the unparalleled economic and humanitarian crisis, and upwards of $200,000,000 is at stake.  Red Tree's interest in resolving this case and its summary judgment motion "quickly" is outweighed by Defendants' due process right to a meaningful opportunity to be heard.

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' Rule 56(d) motion and grant them the opportunity to seek the discovery requested in their motion and outlined above, and deny or defer Red Tree's summary judgment motion until discovery is complete.

Respectfully submitted,
/s/ Robin L. Muir
Robin L. Muir

---

[7]    In *Dresser Rand Company v. Petróleos de Venezuela, S.A.*, Judge Stanton of this District denied summary judgment as against PDVSA after finding a triable issue of fact with respect to PDVSA's impossibility defense. Opinion and Order at 2-3, *Dresser-Rand Co. v. Petróleos de Venezuela, S.A.*, No. 1:19-cv-2689-LLS (S.D.N.Y., Feb. 11, 2020), ECF No. 59.  In opposition to the plaintiff's summary judgment motion, among other documents, PDVSA submitted evidence that PDVSA attempted to make the requisite payments, but that due to the OFAC sanctions imposed in August 2017, various banking institutions rejected or refused to process the transactions.

[8]    Defendants further reserve the right to seek additional discovery, including depositions, if the documents and testimony obtained provide just cause to do so.