

Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8160
F: 212.607.8161
smolo@mololamken.com

October 9, 2020

VIA CM/ECF

Hon. Alison J. Nathan
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

> Re:   *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. et al.*,
>       Nos. 19 Civ. 2519 and 19 Civ. 2523 (S.D.N.Y.):  Rule 56(d) Motions

Dear Judge Nathan:

We represent Red Tree.  We respectfully write in response to Defendants' October 5 letter asking the Court to again delay briefing on Red Tree's summary-judgment motions so that they can subpoena third parties.  *See* No. 19 Civ. 2519, Dkt. 86; No. 19 Civ. 2523, Dkt. 87 ("Def. Ltr.").  Because Defendants could have sought this discovery months ago, because they have failed again to comply with Rule 56(d), and because the discovery they seek will not affect the outcome of Red Tree's motions, Defendants' request should be denied.

Defendants have had more than enough time to seek third-party discovery.  These cases have been pending since February 2019.  *See* No. 19 Civ. 2519, Dkt. 1 at 1; No. 19 Civ. 2523, Dkt. 1 at 1.  Moreover, the Court lifted the stay of these cases in January 2020.  No. 19 Civ. 2519, Dkt. 57; No. 19 Civ. 2523, Dkt. 58.  At any time since then, Defendants could have subpoenaed third parties without leave of court.  They chose not to.  And when Defendants filed their Rule 56(d) motion in February 2020, they opted to seek discovery specifically from Red Tree, not from third parties.  *See* No. 19 Civ. 2519, Dkt. 65 at 6-7; No. 19 Civ. 2523, Dkt. 66 at 5-6.  While Defendants now point to a generic reservation of rights in a footnote of their brief to ask for extra discovery, Def. Ltr. at 2; *see* No. 19 Civ. 2519, Dkt. 65 at 7 n.4; No. 19 Civ. 2523, Dkt. 66 at 5 n.2, that hardly gives the "specified reasons" for discovery that Rule 56(d) requires.  Fed. R. Civ. P. 56(d).  Instead, Defendants waited for months until Red Tree satisfied their initial requests, only to seek more.  Their delay is, by itself, reason enough to deny Defendants' request.  *See Wells Fargo Bank Nw., N.A. v. Taca Int'l Airlines, S.A.*, 247 F. Supp. 2d 352, 360 (S.D.N.Y. 2002) (courts considering a Rule 56(d) request "must consider . . . whether the lack of discovery was in any way due to fault or delay on the part of the nonmovant") (collecting cases).

The Court should also reject Defendants' request as procedurally improper.  To get discovery under Rule 56(d), a party must show "specified reasons" for that discovery "by affidavit or declaration."  Fed. R. Civ. P. 56(d).  That affidavit must show "(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain

Hon. Alison J. Nathan
October 9, 2020
Page 2

them, and (4) why the affiant was unsuccessful in those efforts." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2003) (quotation omitted). "[T]he failure to file" such an affidavit "is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994). As Red Tree already explained, the affidavit Defendants filed with their original Rule 56(d) motion falls far short of that standard because it offers only speculation about what documents ***might*** exist and how Defendants ***might*** have defenses. No. 19 Civ. 2519, Dkt. 67, at 13-18; No. 19 Civ. 2523, Dkt. 68 at 13-18. Yet Defendants' new discovery requests ignore the affidavit requirement altogether. Defendants' counsel's unsworn claims in their letter about what they have "just cause" to believe might exist in discovery, Def. Ltr. at 2-3, are simply not enough. *Paddington Partners*, 34 F.3d at 1137. And Defendants' counsel do not even try to describe what efforts they have already made to obtain this new discovery or how those efforts failed. *See Miller*, 321 F.3d at 303. That disregard of Rule 56(d), too, dooms their motion.

But even if Defendants had requested this discovery in a timely fashion, and even if they had complied with Rule 56(d), their request would still fail. Defendants have long known about most of the facts they now say justify discovery. And Defendants also do not offer any meaningful reason why any of the three new categories of discovery they identify would make any difference to summary judgment. Specifically:

***SACE Discovery.*** Defendants claim that they now need to subpoena SACE S.p.A., the initial holder of one note, because "no correspondence to or from [SACE] . . . has been produced" by Red Tree. Def. Ltr. at 1-2. But Defendants have known for years that SACE was a possible discovery target because they ***issued that note to SACE directly*** in 2015. *See* No. 19 Civ. 2519, Dkt. 25-7 (original SACE note). Defendants offer no excuse for failing to even suggest discovery into SACE before now. And Red Tree's summary-judgment motion described how SACE assigned the relevant note to GE Capital EFS, which then assigned the note again to Red Tree. *See* No. 19 Civ. 2519, Dkt. 25-11 at 3-4 (describing assignment). Defendants never had reason to think that SACE had ever corresponded with Red Tree directly.

