

Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8160
F: 212.607.8161
smolo@mololamken.com

November 23, 2020

<u>VIA CM/ECF</u>

Hon. Alison J. Nathan
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

>      Re:    *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. et al.*,
>             <u>Nos. 19 Civ. 2519 and 19 Civ. 2523 (S.D.N.Y.):  Rule 56(d) Motions</u>

Dear Judge Nathan:

We have recently substituted in as counsel for Plaintiff Red Tree in these matters.  Given our recent entry into the case and its current procedural posture, we thought it appropriate to write to respectfully offer to participate in a status conference if doing so would be helpful to the Court.

By way of background, Defendants removed these actions to this Court in March 2019 after Red Tree initially moved in state court for summary judgment in lieu of complaint.  *See* No. 19 Civ. 2519, Dkt. 1 at 1; No. 19 Civ. 2523, Dkt. 1 at 1.  On May 6, 2019, the Court granted Defendants' motion for a 120-day stay.  No. 19 Civ. 2519, Dkt. 33; No. 19 Civ. 2523, Dkt. 33.  By its terms, that stay expired on September 3, 2019.  *See* No. 19 Civ. 2519, Dkt. 33; No. 19 Civ. 2523, Dkt. 33.  On January 14, 2020, the Court denied Defendants' motion to renew the stay, noting that "Plaintiff's interest in proceeding expeditiously with this litigation and the prejudice to Plaintiff have grown as the litigation is further delayed."  No. 19 Civ. 2519, Dkt. 57 at 5; No. 19 Civ. 2523, Dkt. 58 at 5.

At the same time, the Court deferred further briefing on Red Tree's summary-judgment motions so that Defendants could move for additional discovery under Rule 56(d).  No. 19 Civ. 2519, Dkt. 57 at 6; No. 19 Civ. 2523, Dkt. 58 at 6.  Defendants filed their Rule 56(d) motions on February 7, 2020.  No. 19 Civ. 2519, Dkt. 64; No. 19 Civ. 2523, Dkt. 65.  Red Tree filed its opposition brief on February 18, 2020, and simultaneously produced documents in fulfillment of certain of Defendants' discovery requests.  No. 19 Civ. 2519, Dkts. 67 & 68; No. 19 Civ. 2523, Dkts. 68 & 69.  The Rule 56(d) motions were fully briefed less than a week later.  No. 19 Civ. 2519, Dkt. 70; No. 19 Civ. 2523, Dkt. 71.

In August of this year, Red Tree alerted the Court that, although the stay had expired approximately twelve months prior, the Court inadvertently marked these cases as stayed on CM/ECF.  No. 19 Civ. 2519, Dkt. 74; No. 19 Civ. 2523, Dkt.75.  The Court directed the Clerk's

Hon. Alison J. Nathan
November 23, 2020
Page 2

office to remove the stay notation.  *See* No. 19 Civ. 2519, Dkt. 75; No. 19 Civ. 2523, Dkt. 76.  At that point, the Rule 56(d) motions had been fully briefed and pending for approximately six months.

MoloLamken LLP appeared as counsel for Red Tree on September 11, 2020.  *See* No. 19 Civ. 2519, Dkts. 79-81; No. 19 Civ. 2523, Dkts. 80-82.  Two weeks later, Red Tree produced all documents in its possession, custody, or control relevant to Defendants' outstanding discovery requests.  *See* No. 19 Civ. 2519, Dkt. 84; No. 19 Civ. 2523, Dkt. 85.  In a letter to the Court filed the same day, Red Tree explained why its production mooted Defendants' Rule 56(d) motions and requested that the Court set an expedited briefing schedule for its pending summary-judgment motions.  *See id.*; *see also* No. 19 Civ. 2519, Dkt. 87; No. 19 Civ. 2523, Dkt. 88 (reply letters).  Defendants filed letters in response, arguing that they purportedly need additional discovery, which they had not previously asked for in their initial Rule 56(d) motions.  No. 19 Civ. 2519, Dkts. 86, 88; No. 19 Civ. 2523, Dkts. 87, 89.

As Red Tree has explained, Defendants' request for extra discovery is a meritless attempt to further delay this case.  No. 19 Civ. 2519, Dkt. 87; No. 19 Civ. 2523, Dkt. 88 (reply letters).  Having failed to convince the Court that a further stay is warranted, Defendants raised their newfound need for additional discovery from non-parties to this action.  Indeed, Defendants have had a full nine months since they filed their Rule 56(d) motions to seek discovery from third parties and have never explained, much less justified, their failure to search their own counsel's files for documentation responsive to their information requests.[1]  *See* No. 19 Civ. 2519, Dkt. 67, at 5-6; No. 19 Civ. 2523, Dkt. 68, at 5-6.  Moreover, the context for Defendants' motions has evolved significantly in the nine months since those motions were filed, given that numerous other cases against Defendants and the Bolivarian Republic of Venezuela have proceeded towards judgment[2] or even taken steps towards execution.[3]

Red Tree continues to maintain that this Rule 56(d) dispute has been mooted by Red Tree's continued efforts to provide Defendants with all applicable, non-privileged discovery material.  Should the Court, however, have further questions regarding the dispute or discovery

---

[1] Defendants' counsel represented Defendants in the underlying note transaction and likely possess some, if not all, of the documents responsive to Defendants' purported need to perform discovery regarding the transactions themselves.

[2] *Dresser-Rand Co. v. Petroleos de Venezuela, S.A.*, No. 19 Civ. 2689, Dkt. 59 (S.D.N.Y. Feb. 11, 2020) (judgment against PDVSA); *Casa Express Corp. v. Bolivarian Republic of Venezuela*, No. 18 Civ. 11940, Dkt. 77 (S.D.N.Y. Oct. 16, 2020) (judgment against the Republic); *Contrarian Cap. Mgmt., LLC v. Bolivarian Republic of Venezuela*, No. 19 Civ. 11018, Dkt. 81 (S.D.N.Y. Oct. 16, 2020) (same); *Pharo Gaia Fund Ltd. et al. v. Bolivarian Republic of Venezuela*, No. 19 Civ. 3123, Dkt. 62 (S.D.N.Y. Oct. 16, 2020) (same); *Tenaris S.A. v. Bolivarian Republic of Venezuela*, No. 18 Civ. 1371, 2020 WL 3265476, at *4 (D.D.C. June 17, 2020) (same).

[3] *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17 Misc. 151, Dkt. 174 (D. Del. May 22, 2020) (lifting stay on already-entered judgment); *see id.*, Dkt. 226 (reflecting Sept. 17, 2020 oral argument on judgment-execution issues).

Hon. Alison J. Nathan
November 23, 2020
Page 3

materials provided to date, Red Tree is available to discuss with the Court in a status conference. If a status conference at which the parties could address open issues would be helpful to the Court, we will make our client available as well.

      We thank the Court for its time, attention, and consideration.

Respectfully submitted,

*/s/ Steven F. Molo*
Steven F. Molo


CC:  All counsel of record via CM/ECF