

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

Robin L. Muir
Senior Associate
T +1 212 918 3264
robin.muir@hoganlovells.com

November 30, 2020

*VIA ECF*

Hon. Alison J. Nathan
United States District Court for the Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

Re:   *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*
       S.D.N.Y. Nos. 1:19-cv-002519; 1:19-cv-002523

Dear Judge Nathan:

This firm represents Defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo") in the above-referenced actions (No. 1:19-cv-002519, hereinafter referred to as "*Red Tree 1*," and No. 1:19-cv-002523, hereinafter referred to as "*Red Tree 2*"). We write in response to the letters filed by counsel for Plaintiff Red Tree Investments, LLC ("Red Tree"), on November 23, 2020, regarding Defendants' pending Rule 56(d) motion (Dkt. No. 89 in *Red Tree 1*; Dkt. No. 90 in *Red Tree 2*).

As previously explained – in response to Red Tree's two prior letters to the Court in which Red Tree made the same erroneous contentions[1] – Defendants' Rule 56(d) motion is not moot because, contrary to Red Tree's assertion, its document production did not include all categories of documents requested by Defendants. Specifically, Red Tree has produced no correspondence to or from SACE S.p.A. ("SACE"), the initial holder of the R-3 Note, one of the three notes at issue in the *Red Tree 1* case.[2] These documents are directly relevant because they will provide evidence regarding the negotiation of the note at issue, as well as the assignment of the note to GE EFS. Without this information, Defendants are unable to determine whether the notes were validly assigned by the original noteholder. Unless Red Tree is able to obtain these documents

---

[1]   For *Red Tree 1*, see Dkt. Nos. 84 and 87 for Red Tree's letters and Dkt. Nos. 85 and 88 for Defendants' responses. For *Red Tree 2*, see Dkt. Nos. 85 and 88 for Red Tree's letters and Dkt. Nos. 86 and 89 for Defendants' responses.

[2]   In *Red Tree 1*, Red Tree seeks to recover amounts allegedly due under two notes – the R-2 Note and the R-3 Note – issued under a note agreement dated March 27, 2015 (the "2015 Note Agreement") to GE Capital Corporation ("GE Capital") and later assigned to GE Capital EFS Financing Inc. ("GE EFS"), and a third note issued under a note agreement dated May 13, 2016 (the "2016 Note Agreement") to GE EFS. In *Red Tree 2*, Red Tree seeks to recover amounts allegedly due under a credit agreement dated December 27, 2016 (the "2016 Credit Agreement") issued to GE EFS.

from SACE, the original noteholder, Defendants will need to obtain the documents by subpoena directly from SACE.

In addition, Defendants require discovery of certain third-party witnesses in order to obtain evidence relevant to its impossibility defense. Due to the imposition of sanctions by the U.S. government, transfers of funds by PDVSA were interrupted at the relevant time period because financial institutions were unwilling to participate in the transfers of funds from Venezuelan government entities. To the extent that banks rejected payments to Red Tree or its assignors, it would support Defendants' defense of impossibility. *See* Opinion and Order at 7, *Dresser-Rand Co. v. Petróleos de Venezuela, S.A.*, No. 1:19-cv-2689-LLS (S.D.N.Y., Feb. 11, 2020), ECF No. 59 (denying summary judgment against PDVSA because OFAC blocking sanctions "make it legally impossible here for PDVSA to pay Dresser-Rand," and thus, "there are material issues of impossibility of payment to prevent the entry of judgment as a matter of law against PDVSA"); *see also Organizacion JD Ltda. v. U.S. Dep't of Justice*, 18 F.3d 91, 95 (2d Cir. 1994) ("[T]he private intermediary banks cannot be subject to a damage action because the intervening government actions in ordering the seizures of the EFTs rendered any enforceable contract impossible to perform." (citations omitted)).

To obtain the necessary evidence, it is essential that Defendants take discovery of the following non-party witnesses:

- GE EFS regarding attempted payments by PDVSA that were rejected by a banking institution;
- Deutsche Bank Trust Company Americas, the holder of the bank account that GE EFS designated for payment in the 2015 and 2016 Note Agreements and the 2016 Credit Agreement, regarding attempted payments by PDVSA that Deutsche Bank rejected or refused to process, and Deutsche Bank's policies and procedures for filtering, assessing, processing and/or rejecting payment transactions involving Defendants and other Venezuelan government-related entities; and
- Wells Fargo Securities LLC, the holder of the account that Red Tree designated for payment upon assignment of the 2015 and 2016 Note Agreements and the 2016 Credit Agreement, regarding Wells Fargo's policies and procedures for filtering, assessing, processing and/or rejecting payment transactions involving Defendants and other Venezuelan government-related entities.

This discovery is directly relevant to Defendants' impossibility defense in both *Red Tree 1* and *Red Tree 2*.

Red Tree's repeated suggestion that that Defendants have been dilatory for not having sought third-party discovery in the last nine months is unreasonable and unrealistic and ignores key facts. Red Tree has vehemently opposed *any* discovery in this matter, including third party discovery. Its position now that Defendants have delayed discovery, when it was Red Tree that has been blocking discovery, is surprising and illogical. If Red Tree is willing to withdraw its objections and consent to Defendants' pursuit of third-party discovery, Defendants will promptly serve third-party subpoenas.

Lastly, Red Tree's repeated (and erroneous) contention that we have not reviewed Hogan Lovells' own documents, or explained why we have not reviewed such documents, is a red

herring. Contrary to Red Tree's assertion, we have, in fact, reviewed the documents in Hogan Lovells' possession regarding the transaction at issue in *Red Tree 1*. Those documents were limited to pre-closing documents and do not include any of the outstanding documents listed above. Hogan Lovells played no role in the transaction once it closed and thus does not possess any documents related to the assignment of the Notes to Red Tree and any payments or attempted payments under the Notes. We previously explained this to Red Tree in our letter filed in *Red Tree 1* on August 25, 2020 (Dkt. No. 77.)

Moreover, contrary to Red Tree's assertion, Hogan Lovells does not possess any documents relevant to *Red Tree 2* because we did not represent Defendants in the transaction at issue in that action. This, too, was previously explained to Red Tree in our letter filed in *Red Tree 2* on August 25, 2020 (Dkt. No. 78).

We welcome the opportunity to further discuss these issues at a conference if the Court would find it helpful.

Respectfully submitted,
/s/ Robin L. Muir
Robin L. Muir