

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

Robin L. Muir
Senior Associate
T +1 212 918 3264
robin.muir@hoganlovells.com

January 27, 2021

*VIA ECF*

Hon. Alison J. Nathan
United States District Court for the Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

Re:   *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*
      S.D.N.Y. Nos. 1:19-cv-002519; 1:19-cv-002523

Dear Judge Nathan:

This firm represents defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo" and together with PDVSA, "Defendants") in the above-referenced actions (No. 1:19-cv-002519, hereinafter referred to as "*Red Tree 1*," and No. 1:19-cv-002523, hereinafter referred to as "*Red Tree 2*").

We write in response to the letters filed by counsel for plaintiff Red Tree Investments LLC ("Red Tree") on January 25, 2021 (Dkt. No. 91 in *Red Tree 1*; Dkt. No. 92 in *Red Tree* 2), regarding Red Tree's contemplated motion to intervene in an action pending in this District before Judge Stanton, *Dresser-Rand Company v. Petróleos de Venezuela, S.A.*, S.D.N.Y. No. 1:19-cv-002689-LLS.  Red Tree seeks to intervene in *Dresser-Rand* for the limited purpose of modifying the protective order issued by Judge Stanton on September 26, 2019 (Dkt. No. 41 in *Dresser-Rand*) to permit Red Tree to access the discovery obtained by subpoena from third-party Deutsche Bank Trust Co Americas ("Deutsche Bank").

As a preliminary matter, we highlight that Red Tree made its application to Judge Stanton in *Dresser-Rand* without first consulting with us, counsel of record for Defendants in *Dresser-Rand* as well.  Had Red Tree contacted us, we would have conveyed that Defendants are agreeable to Red Tree's requested modification of the *Dresser-Rand* protective order, subject to and without waiving Defendants' rights to pursue additional discovery from Deutsche Bank in this case (for the reasons explained below).

In addition, we would have highlighted to Red Tree's counsel that, under the terms of the *Dresser-Rand* protective order, Deutsche Bank's consent is necessary before the parties may disclose documents and testimony that were designated as "confidential" by Deutsche Bank.  To ensure that Deutsche Bank is heard, we have informed Deutsche Bank's outside counsel of Red Tree's application.

We also write to clarify that, contrary to Red Tree's assertion, gaining access to the discovery obtained from Deutsche Bank in *Dresser-Rand* will not obviate Defendants' need to obtain discovery from Deutsche Bank in this case.  The discovery obtained from Deutsche Bank in *Dresser-Rand* does not encompass all discovery sought from Deutsche Bank in *Red Tree 1* or *Red Tree 2*.

The discovery obtained from Deutsche Bank in *Dresser-Rand* related to payments and attempted payments to Dresser-Rand.  Deutsche Bank's role in the transactions at issue in *Dresser-*

*Rand* was to serve as an intermediary bank that facilitated transfers from PDVSA's bank (the originating bank) to Dresser-Rand's bank (the beneficiary bank), and thus, Deutsche Bank gave testimony on its policies, as intermediary, for assessing and processing such payments.

In this case, Defendants seek discovery from Deutsche Bank related to payments and attempted payments to GE EFS, the former payee of the Note Agreements at issue in *Red Tree 1* and the Credit Agreement at issue in *Red Tree 2*, along with its policies and procedures. In contrast to Deutsche Bank's role in *Dresser-Rand*, Deutsche Bank was the holder of the bank account that GE EFS designated for payment in the Note Agreements and the Credit Agreement, and Deutsche Bank's policies for filtering, assessing, processing and/or rejecting payment transactions from Defendants to a Deutsche Bank client are likely different than when it serves as intermediary only.

Lastly, obtaining access to the discovery obtained from Deutsche Bank in *Dresser-Rand* will not resolve Defendants' pending motion for discovery under Rule 56(d) in this case. In addition to the discovery needed from Deutsche Bank that is specific to this case (outlined above), in their Rule 56(d) motion, Defendants also seek discovery from other third-parties that has not been provided:

- SACE S.p.A., the initial holder of the R-3 Note, one of the three notes at issue in *Red Tree 1*, regarding the assignment to GE EFS;
- GE EFS, regarding attempted payments by PDVSA that were rejected by a banking institution;
- Wells Fargo Securities LLC, the holder of the account that Red Tree designated for payment upon assignment of the 2015 and 2016 Note Agreements and the 2016 Credit Agreement, regarding Wells Fargo's policies and procedures for filtering, assessing, processing and/or rejecting payment transactions involving Defendants and other Venezuelan government-related entities.

We welcome the opportunity to further discuss these issues at a conference if the Court would find it helpful.

Respectfully submitted,
/s/ Robin L. Muir
Robin L. Muir


cc:     All counsel of record, via ECF

        Allan Taffet, via e-mail to allan.taffet@bracewell.com
        Outside counsel for Deutsche Bank Trust Co Americas