

Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8160
F: 212.607.8161
smolo@mololamken.com

March 18, 2021

VIA CM/ECF

Hon. Alison J. Nathan
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. et al.*,
            Nos. 19 Civ. 2519 and 19 Civ. 2523 (S.D.N.Y.): Rule 56(d) Motions

Dear Judge Nathan:

    We represent Red Tree. We respectfully write to inform the Court of a significant development about Defendants' motions under Rule 56(d), which have been fully briefed and pending since February 2020. *See* No. 19 Civ. 2519, Dkt. 70; No. 19 Civ. 2523, Dkt. 71.

    *First*, we have been informed by the Clerk of Court in a telephone call today that Defendants' motions have been incorrectly marked in the Court's internal records as "terminated." The Clerk confirmed that the incorrect "terminated" notation is not publicly available and instructed us to contact the Court with this information. That incorrect notation may be the reason why Defendants' motions have not been listed on the most recent report by the Administrative Office of the U.S. Courts of motions pending over six months, even though Defendants' motions have now been pending for thirteen months. *See* Admin. Office of U.S. Courts, "CJRA Table 8 – Report of Motions Pending over Six Months," https://www.uscourts.gov/sites/default/files/data_tables/CJRA_8_03312020.pdf. We note that the incorrect "terminated" notation follows an earlier processing error in which these cases had been incorrectly marked as "stayed." *See* No. 19 Civ. 2519, Dkt. 75; No. 19 Civ. 2523, Dkt. 76.

    *Second*, the prejudice to Red Tree from these processing errors continues to mount in light of developments in related cases. This case is one of many suits against PDVSA, the Republic of Venezuela's state-owned oil company, arising out of PDVSA's and the Republic's defaulted debt. During the past year, several other creditors have proceeded towards or received judgments against Defendants or the Republic.[1] As the United States has noted, the primary asset available to satisfy

---

[1] *Dresser-Rand Co. v. Petroleos de Venezuela, S.A.*, No. 19 Civ. 2689, Dkt. 59 (S.D.N.Y. Feb. 11, 2020) (judgment against PDVSA); *Casa Express Corp. v. Bolivarian Republic of Venezuela*, No. 18 Civ. 11940, Dkt. 77 (S.D.N.Y. Oct. 16, 2020) (judgment against the Republic); *Contrarian Cap. Mgmt., LLC v. Bolivarian Republic of Venezuela*, No. 19 Civ. 11018, Dkt. 81 (S.D.N.Y. Oct. 16, 2020) (same); *Pharo Gaia Fund Ltd. et al v. Bolivarian Republic of Venezuela*, No. 19 Civ. 3123, Dkt. 62 (S.D.N.Y. Oct. 16,

Hon. Alison J. Nathan
March 18, 2021
Page 2

that defaulted debt is PDVSA's indirect interest through its holding company, PDVH, in CITGO. *See* Statement of Interest of the U.S., *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17 Misc. 151, Dkt. 212 at 4, 12 (D. Del. July 16, 2020) (noting that the Republic and PDVSA hold "no comparable asset" to CITGO, the Republic's "'crown jewel'"). However, the District of Delaware has recently ordered that it will "proceed toward conducting the sale of PDVSA's shares of PDVH in an amount sufficient to satisfy the judgment that Venezuela owes" another creditor. *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17 Misc. 151, 2021 WL 129803, at *18 (D. Del. Jan. 14, 2021). This Tuesday, the District of Delaware denied PDVSA's request to stay that sale process pending an appeal. *Crystallex Int'l Corp.*, No. 17 Misc. 151, Dkt. 255.

Red Tree has been, and continues to be, substantially prejudiced as other creditors of the Republic and PDVSA have proceeded towards a sale of those defendants' primary asset in the United States while Red Tree's case has been mistakenly stayed for more than a year. That prejudice is unwarranted, given that it has resulted from internal administrative errors rather than judicial decision. To the contrary, the Court denied Defendants' request to stay these cases over fourteen months ago given Red Tree's due process "interest in proceeding expeditiously" – an interest that "grows as the litigation is further delayed." No. 19 Civ. 2519, Dkt. 57 at 3, 5; No. 19 Civ. 2523, Dkt. 58 at 3, 5. A year has passed since the Court denied Defendants' stay request. Yet, apparently due to two incorrect clerical notations, Defendants have enjoyed what amounts to a stay without having even to respond to Red Tree's motions for summary judgment – motions that have substantial likelihood of success given the straightforward nature of these cases and apparent lack of dispute about Defendants' failure to pay the amounts due.

To remedy this issue, we respectfully request that the Court correct the erroneous designation of Defendants' Rule 56(d) motions as "terminated" and resolve those motions as soon as practicable. We further request that the Court set an expedited schedule to complete summary judgment briefing. We are available for a status conference at the Court's earliest convenience to discuss these matters if necessary.

We thank the Court for its attention and consideration.

Respectfully submitted,

/s/ *Steven F. Molo*
Steven F. Molo

CC: All counsel of record via CM/ECF

---

2020) (same); *Tenaris S.A. v. Bolivarian Republic of Venezuela*, No. 18 Civ. 1371, 2020 WL 3265476, at *4 (D.D.C. June 17, 2020) (same).