


Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8160
F: 212.607.8161
smolo@mololamken.com

April 6, 2021

<u>VIA CM/ECF</u>

Hon. Alison J. Nathan
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

      Re:    *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. et al.*,
              <u>Nos. 19 Civ. 2519 and 19 Civ. 2523 (S.D.N.Y.):  Letter Motion for Conference</u>

Dear Judge Nathan:

      We represent Red Tree.  We respectfully write to update the Court on the status of Defendants' Rule 56(d) motions.  As we reported in a March 18, 2021 letter, these motions have been incorrectly marked "terminated."  Thus, they have not been ruled on although they were fully briefed and submitted for decision over a year ago.  No. 19 Civ. 2519, Dkt. 94; No. 19 Civ. 2523, Dkt. 95.

      Red Tree has communicated with the Clerk of Court to understand what caused that error and how it can be fixed.  The Clerk of Court has informed us that those motions were marked "terminated" by direction of chambers on September 29, 2020.  On that day, Red Tree had informed the Court that it had mooted Defendants' motions by making certain document productions.  No. 19 Civ. 2519, Dkt. 84; No. 19 Civ. 2523, Dkt. 85.  However, Defendants responded in October 2020 and argued that the motions were not moot because Defendants were purportedly entitled to additional third-party discovery.  *See* No. 19 Civ. 2519, Dkt. 86; No. 19 Civ. 2523, Dkt. 87.  Red Tree opposed most of that additional discovery in letter briefing filed in October 2020.  *See* No. 19 Civ. 2519, Dkt. 87; No. 19 Civ. 2523, Dkt. 88.

      The direction to mark the motions "terminated" after Red Tree's September 29 letter appears to be a clerical mistake given that the Court directed Defendants to respond to that letter.  No. 19 Civ. 2519, Dkt. 85; No. 19 Civ. 2523, Dkt. 86.  While Red Tree has followed up with the Court on several occasions since the letter briefing in September and October 2020, *see* No. 19 Civ. 2519, Dkts. 87, 89, 91, 94; No. 19 Civ. 2523, Dkts. 88, 90, 92, 95, apparently no action has been taken because the motions mistakenly remain marked "terminated."  For the Court's convenience, a timeline of relevant events is attached to this letter as Exhibit A.  The Clerk of Court has informed us that it is unable to remove the "terminated" notation without direction from chambers, and that it has reached out to chambers to address this issue.  So, pursuant to the Clerk, all that is needed is a simple communication from chambers to the Clerk's office.  We respectfully request that occur.

Hon. Alison J. Nathan
April 6, 2021
Page 2

      Red Tree is being substantially prejudiced by the situation.  Because Defendants have argued that their Rule 56(d) discovery is necessary to respond to Red Tree's summary judgment motions, no response has been filed to the summary judgment motions – even though they have been pending in this Court since March 2019 (and, before then, in state court).  *See* No. 19 Civ. 2519, Dkt. 1; No. 19 Civ. 2523, Dkt. 1.  This Court lifted a stay of this case over a year ago in January 2020.  No. 19 Civ. 2519, Dkt. 57; No. 19 Civ. 2523, Dkt. 58.  Defendants should not enjoy what amounts to another indefinite stay of this case contrary to the Court's order simply because of an administrative error.

      As Red Tree's March 18 letter describes, the prejudice from that error is mounting because numerous other PDVSA creditors are proceeding towards judgment or execution while this case remains paused.[1]  No. 19 Civ. 2519, Dkt. 94, at 1-2; No. 19 Civ. 2523, Dkt. 95, at 1-2.  In particular, the District of Delaware is proceeding towards a judicial sale of PDVSA's indirect interests in CITGO, Defendants' primary asset in the United States.  *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17 Misc. 151, Dkt. 255 (D. Del. Mar. 16, 2021) (denying stay of sales process).  For this case to remain in effect stayed while those events unfold undermines Red Tree's "interest in proceeding expeditiously with this litigation" – an interest that, as this Court recognized, only "grow[s] as the litigation is further delayed."  No. 19 Civ. 2219, Dkt. 57 at 5; No. 19 Civ. 2523, Dkt. 58 at 5.

