

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

Matthew A. Ducharme
Senior Associate
T +1 212 918 3734
matthew.ducharme@hoganlovells.com

April 9, 2021

*VIA ECF*

Hon. Alison J. Nathan
United States District Court for the Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

Re:   *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*
      S.D.N.Y. Nos. 1:19-cv-02519; 1:19-cv-02523

Dear Judge Nathan:

This firm represents Defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo") in the above-referenced actions (No. 1:19-cv-02519, hereinafter referred to as "*Red Tree 1*," and No. 1:19-cv-02523, hereinafter referred to as "*Red Tree 2*"). We write in response to the letters filed by counsel for Plaintiff Red Tree Investments, LLC ("Red Tree"), on April 6, 2021, regarding Defendants' pending Rule 56(d) motions (Dkt. No. 97 in *Red Tree 1*; Dkt. No. 98 in *Red Tree 2*).

As a preliminary matter, Defendants do not dispute that its Rule 56(d) motions have been fully briefed and are awaiting a decision by this Court. As such, Defendants do not object to Red Tree's requested direction to the Clerk of Court to remove the "terminated" notations from the motions. Defendants respectfully submit, however, that for the reasons set forth in its Rule 56(d) motion papers, this Court should defer consideration of Red Tree's motions for summary judgment to allow Defendants an opportunity to take discovery of Red Tree and relevant non-party witnesses so that Defendants can endeavor to obtain facts necessary to defend itself in this matter on the merits.

Since the inception of this case, Defendants have not been afforded a meaningful opportunity to seek the discovery necessary to oppose Plaintiff's summary judgment motions. As the Second Circuit has acknowledged, Federal Rule of Civil Procedure 56 provides that "when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to present facts needed to defend the motion, the court should defer decision of the motion until the party has the opportunity to take discovery and rebut the motion." *See Commercial Cleaning Services, L.L.C. v. Colin Service Systems, Inc.*, 271 F.3d 374, 386 (2d Cir. 2001). Depriving Defendants of this discovery would be a violation of its due process rights, especially given that Defendants lack access to even their own documents and witnesses.

None of these circumstances have changed since Defendants filed their Rule 56(d) motions. To this day, the ad hoc Board of Directors of PDVSA, which was appointed by Interim President Juan

Guaidó with the authority, among other things, to represent PDVSA and Petróleo regarding its assets abroad, still do not have access to documents and information related to the present dispute, which remain in the control of the illegitimate Maduro regime. Moreover, as previously explained in prior letters to this Court, Red Tree's document production does not render Defendants' Rule 56(d) motions moot. (Dkt. Nos. 86 and 88 in *Red Tree 1* ; Dkt. Nos. 87 and 89 in *Red Tree 2*). Red Tree's document production did not include all categories of documents requested by Defendants, and Defendants still require discovery of certain third party witnesses in order to obtain evidence relevant to its impossibility defense. In light of the foregoing, this Court should grant Defendants' Rule 56(d) motions to provide Defendants with their due process right to a meaningful opportunity to be heard. *See Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (holding that "[o]nly in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery").

As a final matter, Red Tree's argument that it is being prejudiced because other PDVSA creditors are proceeding towards judgment or execution is overstated. The recent activity in *Crystallex Internat'l Corp. v. Bolivarian Republic of Venezuela*, the case cited in Red Tree's letters,[1] do not support Red Tree's allegations of "mounting" prejudice. Crystallex's gold mine was expropriated in 2011, and it obtained an arbitration award against the Republic in April 2016. *See Crystallex Internat'l Corp. v. Bolivarian Republic of Venezuela*, 333 F. Supp. 3d 380, 386 (D. Del. 2018). It is not credible for Red Tree to claim that it is being prejudiced by a creditor executing a judgment on an award that was entered before the facts giving rise to this litigation had even occurred.

We welcome the opportunity to further discuss these issues at a conference if the Court would find it helpful.

Respectfully submitted,

/s/ Matthew A. Ducharme
Matthew A. Ducharme


CC:  All counsel of record via CM/ECF

---

[1] Red Tree also makes references to other cases in footnote 1 of its letters. For reasons discussed in Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Lift Stay, Dkt. No. 39, these cases have little bearing on Red Tree. For starters, many of these cases are not against PDVSA, but rather relate to the entirely separate liability of the Republic of Venezuela on bonds issued by the Republic of Venezuela. And contrary to Red Tree's parenthetical citation, no judgment has been entered against PDVSA in *Dresser-Rand Co. v. Petroleos de Venezuela, S.A.* In *Dresser-Rand*, the court granted Plaintiff's summary judgment motion as to Petróleo, but denied summary judgment as against PDVSA after finding a triable issue of fact with respect to PDVSA's impossibility defense. *Dresser-Rand Co. v. Petroleos de Venezuela, S.A.,* No. 19 Civ. 2689, Dkt. 59 (S.D.N.Y. Feb. 11, 2020).