June 8, 2021

VIA CM/ECF

Hon. Alison J. Nathan
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

      Re:    *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. et al.*, Nos. 19 Civ. 2519 and 19 Civ. 2523:  Summary Judgment Briefing Schedule

Dear Judge Nathan:

      The parties write jointly pursuant to your June 1, 2021 order directing them to confer about a summary judgment briefing schedule.  *See* Dkt. 99/100 at 4.[1]  The parties have been unable to agree on that schedule despite meeting and conferring in good faith.  Accordingly, the parties' positions are set forth below.

### *Red Tree's Position*

Red Tree respectfully proposes the following schedule:

- Close of discovery:  Thursday, July 1, 2021

- Defendants' briefs in opposition to summary judgment due:  Thursday, July 15, 2021 (14 days)

- Red Tree's replies due:  Thursday, July 29, 2021 (14 days)

      This schedule is warranted given the simplicity of this case and the length of time that Red Tree's summary judgment motions have been pending.  Red Tree first filed those motions in New York state court in February 2019.  Dkt. 1/1.[2]  Those motions assert straightforward contract claims based on Defendants' default under three promissory notes and a credit agreement.  *See* No. 19 Civ. 2519, Dkt. 3-1 at 297-300; No 19 Civ. 2523, Dkt. 5-1 at 178.  Now that Defendants have had Plaintiffs' summary judgment motions in hand for over two years, there should be little difficulty in briefing a response.  Moreover, Defendants and their counsel have already litigated similar legal issues in *Dresser-Rand Co. v. Petróleos de Venezuela, S.A. et al.*, No. 19 Civ. 2689, another creditor case pending before Judge Stanton.  Defendants have indicated that they may raise the same impossibility defense here that they raised in *Dresser-Rand*, where they assert that they were prevented from making payments by OFAC sanctions or certain bank policies.  *See* Dkt. 86/87 at

---

[1] In this letter, Red Tree cites filings from the two dockets as "Dkt. #/#," where the first docket number refers to the docket entry in No. 19 Civ. 2519 and the second docket number refers to the docket entry in No. 19 Civ. 2523.

[2] On April 11, 2019, after Defendants removed these cases to federal court, Red Tree re-filed the motions on the federal dockets.  Dkt. 24/25.

Hon. Alison J. Nathan
June 8, 2021
Page 2

2; *see also* No. 19 Civ. 2689, Dkt. 47 at 10-14; Dkt. 119 at 10-20. While the facts in *Dresser-Rand* are materially different than the facts of this case – in particular, there is no evidence that Defendants have ever even tried to make payments to Red Tree, let alone that such payments have been prevented – that overlap should further streamline Defendants' briefing here.

This schedule also provides Defendants ample time to obtain and review the discovery permitted by the June 1 order. The scope of discovery has been considerably narrowed because Defendants' original requests are now moot. Dkt. 99/100 at 4. The new discovery the Court has permitted covers only document discovery on narrow topics about Defendants' impossibility defense and the authenticity of one promissory note. *Id.* There is no reason to think that the new discovery will be voluminous. And Defendants already have access to some of that discovery in the *Dresser-Rand* action.[3] Perhaps for those reasons, the Court's June 1 order directed Defendants to procure and review outstanding documents within one month. *Id.*

Defendants now make meritless attempts to buy more time. They ask the Court to reconsider the June 1 order and extend discovery by another week. But given the simplicity of this case and length of time Defendants have already had to seek discovery, there is no need to further drag out the discovery period. And Defendants' attempt to expand discovery beyond the narrow scope permitted in the June 1 order is also improper. In September 2020, after their original 56(d) discovery requests were mooted, Defendants only sought document discovery from three third parties – SACE S.p.A., GE EFS, and Wells Fargo Securities, LLC. Dkt. 99/100 at 3. Now, Defendants ask to serve up to 6 document subpoenas and seek deposition testimony from unspecified third parties. They also claim that they need unspecified letters rogatory for foreign discovery. And they also state for the first time that they need additional unspecified documents and testimony from Red Tree.

All of that discovery is outside what the June 1 order permits. It is also improper because Defendants could have served that discovery, or moved for it, at any time over the last two years. They chose not to do so. Defendants also have made no attempt to meet and confer with Red Tree about this discovery. Nor can Defendants explain why they waited two years to serve discovery on non-parties despite their ability to do so any time. For example, while Defendants claim that Red Tree's earlier productions somehow show a need for discovery into Zuma Bank, they could have sought that discovery at any time since Red Tree's productions were made, but did not do so. Defendants' last-ditch effort to defy the Court's recent order follows years of delays and constitutes a side-door effort to win yet another stay at Red Tree's expense. In any event, Defendants have not even tried to submit an affidavit showing that the vague, open-ended new discovery is proper, as Rule 56(d) requires. Fed. R. Civ. P. 56(d). The Court should reject

---

[3] In January 2021, Red Tree moved to intervene in *Dresser-Rand* because Defendants had in that case already taken much of the same discovery from Deutsche Bank Trust Company Americas that they sought in their Rule 56(d) motions here. Letter Motion for Conference, *Dresser-Rand Co. v. Petroleos de Venezuela, S.A.*, No. 19 Civ. 2689, Dkt. 104 (S.D.N.Y. Jan. 25, 2021). Red Tree accordingly requested that the *Dresser-Rand* court modify the protective order and allow the parties here to use that discovery in this case. Both the plaintiff in *Dresser-Rand* and Defendants have stated that they do not oppose that motion (with one caveat that Red Tree agreed to). No. 19 Civ. 2689, Dkt. 107-109. That motion remains pending.

Defendants' last-minute attempts to put off summary judgment yet again and allow them only the discovery they claimed to need last September.

