UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RED TREE INVESTMENTS, LLC,<br><br>                   Plaintiff,<br><br>- against -<br><br>PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO, S.A.,<br><br>                   Defendants. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT PURSUANT TO LOCAL RULE 56.1**<br><br>Docket No. 1:19-CV-02519<br>(related to 1:19-CV-02523) |

Pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York and Rule 3.G of this Court's Individual Practices, Defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo") (together, "Defendants") submit the following response to the statement of undisputed material facts submitted by Plaintiff Red Tree Investment, LLC ("Red Tree") in the above-captioned matter.[1]

**The Parties and Relevant Non-Parties**

1.     Plaintiff Red Tree is a limited liability company incorporated in Delaware. Red Tree holds the Notes (as defined below) and is the Administrative Agent under the Note Agreements (as defined below).

     **RESPONSE:** Undisputed.

---

[1] Dkt. No. 27.

2. Defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo" and, together with PDVSA, "Defendants") are corporations organized under the laws of the Bolivarian Republic of Venezuela.

**RESPONSE:** Undisputed.

3. PDVSA and Petróleo have submitted to jurisdiction and venue in New York by expressly consenting to New York State Court jurisdiction and waiving any and all objections to venue, as well as any defense of an inconvenient forum in New York State Court for any actions related to the Notes. PDVSA and Petróleo also waived sovereign immunity and appointed a process agent to receive service in New York.

**RESPONSE:** Undisputed.

4. Non-party General Electric Capital Corporation ("GE Capital") is a Delaware corporation and a financial services subsidiary of General Electric. It is the original Noteholder under the 2015 Note Agreement (as defined below).

**RESPONSE:** Undisputed.

5. Non-party GE Capital EFS Financing Inc. ("GE Capital EFS") is a Delaware corporation and a financial services subsidiary of General Electric. It is the original Noteholder under the 2016 Note Agreement (as defined below).

**RESPONSE:** Undisputed.

**The 2015 Notes**

  6. On March 27, 2015, Defendant PDVSA issued two notes (the "2015 Notes") under a note agreement dated March 27, 2015 (the "2015 Note Agreement"), originally entered into between and among GE Capital as lender, PDVSA as issuer, and Petróleo as guarantor.

  **RESPONSE:** Undisputed.

  7. One of the 2015 Notes provided that PDVSA agreed to pay GE Capital or its assigns the original principal balance of $131,855,116.31, and the other of the 2015 Notes provided that PDVSA agreed to pay SACE or its assigns the original principal balance of $124,700,488.54.

  **RESPONSE:** Undisputed.

  8. SACE assigned its note to GE Capital EFS, which assigned both notes to Red Tree.

  **RESPONSE:** Undisputed.

  9. The 2015 Notes provide for an annual interest rate of 6.5%, a default interest rate of 8.5%, and each include a schedule of payments as Exhibit A.

  **RESPONSE:** Undisputed.

10. The schedule of payments provides that principal payments in a combined amount of $21,379,633.74, as well as interest payments, were due to GE Capital and SACE, respectively, starting on March 31, 2015.

**RESPONSE:** Undisputed.

11. The 2015 Note Agreement set March 27, 2018 as the maturity date for all notes issued under that agreement.

**RESPONSE:** Undisputed.

12. On that date, PDVSA was obligated to pay to GE Capital EFS (GE Capital's successor) and SACE $21,379,633.74 in principal and $347,419.03 in interest. PDVSA, however, failed to make the required payment on the maturity date.

**RESPONSE:** Undisputed that GE Capital EFS did not receive payment from PDVSA on the maturity date. Nonpayment was due to the imposition of U.S. sanctions against Defendants on August 25, 2017 which made it impracticable or impossible for Defendants to transfer funds.

13. Since its default on March 27, 2018, PDVSA has made no payments on the 2015 Notes.

**RESPONSE:** Undisputed that GE Capital EFS and Red Tree have not received payments from PDVSA on the 2015 Notes since March 27, 2018. The imposition of U.S. sanctions against Defendants on August 25, 2017 has made it impracticable or impossible for Defendants to transfer funds.

14. Despite Petróleo's obligation as guarantor to immediately pay all outstanding amounts due on the 2015 Notes, it failed to make any payments to GE Capital EFS.

**RESPONSE:** Undisputed that Petróleo has not made any payments to GE Capital EFS. The imposition of U.S. sanctions against Defendants on August 25, 2017 has made it impracticable or impossible for Defendants to transfer funds.

