

Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8160
F: 212.607.8161
smolo@mololamken.com

November 18, 2021

VIA CM/ECF

Hon. Alison J. Nathan
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

      Re:    *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. et al.*,
               Nos. 19 Civ. 2519 and 19 Civ. 2523 (S.D.N.Y.):  Supplemental Authority

Dear Judge Nathan:

      We represent Red Tree.  We respectfully write to inform the Court of new authority supporting Red Tree's pending motions for summary judgment in these cases.  *See Cimontubo – Tubagens E Soldadura, Lda v. Petróleos de Venezuela, S.A. et al.*, No. 20 Civ. 5382, Dkt. 62 (S.D.N.Y. Nov. 1, 2021) (attached as Ex. A).

      *Cimontubo* is another contract action arising out of PDVSA's and PDVSA Petróleo S.A.'s ("Petróleo's") defaulted debts.  Ex. A at 1.  As in these cases, Defendants argued in *Cimontubo* that paying their debts was rendered impossible by banks' responses to sanctions.  *See id.* at 3.  The court granted summary judgment to the plaintiff, and PDVSA and Petróleo moved for reconsideration.  As relevant here, Defendants argued that, while they did not have evidence showing that they attempted to pay the plaintiff's debt, summary judgment was still inappropriate because further discovery might show that payments had been blocked by banks.  *Id.* at 2-3.

      The court denied the motion.  Ex. A.  In doing so, the court held that Defendants' failure to show any attempt to pay their debt precluded any defense about whether payment was

Hon. Alison J. Nathan
November 18, 2021
Page 2

impossible. *Id.* at 3. Defendants, the Court observed, "do not contend that payment to Plaintiff was made," and at least some bank records showed "no transfers from Defendants to Plaintiff" during the relevant time. These points, the Court held, "nullif[ied] Defendants' impossibility defense." *Id.* at 3 & n.2. That decision is relevant here because, while Defendants assert an impossibility defense based on banks' purported responses to sanctions, they do not claim (and have no evidence to suggest) that they actually attempted to make full payment on Red Tree's debt. *See* No. 19 Civ. 2519, Dkt. 124, at 9; No. 19 Civ. 2523, Dkt. 125, at 9. As in *Cimontubo*, that fact nullifies their impossibility defense.

*Cimontubo* is also relevant to Defendants' argument that granting summary judgment without more discovery would violate due process. *See* No. 19 Civ. 2519, Dkt. 124 at 10; No. 19 Civ. 2523, Dkt. 125 at 10. The court in that case rejected a similar argument by Defendants because they had already been granted opportunities for discovery. Ex. A at 4. Given that Defendants had no evidence that they had actually tried to pay the plaintiff's debts, the Court refused to "further prolong adjudication of this matter for Defendants to continue to search in vain for a defense." Ex. A. at 4. Likewise here, where Defendants have already been granted ample discovery, due process does not warrant putting off this case any further. Moreover, the progress toward judgment and execution of the creditors in *Cimontubo* – and of Venezuela's and PDVSA's other creditors – shows that due process favors resolving this case on its merits now. *See also* No. 19 Civ. 2519, Dkt. 57, at 5; No. 19 Civ. 2523, Dkt. 58, at 5. The Court should reject Defendants' request for further delay and grant summary judgment.

Hon. Alison J. Nathan
November 18, 2021
Page 3

                                      Respectfully submitted,

                                      */s/ Steven F. Molo*
                                      Steven F. Molo

Cc: All counsel of record via CM/ECF