

Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8160
F: 212.607.8161
smolo@mololamken.com

December 31, 2021

VIA CM/ECF

Hon. P. Kevin Castel
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:   *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. et al.*,
>        Nos. 19 Civ. 2519 and 19 Civ. 2523:  Pre-Motion Letter

Dear Judge Castel:

We represent Red Tree.  Pursuant to Rule 3(A) of the Court's individual practices, we submit this pre-motion letter to respectfully request that the Court waive the automatic 30-day stay of Red Tree's forthcoming judgments provided by Federal Rule 62(a).  Pursuant to Rule 3(A)(vi), we state that there is no conference currently scheduled in this case.

Rule 62(a) provides that "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, *unless the court orders otherwise*."  Fed. R. Civ. P. 62(a) (emphasis added).  The rule thus "expressly recognizes the court's authority to dissolve the automatic stay" in its discretion.  Fed. R. Civ. P. 62(a) 2018 advisory committee note; *see Preble-Rish Haiti, S.A. v. Republic of Haiti*, No. 21 Civ. 4960, 2021 WL 4555762, at *3 (S.D.N.Y. Oct. 5, 2021) (whether to waive the automatic stay is in the court's discretion).  One reason to waive the stay is if otherwise "the judgment debtor's assets will be dissipated."  Fed. R. Civ. P. 62(a) 2018 advisory committee note.

Strong reasons exist to waive the automatic stay here.  One reason is that, otherwise, Red Tree may lose its only meaningful opportunity to enforce its judgments in the United States.  As the Court is aware, Red Tree is only one of many parties holding judgments against Defendants arising out of their defaulted debt.[1]  The primary asset available in the United States to satisfy those judgments is PDVSA's indirect interest through its holding company, PDVH, in the oil company CITGO.  *See* Statement of Interest of the U.S., *Crystallex Int'l Corp. v. Bolivarian*

---

[1] *See, e.g.*, *Dresser-Rand Co. v. Petróleos de Venezuela, S.A.*, No. 19 Civ. 2689, Dkt. 59 (S.D.N.Y. Feb. 11, 2020) (judgment against PDVSA); *id.* Dkt. 152 (S.D.N.Y. Dec. 9 2021) (same); *Casa Express Corp. v. Bolivarian Republic of Venezuela*, No. 18 Civ. 11940, Dkt. 77 (S.D.N.Y. Oct. 16, 2020) (judgment against the Republic); *Contrarian Cap. Mgmt., LLC v. Bolivarian Republic of Venezuela*, No. 19 Civ. 11018, Dkt. 81 (S.D.N.Y. Oct. 16, 2020) (same); *Pharo Gaia Fund Ltd. et al. v. Bolivarian Republic of Venezuela*, No. 19 Civ. 3123, Dkt. 62 (S.D.N.Y. Oct. 16 2020) (same); *Tenaris S.A. et al. v. Bolivarian Republic of Venezuela*, No. 18 Civ. 1371, 2020 WL 3265476, at *4 (D.D.C. June 17, 2020) (same).

Hon. P. Kevin Castel
December 31, 2021
Page 2

*Republic of Venezuela*, No. 17 Misc. 151, Dkt. 212 at 3-4, 12 (D. Del. July 16, 2020) (the "*Crystallex*" action) (noting that the Republic and PDVSA hold "no comparable asset" to CITGO, the Republic's "'crown jewel'").  The District of Delaware is currently designing a process to sell CITGO to satisfy another creditor's $1.2 billion judgment.  *See id.* Dkt. 348.  Under that process, only those judgment creditors which obtain attachments on the PDVH shares within ten days of the process's launch date will receive any proceeds from the sale.  *See Crystallex*, Dkt. 411-1 at 23 (draft sales process order).  Because the sales process could potentially launch at any time, Red Tree could be shut out from the CITGO sale if it is prevented from seeking an attachment on the PDVH shares solely because of the automatic stay.  Moreover, if the stay prevents Red Tree from participating in the design of that process, Red Tree could be deeply prejudiced by a sale that favors other creditors.  The Court should waive the stay to avoid those risks.  *See* Fed. R. Civ. P. 62(a) 2018 advisory committee note.

Waiving the automatic stay is also warranted because it would not serve any purpose. Normally, the aim of such a stay is to give the judgment debtor time to decide whether to appeal before its assets are executed upon.  *See* C. Wright & A. Miller, 11 Fed. Prac. & Proc. § 2902 (3d ed.).  Given the *Crystallex* action, however, Defendants face the same prospect that their primary U.S. asset could be executed on whether or not they appeal in this case.  There is no reason to prevent Red Tree from at least participating in designing the pre-execution sales process in *Crystallex* while any appeal here is pending.

Finally, Defendants would face no prejudice if the automatic stay were waived.  While the *Crystallex* court is designing a sales process for the CITGO assets, the actual sale of those assets is currently barred by sanctions regulations unless OFAC grants a special license.  *See Crystallex*, 2021 WL 129803, at *16 (D. Del. Jan. 14, 2021).  Because there is no indication that a license will be granted or that sanctions regulations will change in the next 30 days – let alone that the *Crystallex* sale could be completed in that time period – Defendants will not be harmed by allowing Red Tree to at least participate in designing the sales process (which, by contrast, could well be launched in the next month).  In any event, if Defendants believe special circumstances warrant a stay in this case, they are free to move for that relief in this Court or the Court of Appeals.  *See* Fed. R. Civ. P. 62(a); Fed. R. App. P. 8.

Red Tree thus respectfully requests that the Court dissolve the automatic 30-day stay on enforcement of the judgments in these actions.  In the interests of time, we respectfully request under Rule 3(A)(ii) of the Court's individual practices that the Court forgo any further briefing schedule and decide this motion on the basis of this letter.

Respectfully submitted,

/s/ Steven F. Molo
Steven F. Molo

CC:  All counsel of record via CM/ECF