

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

Dennis H. Tracey, III
Partner
T +1 212 918 3524
dennis.tracey@hoganlovells.com

January 27, 2022

*VIA ECF*

Hon. P. Kevin Castel
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*
         S.D.N.Y. Docket Nos. 1:19-cv-02519 and 1:19-cv-02523

Dear Judge Castel:

This firm represents defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo," and together, with PDVSA, "Defendants") in the above-referenced actions (Docket No. 1:19-cv-002519, hereinafter *Red Tree 1*, and Docket No. 1:19-cv-002523, hereinafter *Red Tree 2*). Pursuant to Rule 3(A) of the Court's individual practices, we submit this pre-motion letter to respectfully request that the Court exercise its inherent discretion to enter a stay of the execution of the final judgments entered in these actions (the "Judgments"), *Red Tree 1* Dkt. No. 143; *Red Tree 2* Dkt. No. 143, until Red Tree either obtains the requisite license from the U.S. Treasury Department's Office of Foreign Asset Control ("OFAC") to enforce the Judgments, or the OFAC regulations that currently prohibit enforcement of the Judgments are lifted, whichever occurs first. Pursuant to Rule 3(A)(vi), we state that there is no conference currently scheduled in this case.

Federal courts have "inherent" discretionary authority to stay proceedings as part of their "traditional equipment for the administration of justice." *Nken v. Holder*, 556 U.S. 418, 426–27 (2009) (internal quotation marks omitted). Under this authority, a federal court may issue a temporary stay on the execution of a judgment where it would be unjust to permit the execution to immediately proceed. *See United States v. Denver & Rio Grande W. RR.*, 223 F.2d 126, 127 (10th Cir.1955) ("Apart from the Federal Rules of Civil Procedure, federal courts are empowered to temporarily stay the execution of their judgments whenever it is necessary to accomplish the ends of justice.").

Courts traditionally consider four factors when determining whether to grant a discretionary stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the

merits;[1] (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 426. Here, all four factors weigh strongly in favor of issuing a stay of execution of the Judgments until Red Tree receives the requisite authorization from OFAC.

As to the first factor, OFAC regulations leave no doubt that Red Tree needs a license before it can take steps to enforce the Judgments, but there is no indication that Red Tree has obtained such a license. On January 28, 2019, pursuant to E.O. 13850, OFAC designated PDVSA as a Specially Designated National and Blocked Person ("SDN"). As a result of that designation, all of PDVSA's property in the United States, including the PDVH shares, are blocked property under E.O. 13850 and cannot "be transferred, paid, exported, withdrawn or otherwise dealt in" without a specific license from OFAC. E.O. 13850, § 1(a). In November 2019, OFAC issued a regulation expressly prohibiting enforcement of a judgment affecting blocked property:

> Notwithstanding the existence of any general license issued under this part, or issued under any Executive order issued pursuant to the national emergency declared in E.O. 13692, the entry into a settlement agreement or *the enforcement of any* lien, *judgment*, arbitral award, decree, or other order through execution, garnishment, or other judicial process *purporting to transfer or otherwise alter or affect property or interests in property blocked pursuant to § 591.201, as referenced in § 591.506(c), is prohibited unless authorized pursuant to a specific license issued by OFAC pursuant to this part*.

31 C.F.R. § 591.407 (emphasis added). Further guidance from OFAC makes clear that "a specific license from OFAC would be required for measures such as . . . attaching."[2] Indeed, the District Court in Delaware held that "the current [Venezuelan] sanctions regime does appear to block issuance of new writs of attachments on Venezuelan assets in the United States without a license." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-151-LPS, 2021 WL129803, at *8 (D. Del. Jan. 14, 2021).[3]

Despite OFAC's broad prohibitions against taking steps to enforce judgments involving blocked property, it is clear based on its request for a clerk's certification of the Judgments that Red Tree intends on seeking a writ of attachment of PDVH shares so that it may ultimately participate in the sale of those shares in the *Crystallex* case. While Red Tree's request for a clerk's certification was denied as premature given that the time to file an appeal has yet to expire, counsel for Red Tree sent an email yesterday indicating that it will be filing a motion later today seeking an order allowing it to register the Judgments in Delaware upon the expiration of the 30-day stay. Putting

---

[1] Because Defendants do not base their stay request on a pending appeal (although they do intend on filing an appeal), but rather on the basis that enforcement of the Judgements is currently prohibited under OFAC sanctions, when considering this first factor, Defendants will address the merits of their OFAC sanctions argument.

