

Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8160
F: 212.607.8161
smolo@mololamken.com

March 6, 2022

VIA CM/ECF

Hon. P. Kevin Castel
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007

      Re:    *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. et al.*,
              Nos. 19 Civ. 2519 and 19 Civ. 2523:  Letter re: Rule 60(a) Relief

Dear Judge Castel:

      We represent Red Tree.  We write to briefly reply to Defendants' March 4 letter responding to Red Tree's letter about Rule 60(a) relief.  Dkt. 171/172 ("Ltr.").

      Defendants do not oppose the indicative ruling Red Tree seeks.  However, they ask the Court to also issue an indicative ruling that it would change its award of post-judgment interest.  Ltr. at 1-2.  That request is improper.  Rule 60(a) allows a court to correct interest calculations only where the judgment "fail[s] to reflect the actual intention of the court."  *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2d Cir. 1994).  But Defendants do not claim that anything in the Court's summary-judgment opinion mandates the type of post-judgment interest they ask for.  Instead, they ask the Court to reconsider their arguments about post-judgment interest, which the Court already considered and rejected.  *See* Dkt. 139/140 (raising these arguments before the Court issued its judgment).  That relief is not available under Rule 60(a).

      Defendants also correctly do not claim some other procedural hook allows this Court to grant the relief they seek.  Defendants are long past the deadline to move to alter or amend the judgments under Rule 59(e), and they do not argue they are entitled to relief under Rule 60(b).  *See* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b).  In fact, Defendants have taken appeals and have stated that they will challenge the Court's post-judgment interest award in the Court of Appeals.  *See* Ltr. at 2; No. 22-225, Dkt. 12-3 (2d Cir. Feb. 16, 2022); No. 22-232, Dkt. 9-3 (2d Cir. Feb. 16, 2022).  That is the proper forum to hear this issue. Because post-judgment interest is a contested, substantive issue, and not merely a clerical error, Defendants' request for an indicative ruling on that issue should be denied.

                          Respectfully submitted,

                          /s/  Steven F. Molo
                          Steven F. Molo

CC:  All counsel of record via CM/ECF