In any event, Defendants offer zero reason in their letter why discovery from SACE would yield information essential to Red Tree's standing. Red Tree has publicly filed evidence of the assignments from SACE to GE Capital EFS, and from GE Capital EFS to Red Tree. *See* Dkt. 25-11. Defendants offer no basis to doubt the validity of these assignments, much less any explanation of how "correspondence" with SACE could shed light on that issue.

***"Lost Note" Discovery.*** Defendants also assert that discovery "regarding the location and possession of the original R-3 note" is essential to Red Tree's standing because GE Capital EFS provided a draft "lost note affidavit" stating that the original promissory note had been lost. Def. Ltr. at 2; *see* RT_00013673-00013679 (attached as Ex. A) (draft affidavit and cover email cited by Defendants). That lost note affidavit was not executed. However, Red Tree filed a copy of the note with its summary-judgment papers in 2019, *see, e.g.*, No. 19 Civ. 2519, Dkt. 25-9, and Defendants have never claimed that the copy is in any way inauthentic or inaccurate. Defendants did not seek discovery into that note (or any other) when they first filed their Rule 56(d) motion. Moreover, Defendants' counsel represented Defendants in the negotiation of the underlying note transaction, and presumably had ample opportunity to "inspect" the note then. *See* Def. Ltr. at 2;

Hon. Alison J. Nathan
October 9, 2020
Page 3

No. 19 Civ. 2519, Dkt. 77 at 1. Defendants do not explain why further "inspect[ion]" would yield any additional information relevant to Red Tree's motions. Nor do they offer any basis why discovery into the original note would affect Red Tree's standing when there is no serious doubt as to the note's ownership, its assignment, or its terms. It would not.

***Discovery into "Impossibility."*** Defendants cite a June 2017 GE email to claim that they need discovery into "any attempted payments by PDVSA to GE EFS that were rejected by a banking institution." Def. Ltr. at 2; *see also* Ex. B[1] (RT_00013419-00013424). Defendants assert that the email is relevant to a purported "impossibility" defense because, they claim, it shows that sanctions may have delayed PDVSA's payment. Def. Ltr. at 2. That assertion fails for multiple reasons. Defendants never claimed in their original motion that they needed discovery into an impossibility defense. Nor have they provided any affidavit on that topic. And Defendants also could have sought discovery into Deutsche Bank Trust Company Americas and Wells Fargo Securities LLC since at least February because it knew of those entities' roles from prior productions and public filings. *See* Ex. C (RT_00013310, DBTCA account confirmation); No. 19 Civ. 2523, Dkt. 25-12 (Wallitt Aff. Ex. D, listing Wells Fargo account).

In addition, the email Defendants cite was produced ***seven months ago*** – and, in fact, bears a Bates stamp from that prior production. *See* Ex. B. If Defendants had any concern about this email, they should have raised it long ago. Defendants presumably did not do so because that email says nothing about "delays," let alone delays related to sanctions. *See* Ex. B. In any event, it would not make sense for PDVSA's June 2017 payment to be delayed by sanctions that, as Defendants admit, were imposed ***months later*** in August 2017. *See* Def. Ltr. at 2-3; Exec. Order No. 13,808, 82 Fed. Reg. 41,155 (Aug. 24, 2017).[2] Defendants cannot offer any serious reason to suggest that their payments have, in fact, been "delayed," let alone made "impossible" so as to provide a defense to Red Tree's claims.

\*   \*   \*

Defendants' requested discovery serves no legitimate purpose. It would further harm Red Tree's due process interest in a prompt resolution of its claims. In doing so, it would needlessly burden numerous third parties only so that Defendants can keep putting off this case. And Defendants are simply wrong to attack Red Tree's proposed schedule for summary judgment as "unreasonable." Def. Ltr. at 3. This is a straightforward motion that can be briefed by Defendants' able counsel regardless of the amount at stake or the situation in Venezuela. Defendants have had notice of Red Tree's motion for almost two years. And Defendants' letter shows that they have already reviewed Red Tree's documents. They are fully able to respond now. The Court should put an end to further delay and order Defendants to respond to Red Tree's motions by October 16, 2020.

---

[1] Exhibits B and C contain bank account numbers that have been redacted from the publicly-filed versions in compliance with Fed. R. Civ. P. 5.2.

[2] Defendants also cite to a February 2020 summary-judgment opinion in another case that found triable issues of fact about whether sanctions rendered PDVSA's payments impossible. Def. Ltr. at 2 (citing *Dresser-Rand Co. v. Petroleos de Venezuela, S.A.*, No. 19 Civ. 2689, Dkt. 59 (S.D.N.Y. Feb. 11, 2020). If Defendants thought that decision justified discovery, they could have said so months ago. At any rate, Rule 56(d) requires a specified showing of need by an affidavit about ***these*** cases, not lawyers' characterizations of an entirely separate action.

Hon. Alison J. Nathan
October 9, 2020
Page 4

          Respectfully submitted,

          */s/ Steven F. Molo*
          Steven F. Molo

Encl.