      Because we understand from the Clerk that action from the Court is necessary to fix this error, we respectfully request a conference at the Court's earliest convenience to address it.  We thank the Court for its attention and consideration.

                                              Respectfully submitted,

                                              /s/ Steven F. Molo
                                              Steven F. Molo

CC:  All counsel of record via CM/ECF

---

[1] *Dresser-Rand Co. v. Petroleos de Venezuela, S.A.*, No. 19 Civ. 2689, Dkt. 59 (S.D.N.Y. Feb. 11, 2020) (judgment against PDVSA); *Casa Express Corp. v. Bolivarian Republic of Venezuela*, No. 18 Civ. 11940, Dkt. 77 (S.D.N.Y. Oct. 16, 2020) (judgment against the Republic); *Contrarian Cap. Mgmt., LLC v. Bolivarian Republic of Venezuela*, No. 19 Civ. 11018, Dkt. 81 (S.D.N.Y. Oct. 16, 2020) (same); *Pharo Gaia Fund Ltd. et al v. Bolivarian Republic of Venezuela*, No. 19 Civ. 3123, Dkt. 62 (S.D.N.Y. Oct. 16, 2020) (same); *Tenaris S.A. v. Bolivarian Republic of Venezuela*, No. 18 Civ. 1371, 2020 WL 3265476, at *4 (D.D.C. June 17, 2020) (same); *OI European Group B.V. v. Bolivarian Republic of Venezuela*, No. 19 Misc. 290, Dkt. 49 (D. Del. Feb. 19, 2021) (seeking attachment of PDVSA assets on alter-ego theory); *Northrop Grumman Ship Sys., Inc. v. Ministry of Defense of the Republic of Venezuela*, No. 20 Misc. 257, Dkt. 26 (D. Del. Feb. 19, 2021) (same).

**Exhibit A:  Timeline of Events**

| Date | Event | Relevant Docket Entries |
|---|---|---|
| February 15, 2019 | Red Tree commences these actions through motions for summary judgment in lieu of complaint filed in New York Supreme Court. | 19 Civ. 2519, Dkt. 1; 19 Civ. 2523, Dkt. 1. |
| March 21, 2019 | Defendants remove the actions to this Court. | 19 Civ. 2519, Dkt. 1; 19 Civ. 2523, Dkt. 1. |
| March 27, 2019 | Defendants move to stay both actions. | 19 Civ. 2519, Dkt. 9; 19 Civ. 2523, Dkt. 10. |
| April 11, 2019 | Red Tree refiles the state-court summary-judgment motions on the federal dockets. | 19 Civ. 2519, Dkt. 24; 19 Civ. 2523, Dkt. 25. |
| May 6, 2019 | The Court stays the cases for 120 days. | 19 Civ. 2519, Dkt. 33; 19 Civ. 2523, Dkt. 33. |
| September 26, 2019 | Defendants move for an additional 120-day stay, or, in the alternative, to take additional discovery under Federal Rule 56(d) before being required to respond to Red Tree's summary judgment motions. | 19 Civ. 2519, Dkt. 49; 19 Civ. 2523, Dkt. 49. |
| January 14, 2020 | The Court denies the additional stay Defendants seek, citing Red Tree's "interest in proceeding expeditiously with this litigation" and the "prejudice to [Red Tree]," which has "grown as the litigation [was] further delayed."  No. 19 Civ. 2519, Dkt. 57, at 5.  The Court permits Defendants to "more fully brief" their Rule 56(d) motions for additional discovery. | 19 Civ. 2519, Dkt. 57; 19 Civ. 2523, Dkt. 58. |
| February 24, 2020 | Defendants' Rule 56(d) motions are fully briefed and ready for decision. | 19 Civ. 2519, Dkt. 70; 19 Civ. 2523, Dkt. 71. |
| May 26, 2020 | Red Tree writes to inform the Court that 90 days have passed since Defendants' Rule 56(d) motions were fully briefed. | 19 Civ. 2519, Dkt. 71; 19 Civ. 2523, Dkt. 72. |