Finally, Red Tree's due process interest in resolving this case quickly supports an expedited briefing schedule. *See* Dkt. 57/58 at 5-6. Since Red Tree's motions were filed, the District of Delaware has proceeded towards a sale of PDVSA's shares in PDV Holding, Inc. – Defendants' primary asset in the United States – to satisfy another creditor's $1.4 billion judgment. *See* Opinion, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17 Misc. 151, Dkt. 234, at 40 (D. Del. Jan. 4, 2021). Just last week, the Third Circuit denied a motion to stay that sale process pending appeal. *See* Order, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 21-1276, Dkt. 41 (3d Cir. June 2, 2021). Because any further delay in this case puts Red Tree at risk of being left out of the *Crystallex* sale process, the parties should brief summary judgment in this case as soon as possible.

### *Defendants' Position*

Defendants propose the following schedule for the completion of discovery and briefing on the summary judgment motion:

- Completion of discovery: July 8, 2021

- Defendants' opposition to summary judgment due: August 9, 2021

- Plaintiff's reply in support of summary judgment due: August 23, 2021

As reflected above, Defendants are seeking an additional 7 days to complete discovery, followed by 30 days to file their opposition to summary judgment, and 14 days for Red Tree to file a reply. Defendants respectfully submit that the additional 7 days to complete discovery are necessary in light of the amount of discovery that needs to be completed. As of the filing of this letter, Defendants intend on serving 6 document subpoenas in the coming days, two of which may require Defendants to seek the issuance of a letter rogatory from this Court. Defendants also intend on seeking deposition testimony from certain non-parties, and will also seek documents and deposition testimony from Red Tree. The current discovery cutoff of July 1, 2021 (30 days from the Court's June 1 Order) is further complicated by the fact that Dennis Tracey, lead counsel for the Defendants, will be out of the country from June 25 – July 2, and thus will not be able to take depositions during this time. Under the current schedule, depositions would thus likely have to occur prior to June 25, and under the circumstances, it seems likely that Defendants would not have all relevant documents at that time. If Defendants are granted the 7 day extension to complete discovery, we are confident that we can complete all of the domestic discovery by July 8. As the Court is aware, however, we have no control over foreign authorities, and if we cannot complete discovery as to the foreign entities, we will so update the Court.

Relatedly, Defendants will need sufficient time to review and analyze all of the documents and testimony that they anticipate receiving in discovery. This is particularly true in light of the fact that Defendants have not had access to their own documents and witnesses in this case. For

that reason, Defendants respectfully request 30 days after the close of discovery to prepare opposition papers to the motion for summary judgment.

Red Tree asserts several arguments against granting Defendants' request for a modest extension of seven days to complete discovery. None of them have any merit.

First, Defendants are not trying to expand the scope of discovery permitted in the June 1 Order as Red Tree suggests. In Defendants' Rule 56(d) briefing and in various letters to the Court, *see, e.g.,* Dkt. 86/87, Defendants have been fully transparent as to the scope of discovery being sought, which includes information related to the assignment of the various notes and agreements at issue in the case, as well as information related to Defendants' impossibility defense. Defendants have no intention of expanding the scope of discovery. There is also no merit to Red Tree's argument that discovery should be strictly limited to third-parties previously identified by Defendants. Subsequent to filing the Rule 56(d) motion, Red Tree voluntarily produced certain documents, which revealed additional third-parties that are likely to have relevant information, including Zuma Bank, an international financial institution that transmitted at least one payment on behalf of PDVSA pursuant to the notes. As such, Zuma is likely to have information that is squarely relevant to Defendants' impossibility defense. Defendants should not be prohibited from seeking discovery from Zuma because Defendants were unaware of Zuma's involvement in this case until receiving the relevant documents from Red Tree, and Defendants have not had the opportunity to conduct discovery as to Zuma Bank pending the Court's ruling on the Rule 56(d) motion. Red Tree's argument that Defendants could have been conducting discovery for the past two years directly conflicts with its position throughout this entire litigation that Defendants are not entitled to any further discovery. Also, Red Tree's argument that Defendants are trying to seek additional unspecified documents and testimony from Red Tree is untrue. The documents and testimony sought from Red Tree will be limited to the scope of discovery as outlined in Defendants' letters to the Court and the Court's June 1 Order.

Finally, Red Tree's due process rights do not weigh in favor of an expedited schedule. Defendants are only seeking a *seven day* extension to complete discovery and 30 days to submit an opposition to the summary judgment brief. Red Tree has provided absolutely no basis for a finding that such a brief extension (which would normally be granted on consent) could possibly prejudice Red Tree's due process rights. Even if the requested extension were not de minimis, as set forth in Defendants' letter to the Court dated April 9, 2021, Dkt. 98/99 at 2, Red Tree's claims of prejudice are grossly overstated.

June 8, 2021

/s/ Dennis H. Tracey III
Dennis H. Tracey III
Matthew Alan Ducharme
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017

Respectfully submitted,

/s/ Steven F. Molo
Steven F. Molo
Justin M. Ellis
Lauren F. Dayton
MoloLamken LLP
430 Park Avenue

Hon. Alison J. Nathan
June 8, 2021
Page 5

(212) 918-3100 (telephone)
(212) 918-3100 (fax)
dennis.tracey@hoganlovells.com

Richard C. Lorenzo
Hogan Lovells US LLP
1111 Brickell Avenue, Suite 1900
Miami, FL  33131
(305) 459-6652 (telephone)
(305) 459-6500 (fax)
richard.lorenzo@hoganlovells.com

*Counsel for Petróleos De Venezuela, S.A. and PDVSA Petróleo, S.A.*

New York, NY  10022
(212) 607-8160 (telephone)
(212) 607-8161 (fax)
smolo@mololamken.com

*Counsel for Red Tree Investments, LLC*