15. On July 26, 2018, GE Capital EFS sent notice of missed payment to PDVSA and Petróleo. Neither PDVSA nor Petróleo has tendered any payments to GE Capital or Red Tree for the amounts outstanding under the 2015 Notes.

**RESPONSE:** Undisputed.

16. As of January 25, 2019, the date of assignment, the total outstanding principal due and owing on the 2015 Notes is $21,379,633.74. This balance reflects the outstanding principal, but does not include interest, including at the default rate, which continues to accrue.

**RESPONSE:** Undisputed that as of January 25, 2019, the date of assignment, the total outstanding principal due and owing on the 2015 Notes is $21,379,633.74. Disputed that the default rate applies.

**The 2016 Note**

17. On May 13, 2016, PDVSA issued a note (the "2016 Note," and together with the 2015 Notes, the "Notes") pursuant to a Note Agreement, dated May 13, 2016, originally entered into by GE Capital EFS as lender, PDVSA as issuer, and Petróleo as guarantor (the "2016 Note

5

Agreement" and together with the 2015 Note Agreement, the "Note Agreements"). Pursuant to the 2016 Note Agreement, PDVSA issued (and Petróleo guaranteed) the 2016 Note in the principal amount of $193,959,763.03.

**RESPONSE:** Undisputed.

18.     The 2016 Note provides for an annual interest rate of 6.5%, a default interest of 8.5%, and includes a schedule of payments as Exhibit A.

**RESPONSE:** Undisputed.

19.     The schedule of payments provides that principal payments of $16,163,313.59, as well as interest payments, were due quarterly starting on June 27, 2016.

**RESPONSE:** Undisputed.

20.     Upon an Event of Default, the principal and accrued interest may be declared due and payable.

**RESPONSE:** Undisputed.

21.     Pursuant to the 2016 Note Agreement, which is incorporated into the 2016 Note by reference, an Event of Default occurs when there is a "failure to pay the principal of, or interest" when "such principal becomes due and payable," and such failure "continues for a period of five (5) days after written notice thereof has been given" to PDVSA.

**RESPONSE:** Undisputed.

22.     PDVSA was required to make a payment to GE Capital EFS on the 2016 Note on December 27, 2017, but did not.

**RESPONSE:** Undisputed that GE Capital EFS did not receive payment from PDVSA on December 27, 2017.  Nonpayment was due to the imposition of U.S. sanctions against Defendants on August 25, 2017 which made it impracticable or impossible for Defendants to transfer funds.

23.     PDVSA has not made any payment on the 2016 Note since September 27, 2017, after it missed payment on December 27, 2017.

**RESPONSE:** Undisputed that GE Capital EFS and Red Tree have not received payments from PDVSA on the 2016 Note since December 27, 2017. The imposition of U.S. sanctions against Defendants on August 25, 2017 has made it impracticable or impossible for Defendants to transfer funds.

24.     Despite Petróleo's obligation as guarantor to immediately make all outstanding payments on the 2016 Note as they came due, Petróleo failed to make the payments due.

**RESPONSE:** Undisputed that Petróleo has not made any payments on the 2016 Note. The imposition of U.S. sanctions against Defendants on August 25, 2017 has made it impracticable or impossible for Defendants to transfer funds.

25.     On January 5, 2018, GE Capital EFS sent notice of non-payment to PDVSA and Petróleo.

**RESPONSE:** Undisputed.

26. On March 19, 2018, GE Capital EFS sent a notice of acceleration to PDVSA and Petróleo.

**RESPONSE:** Undisputed.

27. Neither PDVSA nor Petróleo has tendered any payments to GE Capital or Red Tree for the amounts outstanding under the 2016 Note.

**RESPONSE:** Undisputed that GE Capital EFS and Red Tree have not received payments from Defendants on the 2016 Note since December 27, 2017. The imposition of U.S. sanctions against Defendants on August 25, 2017 has made it impracticable or impossible for Defendants to transfer funds.

28. As of January 25, 2019, the date of assignment, the outstanding principal due and owing to Red Tree on the 2016 Note is $96,979,881.49. This balance reflects the outstanding principal, and does not include interest, including at the default rate, which continues to accrue.

**RESPONSE:** Undisputed that as of January 25, 2019, the date of assignment, the total outstanding principal due and owing on the 2016 Note is $96,979,881.49. Disputed that the default rate applies.

**Petróleo's Guarantees**

29. Pursuant to the 2015 and 2016 Note Agreements, Petróleo guaranteed PDVSA's obligations under any notes and loans issued pursuant to the agreements.