[2] U.S. Dep't of Treasury, OFAC, Other Sanctions Programs, Venezuela Sanctions, FAQ No. 808 (Dec. 9, 2019), available at https://home.treasury.gov/policy-issues/financial-sanctions/faqs/808 ("OFAC FAQ 808").

[3] While the court in *Crystallex* previously issued a writ of attachment of PDVSA's shares of PDVH, it did so prior to the issuance of the existing OFAC regulations that now prohibit the issuance of such an attachment.

aside the fact that there is no good cause to register the Judgments prior to the adjudication of Defendants' forthcoming appeal,[4] Red Tree's attempts to register the Judgments in furtherance of seeking an attachment of PDVH shares and participating in the design of the sales process in *Crystallex* is in direct contravention of OFAC regulations prohibiting enforcement of the Judgments without a license. For this reason, Defendants submit that the most prudent course of action is to enter a stay to prevent these anticipated violations of OFAC regulations.

As to the second factor, Defendants will suffer substantial and irreparable harm absent a stay because Red Tree has already laid bare its intentions to take steps towards enforcing the Judgments without an OFAC license, which, if successful, would severely undermine the authority of Interim President Juan Guaidó and his administration's efforts to stabilize the Venezuelan economy and end the ongoing humanitarian crisis being perpetrated by the Maduro regime. Indeed, the views of the United States, as expressed in a statement of interest filed in the *Crystallex* case, are that the "efforts by creditors to enforce judgments against Venezuela by taking immediate steps toward a conditional sale of PdVSA's U.S.-based assets, including PDVH and CITGO, are detrimental to U.S. policy and the interim government's priorities." *Crystallex*, Dkt. No. 212 at 3-4 (D. Del. Jul. 16, 2020) (quoting Special Representative Abrams).

As to the third factor, Red Tree is not at any risk of suffering harm as a result of the stay. As set forth above, OFAC regulations currently prohibit Red Tree from taking steps towards execution of the Judgments, and thus Red Tree will be in the same position regardless of whether or not a stay is issued. And Red Tree will not be prejudiced by somehow missing out on the sales process. Just like Red Tree's ability to enforce the Judgments, a sale of PDVH shares cannot occur without an OFAC license.

As to the fourth factor, while there is always a public interest in enforcing judgments, that interest is outweighed here by the United States' substantial foreign policy and national security concerns. As explained in its statement of interest in *Crystallex*, "the U.S. government has strong foreign policy and national security interests in supporting the interim government's efforts to reconstruct the Venezuelan economy following the departure of Maduro, and recognizes the severe consequences that would be wrought by permitting steps towards a forced sale of Venezuelan assets." *Crystallex*, Dkt. No. 220 at 3 (D. Del. Aug. 28, 2020). The same foreign policy concerns are implicated here by Red Tree's attempts to take the first steps towards seeking a writ of attachment of PDVSA's shares of PDVH to satisfy the Judgments.

In light of the foregoing, Defendants respectfully request that this Court stay execution of the Judgments until Red Tree obtains proper authorization from OFAC. Pursuant to Rule 3(A)(ii), Defendants propose the following briefing schedule: opening brief due February 4, 2022; response due February 18, 2022; and reply due February 25, 2022. If, however, Red Tree moves for an expedited briefing schedule on its forthcoming motion to register the Judgments, Defendants submit that the briefing on this motion should proceed on the same track as Red Tree's motion.

We appreciate the Court's attention to this matter.

---

[4] Defendants intend on opposing this request in light of their forthcoming appeal and the instant motion to stay execution of the Judgments.

                                                Respectfully submitted,

                                                /s/ Dennis H. Tracey III
                                                Dennis H. Tracey