| Date | Event | Relevant Docket Entries |
|---|---|---|
| August 17, 2020 | Red Tree learns from review of the docket that both cases are incorrectly marked as "stayed" in the Court's CM/ECF system. It informs the Court of the incorrect "stayed" designation and asks the Court to remove the "stayed" designation. | 19 Civ. 2519, Dkt. 74; 19 Civ. 2523, Dkt. 75. |
| August 21, 2020 | The Court orders the "stayed" designation removed. | 19 Civ. 2519, Dkt. 75; 19 Civ. 2523, Dkt. 76. |
| August 24, 2020 | Red Tree informs the Court that 180 days have passed since Defendants' Rule 56(d) motions were fully briefed. | 19 Civ. 2519, Dkt. 76; 19 Civ. 2523, Dkt. 77. |
| September 29, 2020 | Red Tree files a letter informing the Court that, in the interest of advancing the case, it has voluntarily produced all documents which Defendants sought in their Rule 56(d) motions. As a result, Red Tree argues, the Rule 56(d) motions are moot, and Defendants should be required to respond to Red Tree's summary-judgment motions. | 19 Civ. 2519, Dkt. 84; 19 Civ. 2523, Dkt. 85. |
| September 30, 2020 | The Court orders Defendants to respond to Red Tree's September 29 letter. | 19 Civ. 2519, Dkt. 85; 19 Civ. 2523, Dkt. 86. |
| October 5, 2020 | Defendants respond to Red Tree's September 29 letter and argue that they need more third-party discovery before they can respond to Red Tree's summary-judgment motions. | 19 Civ. 2519, Dkt. 86; 19 Civ. 2523, Dkt. 87. |
| November 23, 2020 | Red Tree writes the Court to offer to attend a status conference on the Rule 56(d) motions, noting that those motions have been fully briefed for nine months. | 19 Civ. 2519, Dkt. 89; 19 Civ. 2523, Dkt. 90. |
| January 25, 2021 | Red Tree moves to intervene in *Dresser-Rand Co. v. Petróleos de Venezuela, S.A., et al.*, No. 19 Civ. 2689, a parallel case against PDVSA before Judge Stanton, for the purpose of accessing third-party discovery taken in that case which mirrors one of Defendants' additional discovery requests in these cases. Red Tree writes this Court to | 19 Civ. 2519, Dkt. 91; 19 Civ. 2523, Dkt. 92. |

| Date | Event | Relevant Docket Entries |
|---|---|---|
| | inform the court of its motion in *Dresser-Rand*. | |
| January 27, 2021 | Defendants inform the Court that they do not oppose Red Tree's motion in *Dresser-Rand*. | 19 Civ. 2519, Dkt. 92; 19 Civ. 2523, Dkt. 93. |
| March 18, 2021 | Red Tree learns from the Clerk of Court that Defendants' Rule 56(d) motions were incorrectly marked as "terminated" in the Court's internal records.  At the Clerk's instruction, Red Tree leaves a message on the Court's chambers voicemail informing the Court of the erroneous "terminated" designation.  Red Tree also writes to inform the Court of this error, requesting that the Court remove the erroneous "terminated" designation and resolve Defendants' Rule 56(d) motions as soon as practicable. | 19 Civ. 2519, Dkt. 94; 19 Civ. 2523, Dkt. 95. |
| March 25, 2021 – April 6, 2021 | Red Tree contacts the Clerk of Court to inquire about the status of the motions.  The Clerk confirms that the motions are still marked "terminated."  The Clerk also informs Red Tree that the motions were marked "terminated" on September 29, 2020 at the direction of chambers. | |