**RESPONSE:** Undisputed.

30. In its capacity as "Guarantor" Petróleo "agree[d] that it is jointly and severally liable for, and, as primary obligor and not merely as surety, absolutely and unconditionally guarantees . . . prompt payment [of principal and interest] when due, whether at stated maturity, upon acceleration or otherwise, and at all times thereafter."

**RESPONSE:** Undisputed.

31. Petróleo's obligations as Guarantor are "unconditional and absolute and not subject to any reduction, limitation, impairment or termination for any reason."

**RESPONSE:** Undisputed.

32. Petróleo also guaranteed "all costs and expenses including all court costs and attorneys' and paralegals' fees . . . and expenses paid or incurred by the . . . Noteholders in endeavoring to collect all or any part of the Obligations" under each agreement.

**RESPONSE:** Undisputed.

33. Petróleo "waive[d] any defense based on or arising out of any defense of the Issuer or the Guarantor. . . other than the indefeasible payment in full."

**RESPONSE:** Undisputed.

34. Petróleo has not made any payments on account of the Notes.

**RESPONSE:** Undisputed that Petróleo has not made any payments on the Notes. The imposition of U.S. sanctions against Defendants on August 25, 2017 has made it impracticable or impossible for Defendants to transfer funds.

**Assignment of 2015 and 2015 Notes from GE Capital EFS to Red Tree**

35. On January 25, 2019, GE Capital EFS, as successor to GE Capital, assigned the 2015 Notes to Red Tree. The assignment and acceptance reflects a principal balance of $21,379,633.71 (plus all accrued interest).

**RESPONSE:** Undisputed.

36. On January 25, 2019, GE Capital EFS assigned the 2016 Note to Red Tree. The assignment and acceptance reflects a principal balance of $96,979,881.49 (plus all accrued interest).

**RESPONSE:** Undisputed.

37. GE Capital EFS properly notified PDVSA and Petróleo of both assignments. Specifically, in accordance with Sections 9.04 of the Note Agreements, on January 25, 2019, GE Capital EFS, in its capacity as Administrative Agent, served notice of the assignments to Red Tree of the 2015 and 2016 Notes on PDVSA and Petróleo.

**RESPONSE:** Undisputed.

38.     In connection with the assignment, GE Capital EFS resigned as Administrative Agent and Red Tree was appointed as successor Administrative Agent under the Note Agreements.

**RESPONSE:** Undisputed.

**Amount Owed Under the Notes**

39.     The total amount owed under the Notes is $63,500,000.02 plus unpaid interest, which continues to accrue. The amount is immediately due and owing to Red Tree and must be paid by Defendants.

**RESPONSE:** Disputed. As explained in Defendants' Statement of Additional Material Facts set forth below, the imposition of U.S. sanctions against Defendants on August 25, 2017 has made it impracticable or impossible for Defendants to transfer funds, which excuses Defendants' payment obligations under the Notes.

**DEFENDANTS' STATEMENT OF ADDITIONAL MATERIAL FACTS**

1.     On August 25, 2017, the U.S. government issued E.O. 13808,[2] which imposed sanctions on Defendants. The sanctions were issued in response to the actions of the illegitimate regime of Nicolás Maduro, including the Maduro regime's abuses of human rights and fundamental freedoms, responsibility for the deepening humanitarian crisis in Venezuela, establishment of an illegitimate Constituent Assembly which has usurped the power of the democratically elected National Assembly, rampant public corruption, and ongoing repression and persecution of, and violence toward, the political opposition. The sanctions were not imposed due to any actions of the legitimate government of Juan Guaidó.

---

[2] Exec. Order No. 13808, 82 Fed. Reg. 41155 (Aug. 25, 2017).

2.      E.O. 13808 prohibits United States persons from engaging in transactions related to, providing financing for, or otherwise dealing in new debt with PDVSA or Petróleo. Accordingly, the E.O. bans any financial institution with a presence in the United States from participating in any transfer of funds related to a new debt with Defendants. It also prohibits Defendants' new debt transactions that seek to clear United States dollars through the United States financial system.

3.      Defendants made every single principal and interest payment due under the 2015 and 2016 Note Agreements before the U.S. government issued E.O. 13808 on August 25, 2017.

4.      After the issuance of E.O. 13808 on August 25, 2017, banks adopted internal compliance policies that were designed to prevent violations of E.O. 13808.[3] Under the policies, banks would commonly refuse to process transactions involving PDVSA even if the transaction might be legally permissible in order to ensure that the bank did not unintentionally violate the sanctions rules. The adoption of these internal bank compliance policies rendered transfers of funds from PDVSA to GE Capital EFS or Red Tree objectively impractical or impossible.

5.      After the issuance of E.O. 13808, there were at least three occasions in which banks rejected attempted payments from PDVSA on debt instruments with GE Capital EFS. One rejection came from Defendants' bank, Zuma Bank Corporation ("Zuma Bank"), and two other rejections came from GE Capital EFS's bank, Deutsche Bank Trust Company Americas

---

[3] *See e.g.*, Dkt. No. 120, Declaration of Matthew A. Ducharme in Opposition to Plaintiff's Motion for Summary Judgment in Lieu of Complaint (hereinafter "Ducharme Decl."), Exh. K at 15.

("Deutsche Bank").[4] Each time, the payment was rejected due to internal compliance policies issued by banks as a result of the sanctions imposed on PDVSA by E.O. 13808.[5]

6. On September 29, 2017, PDVSA attempted to make a payment on the 2016 Note Agreement through Deutsche Bank as an intermediary bank, but Deutsche Bank rejected and returned the payment due to risk of sanctions noncompliance.[6] This payment was eventually processed after involvement from GE Capital EFS.

7. On October 4, 2017, Deutsche Bank's Sanctions/Compliance team rejected and returned an attempted payment by Defendants on the Credit Agreement[7] due to noncompliance with the bank's "internal policy."[8] This payment was eventually processed after involvement from GE Capital EFS.

8. On March 21, 2018, Defendants attempted to make a payment on the Credit Agreement, but that payment was rejected by Zuma Bank as a violation of its internal compliance policies "due to risks arising out of the imposition of United States sanctions on financial transactions with Venezuelan government entities, including Defendants, that occur in the United States or involve United States persons."[9] GE Capital EFS never received the funds.

---

[4] Ducharme Decl., Exhs. E at GE_000014352; A at GE_000014092; J ¶ 7; J at ZUMA_0000147-153; L at ZUMA_0000147-153.

[5] *Id*.

[6] Ducharme Decl., Exh. E at GE_000014352.

[7] *See* 1:19-CV-02523.

[8] Ducharme Decl., Exh. A at GE_000014092

[9] Ducharme Decl., Exh. J ¶ 7; J at ZUMA_0000147-153; L at ZUMA_0000147-153.

9.    On November 1, 2018, the U.S. government issued Executive Order 13850 ("E.O. 13850"),[10] imposing additional Office of Foreign Assets Control ("OFAC") sanctions on Venezuela-related entities.  Under E.O. 13850, Venezuelan government assets in the United States, that come into the United States, or that are in the possession of a United States person are "blocked," and may not be transferred or paid without a general or specific license from OFAC.

10.   On January 28, 2019, pursuant to E.O. 13850, OFAC designated PDVSA as a Specially Designated National and Blocked Person ("SDN"). As a result of that designation, Defendants' property and interests in property that are in the United States, that come within the United States, or that are under the possession or control of any U.S. persons, are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in without authorization from OFAC. Concurrently with this designation, OFAC issued a license that permitted certain debt-related transactions with Defendants. General License 9 authorized "transactions and activities…that are ordinarily incident and necessary to dealings in any debt," as long as that debt was issued by Defendants prior to August 25, 2017.[11]  This authorization does not include pre-existing debt that was modified or renegotiated on or after August 25, 2017.

---

[10] Exec. Order No. 13850, 83 Fed. Reg. 55243 (Nov. 1, 2018).

[11] General License 9. *Authorizing Transactions Related to Certain Dealings in Debt*, Department of the Treasury (Jan. 28, 2019), available at https://home.treasury.gov/system/files/126/venezuela_gl9.pdf (last visited August 16, 2021).

Dated: August 20, 2021

    Respectfully submitted,

    HOGAN LOVELLS US LLP

    /s/ Dennis H. Tracey III
Dennis H. Tracey, III
Matthew A. Ducharme
390 Madison Avenue
New York, NY 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
dennis.tracey@hoganlovells.com
matthew.ducharme@hoganlovells.com

Richard C. Lorenzo (pro hac vice)
600 Brickell Avenue,
Suite 2700
Miami, FL 33131
Tel: (305) 459-6500
Fax: (305) 459-6550
richard.lorenzo@hoganlovells.com

*Counsel for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A*